# Exhibit 10

# Declaration of Ben Leonard

1. I am presently employed at the Federal Public Defender for the Middle District of Middle Tennessee as an investigator.

2. I received my Bachelor of Science Degree in Criminal Justice with Minors in Psychology and Sociology from Middle Tennessee State University (MTSU) in 1994. I also have an Associate Degree in Law Enforcement from MTSU. I began my work in criminal investigations while still a student at MTSU by working at the Davidson County Public Defender's Office. I continued my work at the Davidson County office until 1997. I left the public defender's office for private practice in 1997 when I joined Inquisitor, Inc. as a private investigator. In 1998, I returned to my home state of Texas and joined the firm of Francis and Associates. From 1998–2000 I worked exclusively in the arena of capital defense at both trial and post-conviction levels. In 2000, I joined the Office of the Federal Defenders of Eastern Washington and Idaho as an investigator in the Capital Habeas Unit. I held that position from 2000 until 2007 when I began working for the Federal Public Defender for the Middle District of Tennessee.

3. I have training and experience in the fields of legal investigation, mitigation investigation, and preparation of clemency petitions.

4. I have been assigned to the case of Lisa Montgomery by my supervisor Kelley Henry.

5. Under prevailing professional norms, reliance on remote or telephonic interviews are inappropriate for the preparation of clemency petitions. In the context of mitigation evidence, numerous courts have found the exclusive reliance on remote and telephonic investigation to be legally inadequate. *See, e.g.*, *Doe v. Ayers*, 782 F.3d 425, 438-39 (9th Cir. 2015); *Brown v. Thaler*, 684 F.3d 482, 488 (5th Cir. 2012) *Ferrell v. Hall*, 640 F.3d 1199, 1219 n. 14 & 1229 (11th Cir. 2011) *Harries v. Bell*, 417 F.3d 631, 638 (6th Cir. 2005).

6. Based upon my training and experience, the use of telephonic and remote interviewing techniques is unlikely to yield complete and accurate investigative results. Frequently, the material gathered in preparation of a clemency petition is sensitive in nature and involves the collection of information involves discussion of sensitive information such as the history of childhood physical and sexual abuse. In nearly all cases, rapport must be established with the interviewee. Telephonic and remote interviewing is not conducive to establishing a relationship of honesty and trust.

7. Since March 2020, investigators at the Federal Public Defender for the Middle District of Tennessee have been restricted from pursuing field investigation to the COVID-19 pandemic.

8. As a result of these restrictions, I have been unable to personally meet and prepare any witnesses in relation to Lisa Montgomery's petition for clemency.

9. Effective clemency investigation requires communication and coordination with the attorneys pursuing clemency. At the present time, my ability to pursue clemency investigation is hampered by the fact that the attorneys representing Mrs. Montgomery are sick with COVID-19.

10. Clemency investigations are time-intensive. To be done effectively, such investigations involved lengthy interviews, travel, and the collection of documents.

11. In the case of Mrs. Montgomery, the time between the end of her legal appeals and her execution has been very short in comparison to other cases I am aware familiar with. This short time frame has made the collection of clemency petition evidence not accomplishable.

I declare under penalty of perjury that the foregoing is true and correct.

Ben Leonard

Ben Leonard

Executed this 11 day of November, 2020.