**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA MONTGOMERY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-3261-RDM** |
| | ) | |
| **WILLIAM P. BARR, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' DESIGNATION OF RELATED CASE**

On November 12, 2020, Defendants filed a Notice of Designation of Related Civil Cases pending in this district. (Dkt 9). Defendants identified the case of *Montgomery v. Barr,* No. 1:20-cv-3214-TNM (D.D.C. 2020), as related on the grounds that the two cases (1) grow out of the same transaction and (2) involve common issues of fact. Plaintiff Lisa Montgomery objects to the designation because the two cases are not "related" under Local Rule 40.5 and the cases construing it.

**A. The Defendants Bear a Heavy Burden to Show the Cases Are Related**

Local Rule 40.3, which requires random assignment of cases, "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Exec. Off. of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000); *see also Trump v. Comm. on Ways & Means*, 391 F.Supp.3d 93, 95 (D.D.C. 2019) (same). In *Comm. on Ways & Means*, the Court observed that "random assignment of cases is essential to the public's confidence in an impartial judiciary." 391 F. Supp. at 95. "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *Comm. on Judiciary v. McGahn*, 391 F.Supp.3d 116, 119 (D.D.C. 2019) (emphasis added) (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, 2019 WL 1440134, at *1 (D.D.C. Apr. 19, 2019)). Stated another

way, "the strong presumption of random case assignment is outweighed by the interests of judicial efficiency [only] in narrow circumstances, *such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases*." *Comm. on Judiciary*, 391 F. Supp. 3d at 121 (emphasis added).

**B. The Transactions That Form the Basis of Each Lawsuit Are Distinct.**

The only real similarity between the two cases at issue here is that they involve the same plaintiff and some of the same defendants. But under Rule 40.5, "overlapping parties is not among the bases for a related-case designation." *Comm. on Ways & Means*, 391 F.Supp. 3d at 97. Plaintiff Montgomery's complaint before the court arises from her lawyers' recent infection with COVID-19 and their corresponding inability to prepare and present her clemency petition. The gravamen of her complaint is that her lawyers' illnesses, along with other constraints imposed by the global pandemic, make it impossible for Mrs. Montgomery to vindicate her statutory right to counsel under 18 U.S.C. §3599 and her right to meaningfully participate in the clemency process under the Fifth Amendment. The instant complaint seeks injunctive relief enjoining her execution and preventing adverse action on her request for reprieve until she can be represented by her long-standing counsel under conditions that allow for the presentation and preparation of a clemency application in accordance with professional standards.

By contrast, the transactions that gave rise to the complaint filed in *Montgomery v. Barr*, No. 1:20-cv-3214, involve the actions of prison officials at RMC Carswell. That complaint alleges violations of the Eighth Amendment and the Rehabilitation Act as a result of Mrs. Montgomery's conditions of confinement, but raises no challenge to the clemency process and does not seek to enjoin Mrs. Montgomery's execution. Rather, that action seeks to prevent Mrs. Montgomery's

transfer to the U.S. federal prison at Terre Haute, and to declare her current conditions of confinement unlawful.

Because the causes of action in each case are grounded in distinct constitutional and statutory claims, and because Mrs. Montgomery in each case seeks distinct forms of injunctive and declaratory relief, the Defendants do not meet their heavy burden here. *See Howard v. Gutierrez*, 405 F.Supp.2d 13, 14-15 (D.D.C. 2005) (finding two employment discrimination lawsuits involving the same plaintiff to be "distinct" where one was an individual action pursuant to the Rehabilitation Act and the Americans with Disabilities Act, and the other involved racial discrimination pursuant to Title VII of the Civil Rights Act).

**C. The Factual Issues in Each Case Are Distinct.**

The facts that lie at the heart of each case are also entirely distinct. The case before this Court focuses largely on facts relating to the COVID-19 pandemic and its direct impact on counsel's ability to fulfill their duties to Mrs. Montgomery. It includes facts relating to her confinement only as they relate to her ability to communicate with her lawyers. By contrast, the complaint in *Montgomery v. Barr*, No. 1:20-cv-3214, makes no mention of the COVID-19 pandemic, the actions of Mrs. Montgomery's lawyers in relation to the clemency process, or the impact of the pandemic on her lawyers' ability to ascertain Mrs. Montgomery's mental functioning. In that case, the facts focus *exclusively* on Mrs. Montgomery's conditions of confinement.

Under these circumstances, the overlap between certain background facts described in each of the complaints is too minimal to overcome the strong presumption in favor of random assignment of cases. *See, e.g., Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (finding plaintiff's related case designation invalid "[i]n light of the tenuous relationship of the claims in the[ ] two cases"); *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (where two cases claiming injury

based on the same policies, in the same manner, from the same defendants had distinct factual allegations, they lacked sufficient "common aspects" to warrant exception from "normal judicial policy of random assignment of cases"); *Dale v. Exec. Off. of President*, 121 F.Supp.2d 35, 37 (D.D.C. 2000) (noting that two case were properly deemed unrelated because "[a]ny common issues of fact [were] minimal and completely insufficient" to overcome the presumption of random assignment); *but cf. Sataki v. Broad. Bd. of Governors*, 733 F.Supp.2d 16 (D.D.C. 2010) (finding related plaintiff's case alleging sexual harassment by a co-worker, and her case alleging that her employers facilitated and/or covered up the harassment).

For the foregoing reasons, Plaintiff Lisa Montgomery respectfully objects to Defendants' Designation of Related Case, and asks the Court to reject such designation.

DATED: November 12, 2020

Respectfully submitted,

s/Sandra L. Babcock

Sandra L. Babcock
Clinical Professor
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853

415.260.9690

Edward J. Ungvarsky
D.C. Bar No. 459034
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084