UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA MONTGOMERY<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, et al.<br><br>Defendants | Civil Action No. 1:20-cv-03261 |

# DECLARATION OF KIRA GILLESPIE

1. I, Kira Gillespie, hereby declare that I am employed at the Office of the Pardon Attorney ("PARDON") as a Senior Attorney Advisor. I have been employed in that position since January 11, 2015, and I have been employed at PARDON since November 8, 2010.

2. I have reviewed Lisa Montgomery's Complaint for Temporary Restraining Order and Preliminary Injunction and Declaratory Relief (Dkt. 1) in the above-captioned action. I make this declaration in support of the United States's opposition to the motion.

3. I am a Senior Attorney assigned to oversee PARDON's review of all clemency petitions submitted by individuals seeking relief from the sentences of death imposed upon them.

In that capacity, I am responsible for overseeing the review of all death-penalty-related clemency materials, coordinating communication with other clemency stakeholders to obtain their responses, scheduling and conducting the necessary meetings with the attorneys of the clemency petitioners, and drafting the recommendations that PARDON makes to the Deputy Attorney General and the White House.

4. Notwithstanding the challenges presented by the current nationwide pandemic, PARDON continues its work on clemency cases in general, and on death-penalty-related petitions in particular. That work is now conducted remotely, utilizing all available digital and technological equipment at PARDON's disposal. PARDON can receive, and has received, clemency petitions through electronic means such as e-mail., or can easily digitize any hardcopy petition we receive. Further, PARDON has long conducted its inquiries with clemency stakeholders through electronic means and that communication has continued seamlessly throughout the pandemic. Regarding necessary death penalty hearings, PARDON can, and has recently, conducted such hearings through electronic teleconferencing applications. PARDON continues to stand ready to perform any necessary steps in the death penalty review process.

5. As of the date of this writing, PARDON has not received a clemency application from Montgomery seeking the commutation of her death sentence.

6. At approximately 6:30 pm on Monday, November 9, 2020, the Federal Public Defender of Middle Tennessee, Henry A. Martin, submitted a three-page letter, forwarded by email to PARDON, asking President Trump for a reprieve of Montgomery's execution date. He stated that Montgomery's attorneys, two assistant federal public defenders in his office, were possibly infected with COVID and had been ordered to quarantine, and he discussed

several grounds for clemency that the attorneys had planned to include in Montgomery's application.

7. On Tuesday, November 10, 2020, PARDON advised Mr. Martin that requests for reprieve should be submitted on a formal clemency petition, per 28 C.F.R. §1.1.

8. PARDON also stated that we are unable to reprieve any sentence. PARDON also related that we would willingly accept a "placeholder" application to be submitted no later than Monday, November 16, 2020, on the understanding that additional materials and Montgomery's signature would be submitted no later than December 1, 2020.

9. PARDON explained that if a reprieve were not granted and Montgomery had not also sought a commutation of her sentence within the 30-day timeframe outlined in 28 C.F.R. §1.10(a), she would forfeit the opportunity to file for commutation; however, were a new execution date were set, she would again have a 30-day window to file for clemency.

10. Finally, PARDON also advised that any oral presentation that Montgomery's attorneys wished to make would be conducted electronically using teleconferencing services and that all materials could be submitted via email or other digital transmission.

11. Montgomery's counsel replied on November 10, 2020, seeking clarification as to whether counsel could sign a clemency petition on Montgomery's behalf.

12. PARDON responded on the same date, advising counsel that pursuant to 28 C.F.R. §1.10(a), Montgomery was required to sign the petition. PARDON also stated that if this signature requirement proved difficult, PARDON may consider additional, unspecified accommodations.

13. Other than to thank PARDON for clarifying the signature requirement, Montgomery's counsel has not made additional contact with PARDON since November 10, 2020.

14. Even during the pandemic, PARDON has received, reviewed, and made recommendations on the clemency requests of several death row inmates scheduled for execution. Of the seven inmates who have since been executed, four submitted applications for commutation of sentence. PARDON was able to review applications and draft recommendations for review by senior Department leadership and White House counsel in all four matters, including conducting oral hearings in three of the matters.

15. The four inmates who had applied for clemency include William LeCroy and Christopher Vialva, who, respectively, were provided 53 and 55 days of notice of their execution dates.

16. In addition, PARDON reviewed and prepared a recommendation on the clemency application of another death row inmate, Lezmond Mitchell. Mr. Mitchell had applied for clemency in 2019, after the Bureau of Prisons set his execution date for December 11, 2019. However, his case was administratively closed on October 7, 2019, after the U.S. Court of Appeals for the Ninth Circuit enjoined his then-pending execution date.

17. Mitchell reapplied for clemency on July 31, 2020, after the Bureau of Prisons re-set his execution date for August 26, 2020. PARDON was able to review the application, gather information from stakeholders, conduct an oral hearing, and prepare a recommendation on the matter within this 27-day window.

18. Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of November, 2020.

Kira J. Gillespie

Kira Gillespie
Office of the Pardon Attorney
Senior Attorney Advisor