**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil Action No. 1:20-cv-3261** |
| | **)** | |
| **WILLIAM P. BARR, et al.,** | **)** | |
| **Defendants.** | **)** | |

**DEFENDANTS' SUBMISSION OF RECORD CITES AND ADDITIONAL ARGUMENT CONCERNING MONTGOMERY'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**RECORD CITATIONS**

1. On April 17, 2012, after the conclusion of Montgomery's direct appeal, U.S. District Judge Gary A. Fenner appointed attorney Lisa Nouri to represent Montgomery, and Nouri's appointment is subject to the requirements of 18 U.S.C. 3599.

   i. **Order Granting in Part and Denying in Part Lisa Montgomery's Request for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 and U.S.C. 3599(a)(2), *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 2 (April 17, 2012), attached hereto as Exhibit A:**

> Now pending before the Court is Defendant Lisa Montgomery's Request for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. 2255 and 18 U.S.C. 3599(a)(2) (Doc. #428). The Court having considered said request, it is
>
> ORDERED that Lisa Nouri and Christine Blegen are appointed under 18 U.S.C. § 3005 and the Criminal Justice Act, 18 U.S.C.§ 3006A, as counsel for Defendant Lisa M. Montgomery.

   ii. **Order, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 212 (March 3, 2017), attached hereto as Exhibit B:**

> The Motion for Collateral Relief to Vacate, Set Aside, and Or Correct Sentence and for a New Trial (Civ. Case, Doc. # 32) was initially filed by Criminal Justice Act ("CJA") appointed attorneys Lisa Nouri and Christine Blegen.

> Subsequent thereto, the Office of the Federal Public Defender for the Middle District of Tennessee was allowed to join on behalf of Movant, and Kelley Henry from that office, a member of the Missouri Bar, entered her appearance. An Amended § 2255 Motion (2255 Mtn) was filed by Nouri, Blegen, and Henry, which contained the allegations addressed herein. The amended motion was also prosecuted by Amy Harwell, an assistant federal defender from Tennessee.

**Exhibit B, Order at 123.**

> As set forth above, Movant was initially represented by CJA appointed counsel Nouri and Blegen. The Office of the Federal Public Defender for the Middle District of Tennessee was later allowed to join on behalf of Movant. From that office, Kelley Henry entered her appearance and Amy Harwell joined in the prosecution of the motion. In an effort to control attorney fees, the Court met with counsel and provided an opportunity for budget input from counsel. Ultimately determining that CJA appointed counsel did not offer an acceptable plan for budget control, the Court determined that, since Movant had the resources of the Office of the Federal Public Defender for the Middle District of Tennessee which included two attorneys from that office, it was no longer necessary for Movant to have the assistance of two CJA appointed counsel. Consequently, Blegen was directed to withdraw as a cost control measure.

**Exhibit B, Order at 127.**

**iii. Motion for Reconsideration of CJA Payment Request, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 138 (Jan. 1, 2015), attached hereto as Exhibit C:**

> I was appointed on this case over two and half years ago and was asked to represent Lisa Montgomery in a death penalty 2255 proceeding. I assumed that the Court meant for me to represent her to the best of my abilities and that is what I have done in this case. Lisa Nouri and I had to collect files from Lisa Montgomery's multiple trial level defense attorneys in addition to reviewing the Government's evidence and the trial and appellate records. We met with Lisa Montgomery, family members, and defense attorneys among others. We attempted to identify every possible claim that could be raised on her behalf due to the limited ability to amend an initial 2255 motion. The end result of our efforts was a 250-page document fully supported by over one thousand pages of exhibits that raises some very serious concerns about the representation of Lisa Montgomery at trial and on appeal.

**Exhibit C, Motion for Reconsideration 4–5 (statement of Nouri's former co-counsel regarding their joint appointment, *see* Exhibit A, and subsequent case history).**

**iv. Petition for Writ of Mandamus, *In re Montgomery*, Case No. 14-2725 (8th Cir. July 22, 2014), attached hereto as Exhibit D:**

> Lisa Nouri and Christine M. Blegen were appointed pursuant to the Criminal Justice Act to represent Mrs. Montgomery on April 17, 2012 (Case No.

05-06002-CR-GAF, Doc. #430). On April 25, 2012, the Court issued an Order Regarding Billing Procedures, Setting of Compensation, and Authorization to Make Interim Payments (Case No. 05-06002-CR-GAF, Doc. #433). An offer by lead counsel Lisa G. Nouri to submit a case budget was declined. Thereafter, all of Ms. Nouri's and all of Ms. Blegen's CJA vouchers were paid in full through March of 2013.

After a painstaking review of the file and in recognition of the need for extraordinary resources unique to this case, Ms. Nouri and Ms. Blegen submitted a detailed proposed budget and request for investigation and expert witness funds in September, 2012 (Doc. #11).2 In the motion for funds, Ms. Nouri and Ms. Blegen proposed the alternative of appointing the Federal Public Defender's Office for the Middle District of Tennessee to provide the resources needed to investigate and prove Mrs. Montgomery's claims (Doc. #11). The District Court approved the appointment of the Federal Public Defender's Office for the Middle District of Tennessee (Doc. #13) and Kelley Henry entered her appearance on November 1, 2012 (Doc. #20).

On March 19, 2013, the legal team comprised of Ms. Nouri, Ms. Blegen, and Ms. Henry filed Mrs. Montgomery's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. #32).

**Exhibit D, Petition for Writ of Mandamus at 6-7 (footnotes omitted).**

Three days later, on June 28, 2013, the District Court entered a Notice Concerning Budget and CJA Representation for Movant (Doc. #60, Attachment A), scheduling a meeting with all counsel of record for Lisa Montgomery on July 12, 2013. During the meeting, the District Court initially considered removing both CJA attorneys (Tr. 7/12/13, p. 4, Attachment B). The District Court's alternative suggestion was to remove one CJA attorney (*Id.*, p. 4). Ms. Nouri explained that each attorney was extremely important to the case and that each attorney was taking on different responsibilities in the 2255 litigation (*Id*., p. 7). Ms. Nouri noted that the removal of any of the attorneys would have a detrimental impact on Lisa Montgomery's case and urged the District Court to leave Mrs. Montgomery's legal team in place (*Id*., p. 8). Ms. Henry explained that her office is a small office and that she has a full caseload in addition to her work on Mrs. Montgomery's case (*Id*., p. 10). She expressed that it was never her intent to be lead counsel in this case (*Id.*, p. 10). Ms. Nouri specifically informed this Court that Ms. Blegen is "the premier writer" and that "it would be devastating to lose her from the case" (*Id*., p. 18).

Upon request at the conclusion of the meeting, counsel for Mrs. Montgomery were afforded an opportunity to submit a written response and budget proposal (Doc. #62, Attachment C). In that response, counsel referred the District Court to 18 U.S.C. §3599(e) which states:

Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, ***each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial***

> ***proceedings,*** including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and ***all available post-conviction process***, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant. (Emphasis supplied). As no attorney had moved to withdraw and Mrs. Montgomery had not moved to have any of her attorneys removed, counsel pointed out that §3599(e) does not permit *sua sponte* removal of one or more of Mrs. Montgomery's attorneys due to budgetary concerns.

**Exhibit D, Petition for Writ of Mandamus at 7-9 (footnote omitted).**

> Section 3599(e) does not permit the *sua sponte* removal of one or more of Mrs. Montgomery's attorneys under any circumstance. The only contemplated circumstances for the removal of counsel are 1) where the attorney seeks to withdraw or 2) the client asks for the attorney's removal.

**Exhibit D, Petition for Writ of Mandamus at 15 (referencing argument submitted by Montgomery that former cocounsel's appointment was subject to the provisions of § 3599).**

> MS. NOURI: . . . I'm going to go ahead, then, and let the judge have these documents in case he makes a decision and we don't ever get to talk again. I don't have any of this marked but I'm going to tell you what it is. The first document is a letter from Lisa Montgomery. The second one is the transcript of the May 6th proceedings that are Doc 53 in the civil case. The next one is Doc 11 in the civil case. That's the ex parte motion where we had filed our initial budget then the alternative asked for the Nashville Federal Public Defender. The next one is the ex parte order appointing Ms. Henry's office. That's Doc 13 in the civil case. The next one is -- it's written over but it was in the criminal and civil case. I can't see the exact number, but that's the actual order that appointed Christine Blegen and myself. The next document in the criminal case is Document 431, which is the motion filed to set the billing procedure and compensation limits. And then the next document is 433, the order in the criminal case approving that motion.
>
> . . . .
>
> Mainly it gets down to we all have relationships with the client. They're different types of relationships. It would probably set her back mental health wise significantly to lose either Christine or myself; and with regard to different experts or different witnesses or different family members, it would just severely impair what we're trying to do for Mrs. Montgomery.

**Exhibit D, Petition for Writ of Mandamus at 52-53 (transcript of chambers conference).**

> MS. BLEGEN: . . . I think it demonstrates that it is not at all unusual to have two CJA attorneys working with the Federal Defender Office.

**Exhibit D, Petition for Writ of Mandamus at 54 (transcript of chambers conference).**

> As this Court is aware, Lisa Nouri and Christine Blegen were appointed to represent Mrs. Montgomery in this 2255 proceeding (Case No. 05-6002-CR-SJ-GAF, Doc. #430).

**Exhibit D, Petition for Writ of Mandamus at 66 (Lisa Montgomery Budget Memorandum, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 63 (July 18, 2013)).**

> During the meeting on July 12, 2013, the Court initially suggested the idea of removing both Ms. Nouri and Ms. Blegen and having the Office of the Federal Public Defender for the Middle District of Tennessee's Habeas Unit take over the entirety of Mrs. Montgomery's representation. Upon being informed by Ms. Henry that this was not a feasible option for her office in light of her caseload and budget issues within her office, the Court indicted that the alternative step would be to remove one of Mrs. Montgomery's CJA-appointed attorneys, either Ms. Nouri or Ms. Blegen.

**Exhibit D, Petition for Writ of Mandamus at 67 (the Lisa Montgomery Budget Memorandum).**

> Pursuant to 18 U.S.C. §3599 (a)(2), Mrs. Montgomery was entitled to the appointment of one or more attorneys. This Court appointed Ms. Nouri and Ms. Blegen. Then, the Office of the Federal Public Defender for the Middle District of Tennessee was appointed to assist with the mitigation investigation in this case (Case No. 12-8001-CV-SJ-GAF, Doc. #13). Two attorneys from that office, Kelley Henry and Amy Harwell, have become actively involved in this case, particularly with respect to the mitigation investigation and coordinating expert services in support of Mrs. Montgomery's 2255 claims; however, due to sequestration, Ms. Henry and Ms. Harwell are currently on furlough each Friday. In addition, both Ms. Henry and Ms. Harwell have numerous other cases for which they are responsible in their own District.

**Exhibit D, Petition for Writ of Mandamus at 69 (the Lisa Montgomery Budget Memorandum).**

> Therefore, having two local attorneys combined with the resources and assistance of the Office of the Federal Public Defender for the Middle District of Tennessee does not seem unreasonable.

**Exhibit D, Petition for Writ of Mandamus at 76 (the Lisa Montgomery Budget Memorandum).**

> Undersigned counsel respectfully submit that both pursuant to 18 U.S.C. §3599(e) and relevant case law, this Court cannot remove either of Mrs. Montgomery's CJA-appointed attorneys. To do would disrupt a valid attorney-client relationship. It would also violate Mrs. Montgomery's rights under the Due Process Clause and the Equal Protection Clause.

**Exhibit D, Petition for Writ of Mandamus at 78 (the Lisa Montgomery Budget Memorandum). *See generally id.* at 79 – 80.**

> Having fully considered the status of Movant's Motion for Collateral Relief to Vacate, Set Aside or Correct Sentence and for New Trial (Doc. #71), the court believes that it is no longer required that Movant have the assistance of three public funded attorneys as well as support staff of the Federal Public Defender to adequately pursue her claims. Initially, two CJA Attorneys, Ms. Lisa Nouri and Ms. Christine Blegen, were named to represent Movant in her post-conviction request for relief from judgment and sentence. Ms. Nouri was considered by the court to be lead counsel. Subsequent to their appointment, Ms. Nouri and Mr. Blegen asked that Ms. Kelley Henry, Federal Public Defender from Nashville, Tennessee, be appointed to assist them. Ms. Henry and the staff of her office were to provide legal support and budget assistance to undertake discovery, retain experts and generally prepare for hearing.
>
> Initially, the court was persuaded that to conduct a preliminary investigation and develop viable claims on behalf of Movant, the request for three public funded attorneys would be allowed. However, at this stage of the proceeding, one CJA attorney along with the Office of the Federal Public Defender are deemed to be more than capable of moving forward herein.

**Exhibit D, Petition for Writ of Mandamus at 88 (Order Limiting Publicly Funded Representation, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 114 (June 30, 2014)).**

> As undersigned counsel explained to the Court in July of last year, pursuant to18 U.S.C. §3599 (a)(2), Mrs. Montgomery was entitled to the appointment of one or more attorneys. This Court appointed Ms. Nouri and Ms. Blegen. The Office of the Federal Public Defender for the Middle District of Tennessee was later appointed to assist with the case (Doc. #13). Two attorneys from that office, Kelley Henry and Amy Harwell, have become actively involved in this case; however, both Ms. Henry and Ms. Harwell have numerous other cases for which they are responsible in their own District.

**Exhibit D, Petition for Writ of Mandamus at 91 (*Ex Parte* Motion for Reconsideration of Court's June 30, 2014 Order Limiting Publicly Funded Representation, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 115 (June 30, 2014)) (footnote omitted).**

v. **Petitioner's Reply in Support of Petition for Writ of Mandamus, *In re Montgomery*, Case No. 14-2725 (8th Cir. July 25, 2014), attached hereto as Exhibit E:**

> Removal of counsel is governed by the standard of *Martel v. Clair*, 132 S.Ct. 1276 (2012), and under 18 USC §3599 appointed counsel is required to stay on the case through completion.

**Exhibit E, Petitioner's Reply in Support of Petition for Writ of Mandamus at 1.**

> Further, the District Court's Response fails to address Ms. Blegen's ethical and statutory duty to continue to represent Mrs. Montgomery "throughout every subsequent stage of available judicial proceedings." 18 U.S.C. §3599(e); *see also* Missouri Rule of Professional Conduct 1.16.

**Exhibit E, Petitioner's Reply in Support of Petition for Writ of Mandamus at 3.**

2. On April 17, 2012, after the conclusion of Montgomery's direct appeal, U.S. District Judge Gary A. Fenner appointed the Office of the Federal Public Defender for the Middle District of Tennessee. That appointment is subject to the requirements of 18 U.S.C. § 3599. Neither Kelly Henry nor Amy Harwell was appointed individually and neither receives compensation pursuant to § 3599(e).

**i. Ex Parte Order, *Montgomery v. United States*, Case No. 4:12-cv-08001-GAF, Doc. 2 (Sept. 12, 2012), attached hereto as Exhibit E:**

> It is further
>
> ORDERED that petitioner Montgomery's alternative request that the Federal Public Defender for the Middle District of Tennessee be appointed to assist in this case is granted. It is further
>
> ORDERED that the Office of the Federal Public Defender and Henry Martin are hereby appointed as co-counsel in the above-captioned case to assist with the representation of petitioner Lisa M. Montgomery. It is further

**Exhibit E, Ex Parte Order at 1-2.**

**ii. Defendants incorporate each of the aforementioned record cites, *see* pages 1 – 7, *supra*.**

**iii. Petition for Writ of Mandamus**

> Further, the motion advised the District Court that the Federal Public Defender in Nashville faces an unprecedented situation where five of its clients face execution over the next twenty months. Ms. Henry is the supervisor of the Capital Habeas Unit and is actively involved in the litigation on behalf of those clients as well as matters pertaining to the method of execution in Tennessee. Ms. Harwell, the assistant federal defender Ms. Henry assigned to help on the case, is similarly encumbered with a high caseload and obligations to work on clemency cases for these clients of the Tennessee-based office.
>
> Moreover, the District Court was reminded of the mandatory language of the statute that once appointed counsel shall continue to represent an indigent death-sentenced inmate. The District Court's attention was directed to the Administrative

> Office of The Court's Guidelines for Appointment of Counsel Under the CJA which contemplates the removal of counsel ***only*** when it is determined that the individual has resources to retain counsel.

**Exhibit D, Petition for Writ of Mandamus at 12.**

## ARGUMENT

a. Lisa Nouri and the Office of the Federal Public Defender for the Middle District of Tennessee were both appointed to represent Lisa Montgomery, and the requirements of those representations are governed by 18 U.S.C. § 3599. There is no "magic language" required in an order appointing counsel to fulfill the obligations set forth in 18 U.S.C. § 3599. Both Nouri and the Federal Public Defender for the Middle District of Tennessee were appointed to represent Montgomery. And both appointments were made after judgment in her capital case. 18 U.S.C. § 3599(b). Neither appointed counsel has abandoned Montgomery or has shown that such counsel are unable or unwilling to act to supplement Montgomery's pending, timely petition for commutation or reprieve.

b. Montgomery continues to rely on *Christeson v. Roper*, 574 U.S. 373, 377 (2015), *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016), and *Ramirez v. Davis*, 675 F. App'x 478, 479 (5th Cir. 2017), *aff'g Ramirez v. Davis*, Case No. 2:12-cv-00410, R. 48 (S.D. Tex. Jan. 31, 2017), as the primary authorities supporting her statutory argument. *Ramirez* is wrongly decided. *Battalia* doesn't apply. The cases refer Texas state executions. Moreover, all three cases are inapposite. In each case, the capital defendant had been abandoned by counsel. In each case, counsel subject to the provisions of 18 U.S.C. § 3599 failed or refused to take some act that § 3599 requires postconviction counsel to take. Here, Montgomery does not allege—much less demonstrate—that her current counsel appointed postconviction and subject to 18 U.S.C. § 3599 are unable or unwilling to act to supplement Montgomery's pending, timely petition for

commutation or reprieve. Montgomery's attorney Lisa Nouri, whose appointment as counsel is subject to § 3599, has: (1) extensive knowledge of the facts of the case: (2) access to Montgomery; (3) access to the relevant documents (even if not all documents are uploaded, they could be); (4) contact information for experts previously used; (5) the ability to use technological resources to conduct expert investigation remotely; and (6) a longtime relationship with Montgomery and her family.

Nouri admitted on a hearing on November 18, 2020 that she could file materials supplementing the pending petition for commutation or reprieve. Further, the Office of the Federal Public Defender for the Middle District of Tennessee, which is also appointed to represent Montgomery and is subject to § 3599, has not represented that they (other that two particular attorneys) will refuse to or cannot file materials supplementing the pending petition for commutation or reprieve. Of course, § 3599 and professional obligations require both Nouri and the attorneys at the Office of the Federal Public Defender for the Middle District of Tennessee to continue to represent Montgomery to the best of their ability. Exhibit E, Petitioner's Reply at 1, 3, *In re Montgomery*, Case No. 14-2725 (8th Cir. July 25, 2014) (recognizing that the attorneys subject to § 3599, including Nouri, have an "ethical and statutory duty to continue to represent Mrs. Montgomery 'throughout every subsequent stage of available' . . . proceedings. 18 U.S.C. §3599(e); see also Missouri Rule of Professional Conduct 1.16."). That includes, as it already has in this case, attorneys at the Office of the Federal Public Defender for the Middle District of Tennessee acting and obligated to act on Montgomery's behalf.

The statutory duty also requires Nouri and the Office of the Federal Public Defender for the Middle District of Tennessee to file a supplement to the pending petition for commutation or reprieve, if that is what Montgomery desires. As discussed in detail in Defendants' Response in Opposition to Motion for Temporary Restraining Order and Preliminary Injunction, filings over

the last month distill the record in a digestible manner (including numerous exhibits already prepared). Available counsel have access to Montgomery and can make decisions about additional desired arguments for their supplement to the pending petition for commutation or reprieve. This supplement is due December 1, 2020, and the facts in this case fail to demonstrate that Montgomery has been deprived of any statutory right for counsel actually appointed (Nouri and the Office of the Federal Public Defender for the Middle District of Tennessee) from continuing to represent her.

Defendants respectfully suggest that Montgomery's motion for temporary restraining order or preliminary injunction should be denied.

Dated: November 18, 2020

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

JEFFREY RAY
Deputy United States Attorney
Western District of Missouri

BRIAN P. CASEY
Chief, Appellate Division
Western District of Missouri

*/s/ Alan T. Simpson*
ALAN T. SIMPSON, Missouri Bar #65183
Assistant United States Attorney
Western District of Missouri
Special Assistant United States Attorney
District of Columbia

– and –

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
District of Columbia

*/s/ Johnny Walker*
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record listed below via the Court's CM/ECF system.

/s/ *Johnny Walker*
Assistant United States Attorney