CAPITAL CASE

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| IN RE: LISA MONTGOMERY | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | NO. 14-2725 |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT, WESTERN DIST. |
| | ) | OF MISSOURI, |
| | ) | NO. 12-08001-CV-W-GAF |

**PETITIONER'S REPLY IN SUPPORT OF HER PETITION FOR WRITS OF MANDAMUS TO THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI**

Removal of counsel is governed by the standard of *Martel v. Clair*, 132 S.Ct. 1276 (2012), and under 18 USC §3599 appointed counsel is required to stay on the case through completion. Missing from the District Court's Response to Ms. Montgomery's petition for a writ is any justification for removal of Attorney Blegen under either §3599 or the standard set forth in *Martel*. In his Response, the District Court judge relies upon a blanket assertion of "cost containment" to justify his order that Attorney Blegen withdraw from representation of Mrs. Montgomery. Missing from the District Court's initial order and from his Response is any finding that Ms. Blegen's removal is in the interest of justice, as is the standard for removal of counsel. *Martel*, 132 S.Ct. 1276 (2012). Removal of

Ms. Blegen is not only **not** *required* by the interest of justice, her removal is antithetical of the interests of justice.

Under *Martel*, the District Court's power to remove counsel is constrained by considerations which require both notice and process: neither occurred here. Under *Martel*, even in a situation where a client has requested removal of counsel (which is decidedly not the case here, where Mrs. Montgomery has twice provided declarations to the District Court asking that her defense team be allowed to continue to represent her), the District Court must: 1) consider the timeliness of the motion to remove counsel: here, there was no motion; 2) inquire into the defendant's complaint against counsel: here, there was no complaint; 3) determine the "asserted cause for that complaint, including the extent of the conflict or breakdown in communication": here, there is no breakdown.

The District Court frames the removal of Ms. Blegen without notice in July of 2014 as but the logical outcome of his inquiry in July 2013. Such is not a fair read of the record. Though the District Court inquired into the resources allocated in 2013, no notice of his intent to remove counsel in 2014 was ever given, nor was any process followed. The District Court relies on changes in the federal funding landscape to justify his decision to belatedly remove counsel. Response at p. 3. However the Court's failure to

provide notice (and process) prior to the ordered removal of Ms. Blegen in 2014 denied Mrs. Montgomery opportunity to be heard as to the on-going need for Ms. Blegen's involvement and the limitations on the involvement of other counsel which necessitate the continuation of two CJA-appointed counsel. The District Court did not contemplate giving notice or process: "I made my views clear [in 2013] and did not deem it necessary to have further debate when our respective positions were clearly defined." Response at p. 5. The standard set by the Supreme Court in *Martel* has not been met, nor have the factors set forth by the Supreme Court been considered.

Further, the District Court's Response fails to address Ms. Blegen's ethical and statutory duty to continue to represent Mrs. Montgomery "throughout every subsequent stage of available judicial proceedings." 18 U.S.C. §3599(e); *see also* Missouri Rule of Professional Conduct 1.16. The Response also fails to address Mrs. Montgomery's equal protection argument and her argument that removing Ms. Blegen from the case is actually a waste of the resources already invested in the case – resulting not in cost containment, but in an additional attorney having to learn and assume responsibility for the work Ms. Blegen has previously performed for the team.

The District Court's characterization of Mrs. Montgomery's footnote regarding the removal of female counsel as "false and misleading" is belied by the facts of this case. Mrs. Montgomery has never claimed that the District Court removed Anita Burns, indeed the text of the footnote clearly indicates Mrs. Montgomery representing to this Court that Ms. Burns was removed by the Office of the Federal Public Defender. The District Court does not respond to Mrs. Montgomery's accusations regarding the removal of Ms. Clarke, but instead focuses on the removal of Susan Hunt as "untrue, a misrepresentation to this Court, and refuted by the record relating to that decision." In support of that contention the District Court filed various transcripts. The record, below, relating to the removal of Ms. Hunt clearly shows that Ms. Hunt requested that the District Court allow Ms. Clarke back into the case. Transcript May 3, 2006 Conference in Chambers at p.23, (David Owen summarizing, "I appreciate Susan [Hunt]'s position. She thinks it's best for Lisa Montgomery's defense to have that team put back together"). The record, below, also clearly reflects that as a result of that communication with the District Court, Ms. Hunt was asked to withdraw. Exhibit 1, Declaration of Susan Hunt at 12, ("On May 10, 2006, I filed a motion to withdraw at the Court's direction. . .").

In summary, Mrs. Montgomery asserts that as Justice Brennan found long ago:

> [T]he attorney-client relationship is not that elementary: it involves not just the casual assistance of a member of the bar, but an intimate process of consultation and planning which culminates in a state of trust and confidence between the client and his attorney. This is particularly essential, of course, when the attorney is defending the client's life or liberty. Furthermore, the relationship is independent of the source of compensation, for an attorney's responsibility is to the person he has undertaken to represent rather than to the individual or agency which pays for the service.... It follows that once counsel is appointed to represent an indigent defendant, whether it be the public defender or a volunteer private attorney, the parties enter into an attorney-client relationship which is no less inviolable than if counsel had been retained. To hold otherwise would be to subject that relationship to an unwarranted and invidious discrimination arising merely from the poverty of the accused.

Morris v. Slappy, 103 S.Ct. 1610 (1983)(Brennan, J., *dissenting* at p. 1622. (citing *Smith v. Superior Court*, 68 Cal.2d 547, 68 Cal.Rptr. 1, 440 P.2d 65 (1968), (footnote omitted).[6]

## Conclusion

Mrs. Montgomery renews her Petition for Writ of Mandamus, as Mrs. Montgomery will suffer irreparable harm if the District Court's order that Ms. Blegen withdraw from the case is allowed to stand.

Respectfully submitted,

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
/s/ *Amy D. Harwell*
Amy D. Harwell, Tn, Bar No. 18691
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*