**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA MONTGOMERY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-3261-RDM** |
| | ) | |
| **WILLIAM P. BARR, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL FACTS AND AUTHORITIES**

Plaintiff hereby submits documentation, accompanied by citations to relevant authorities, to establish that Ms. Kelley Henry and Ms. Amy Harwell have been appointed to represent Mrs. Montgomery pursuant to 18 U.S.C. §3599.

The declaration of Henry A. Martin, Federal Public Defender of the Middle District of Tennessee, establishes that both Ms. Harwell and Ms. Henry are employed by the Capital Habeas Unit (CHU) in his office. Capital Habeas Units are specialized death penalty habeas units that "exist to fulfill the mandate of Congress that capital habeas defendants receive enhanced rights of counsel under 18 U.S.C. § 3599 (formerly 28 U.S.C. § 848(q)). CHUs only accept appointment under 18 U.S.C. § 3599." Ex. 1, Decl. of Henry A. Martin.

On September 7, 2012, Ms. Christine Blegen, along with Ms. Lisa Nouri, filed a motion pursuant to 18 U.S.C. §3599 (a)(2) seeking approval for an investigation budget and in the alternative, appointment of the federal public defender. Ex. 2, Ex parte Motion to Approve Additional Investigation Budget Through March 22, 2013.[1] In response, on September 21, 2012, the Federal Court for the Western District of Missouri appointed the Federal Public Defender's office, and denied the motion for funding. Ex. 3. The court did not cite any statute in the order.

[1] Ms. Blegen subsequently was removed as counsel for Mrs. Montgomery.

Notwithstanding the court's failure to cite the relevant statute, all parties have understood that this appointment was pursuant to 18 U.S.C. §3599:

> The lawyers in the CHU are not permitted to accept personal appointments or the private practice of law. 18 U.S.C. § 3006A. In short, without an appointment order under 18 U.S.C. § 3599 my CHU would not appear in any capital habeas case, nor would I be authorized to expend funds on a capital habeas case.

Ex. 1, Martin Decl. On November 1, 2012, Ms. Henry filed an appearance in the case. Ex. 4. On April 4, 2017, the Eight Circuit Court of Appeals ordered the office of the Federal Public Defender to continue representing Mrs. Montgomery. Ex. 5.

In addition, Plaintiff would direct this Court to the Guide to Judiciary Policy, cited in Mr. Martin's declaration, and in particular, to the sections governing the Appointment of Counsel in Capital Cases. United States Courts, Guide To Judiciary Policy, Volume 7, Part A, Chapter 6 § 620 https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-6-ss-620-appointment-counsel-capital-cases. The Guide suggests criteria for federal courts to apply when appointing counsel capital cases, including at the post-conviction stage. *Id.* § 620.50. "Courts should ensure that all attorneys appointed in federal death penalty cases are well qualified, by virtue of their prior defense experience, training, and commitment, to serve as counsel in this highly specialized and demanding litigation." *Id.*, § 620.30(b)(1).The Guide incorporates the standard for learned counsel, which is defined as counsel with a "distinguished prior experience in the trial, appeal, or post-conviction review" of federal or state death penalty cases. *Id.* § 620.30(b)(2). The Guide encourages courts to consider not only the minimum qualifications outlined in 18 U.S.C. § 3599(b)-(d) and 18 U.S.C. § 3005, but also the qualifications endorsed by bar associations, as well as the "willingness of proposed counsel to accept the appointment and to represent effectively the interests of the client." *Id.* §§ 620.30(b)(3)(A), (B), (E).

DATED: November 18, 2020

Respectfully submitted,

s/Sandra L. Babcock______

Sandra L. Babcock
Clinical Professor
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690

Edward J. Ungvarsky
D.C. Bar No. 459034
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084