Declaration of Henry A. Martin

I, Henry A. Martin, an adult resident of Nashville, Davidson County, Tennessee declare the following:

1. I am the Federal Public Defender for the Middle District of Tennessee. I have served in that capacity since my initial appointment in 1985.
2. As part of my duties as Federal Defender I serve on the Death Penalty Working Group ("DPWG"). I have continuously served on DPWG since its creation in 1986, the majority of that time as chair. I am currently the chair.
3. I participated in meetings and strategy sessions which led to the creation of the Capital Habeas Units ("CHU") – specialized death penalty habeas units which exist within federal defender offices in certain offices which have Circuit approval. CHU units exist to fulfill the mandate of Congress that capital habeas defendants receive enhanced rights of counsel under 18 U.S.C. § 3599 (formerly 21 U.S.C. § 848(q)). CHUs only accept appointment under 18 U.S.C. § 3599. Guide To Judiciary Policy, Chapter 6, sec 620 https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-6-ss-620-appointment-counsel-capital-cases; Chapter 1, Sec 110.30 https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-1-ss-110-defender-services-program.[1] The lawyers in the CHU are not permitted to accept personal appointments or the private practice of law. 18 U.S.C. § 3006A. In short, without an appointment order under 18 U.S.C. § 3599 my CHU would not appear in any capital habeas case, nor would I be authorized to expend funds on a capital habeas case.
4. I have maintained a CHU in my office since 1995. Kelley Henry is the Supervisor of my CHU. She has worked for me since March of 2000. Amy Harwell is the Assistant Chief of my CHU. She has worked for me since November of 2008. While there are other attorneys in my CHU, none has comparable experience to either Ms. Henry or Ms. Harwell. In fact, Ms. Henry and Ms. Harwell actively supervise and train the other attorneys. None of the other attorneys in my office has the requisite experience to take over the clemency representation of Mrs. Lisa Montgomery.
5. Our CHU was requested to accept appointment in Lisa Montgomery's case in September of 2012. At the time, the Western District of Missouri Federal Defender Office did not have a CHU and had been involved in the representation of Lisa Montgomery with staff members being necessary witnesses in post conviction review. The request came from United States District Judge Gary Fenner. It is my understanding that my office was specifically requested because Ms. Henry is originally from Kansas City,

[1] The Guide to Judiciary Policy is adopted by the Judicial Conference of the United States Courts whose chair is Chief Judge John Roberts.

Missouri, maintains a Missouri Bar license, is familiar with the persons involved with the trial of the case (specifically trial counsel, Fred Duchardt), and has specialized experience in capital cases. I followed the protocol for the out of district appointment of counsel as established by the Administrative Office of the United States Courts ("AO"). The AO notified the Chief Judges of the United States Court of Appeals for the Eighth Circuit and United States Court of Appeals for the Sixth Circuit of the intent to permit the out of district appointment. The AO granted permission for my office to appear out of district in September, 2012. I assigned the case to Ms. Henry. Ms. Henry assigned Amy Harwell as her co-counsel.

6. No other attorney in my office has taken a role in the Montgomery case prior to Oct. 16, 2020. I am aware that attorney Richard Tennent appeared briefly for Mrs. Montgomery in method of execution litigation. Mr. Tennent was working under the supervision of Ms. Henry. He, Ms. Henry, and Ms. Harwell had been involved in a two-week trial relating to Tennessee's method of execution litigation in 2018. Mr. Tennent has an excellent grasp of science and was asked to assist in this limited capacity when the surprise warrant for execution was announced on Oct. 16, 2020. Mr. Tennent was involved in the case for only 2 weeks and has no information about the substance of any matter that would be relevant to Mrs. Montgomery's clemency application.
7. Ms. Henry reports the activities of the CHU to me on a regular basis. She updates me on case status and pending execution warrants. I am aware that she kept in frequent contact with other death penalty experts in respect to the likelihood that Mrs. Montgomery would be chosen for an execution date. I am aware that she was led to believe that because Mrs. Montgomery's case was only recently denied by the Supreme Court that it was unlikely her case would leapfrog over other cases. The execution date came as a complete surprise.
8. Ms. Henry and Ms. Harwell are extremely hard workers. Before their illness, each regularly put in 70 to 80 hour work weeks. In the past year each have been under incredible stress due to their workload in other capital cases. A brief summary of their professional obligations include:
    - Ms. Harwell currently represents 10 capital clients. Each of these cases are being actively litigated, requiring the continual preparation of court filings.
    - Ms. Henry currently represents 9 capital clients. Each of these cases are being actively litigated, requiring the continual preparation of court filings.
    - 9/20/19 – The State of Tennessee requested execution dates for 7 of Ms. Henry's clients. Ms. Harwell was co-counsel on two of those 7 cases.

- 9/20/19 thru 12/30/19 – Ms. Henry and Ms. Harwell prepared oppositions to request for execution dates for those seven clients.
- 2/20/20 – The Tennessee Supreme Court set execution dates for Byron Black, Pervis Payne, Oscar Smith as followes:
  - Oscar Smith – Execution originally scheduled for June 4, 2020. Mr. Smith had a jury misconduct appeal pending at the time the execution date was scheduled. Ms. Harwell is lead counsel in that case. Ms. Henry is co-counsel.
  - This case was stayed on April 17, 2020.
  - Byron Black – Execution scheduled for August 6, 2020. Mr. Black has a competency to be executed challenge that remains pending. He was to have a hearing on this claim in July, 2020. His case was stayed on June 12, 2020. Ms. Henry is lead counsl in this case. Ms. Harwell is co-counsel.
  - Pervis Payne – Execution originally scheduled for December 3, 2020. Ms. Henry is lead counsel.
- July 22, 2020 – Ms. Henry filed a petition for post-conviction DNA analysis for Pervis Payne.
- August 7, 2020- Ms. Henry filed a Reply in the Payne case.
- On August 19, 2020, Ms. Harwell conducted oral argument on behalf of Oscar Smith
- Sept. 1, 2020 – Ms. Henry conducted a six-hour hearing in the Payne case.
- Sept. 16, 2020- Ms. Henry appeared for a one-hour hearing in the Payne case.
- From Sept. 16 through October 16, 2020, Ms. Henry was preparing Pervis Payne Clemency Application (filed 10/5/2020) and the hearing on the petition. Mr. Payne's case raises issues of innocence and intellectual disability.
- On October 27, 2020, Ms. Henry conducted a three hour Clemency hearing for Mr. Pervis Payne.
- On Nov. 1-Nov. 5, Ms. Henry spent substantial time preparing additional briefing in support of clemency for Pervis Payne
- On Nov. 5, 2020, Ms. Harwell began experiencing COVID-19 symptoms.
- On Nov. 6, Pervis Payne received a reprieve from Tennessee Governor Bill Lee
- On Nov. 7, Ms. Henry began experiencing COVID-19 symptoms.

9. No CHU (or CJA lawyer) can be appointed to a capital habeas case under 18 U.S.C. 3005 or 3006(a) as those statutes apply to capital trial cases. Motions for Collateral Relief under 28 U.S.C. § 2255 are treated as "habeas" cases. "For both § 2254 and § 2255 habeas petitions, 18 U.S.C. § 3599(a)(2) requires

> the appointment of counsel and securing of funding for 'any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services.'" Ad Hoc Committee to Review the Criminal Justice Act, 2017 Report of the Ad Hoc Committee to Review the Criminal Justice Act 191 (2018) ("Cardone Report").

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Dated this 18th day of November, 2020 in Nashville, Davidson County, Tennessee

*/s/ Henry A. Martin*

______________

Henry A. Martin
Federal Public Defender