**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:20-cv-3261** |
| | ) | |
| **WILLIAM P. BARR, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO CLARIFY ORDER GRANTING PRELIMINARY INJUNCTION**

**INTRODUCTION**

Lisa Montgomery received a capital sentence 12 years ago for strangling a pregnant woman to death and kidnapping her baby after beginning to cut it out of her body while she was still alive. She exhausted her appellate and collateral challenges to her conviction and sentence months ago, and, in October, the Federal Bureau of Prisons (BOP) scheduled her execution for December 8. Twelve days ago, Montgomery sought a stay of her scheduled execution on the ground that two lawyers who had intended to prepare her clemency application—but who had apparently done minimal work on the application in the months since she exhausted her collateral challenges and the weeks since her execution was scheduled—had become infected with COVID-19. On November 19, this Court entered a preliminary injunction barring the government from executing Montgomery until December 31, 2020, and setting a presumptive deadline of December 24, 2020, for Montgomery's attorneys to submit a completed clemency application.

Although the government disagrees with the legal reasoning underlying the Court's injunction, after considering all the circumstances, the government has rescheduled Montgomery's execution date for January 12, 2021. *See* Dkt. 21. In addition, in light of the Court's order, the Pardon Attorney has determined to treat December 24 as the deadline for submission of the remainder of Montgomery's primary application, and to even permit supplementation of that application, for good cause shown, until the termination of the injunction on December 31. Gillespie Decl. ¶¶ 3-5 (Nov. 23, 2020).

The rescheduled execution date, in combination with the revised clemency deadlines, provides an indisputably sufficient amount of additional time for Montgomery's counsel to prepare and submit a completed clemency application for the President's consideration. The remaining time is especially reasonable given that Montgomery's counsel appointed under 18 U.S.C.

§ 3599—Henry Martin, the Federal Public Defender for the Middle District of Tennessee (FPD), FPD itself, and Lisa Nouri—remain obligated to represent Montgomery at all stages of her case.

Despite the ongoing illnesses of attorneys Amy Harwell and Kelley Henry, Montgomery's remaining counsel are duty-bound to proceed immediately to begin preparing Montgomery's clemency application. To provide clarity and certainty to all interested parties, the government seeks clarification from this Court that its preliminary injunction does not relieve counsel of that duty. The government also requests that the Court reaffirm that duty by ordering Martin, FPD, and Nouri to make best efforts to prepare the clemency application while Harwell and Henry remain convalescent and to file a completed application by the December 24 deadline. Such an order would reinforce the objective underlying the Court's order and the government's rescheduling decision: to ensure that Montgomery's counsel have ample time to file a clemency petition, without unduly delaying the implementation of her lawful sentence.

**BACKGROUND**

In December 2004, Montgomery murdered Bobbie Jo Stinnett, who was eight months pregnant. *United States v. Montgomery*, 635 F.3d 1074, 1079 (8th Cir. 2011). Montgomery cut the premature baby from the victim's womb and kidnapped the child. Montgomery subsequently admitted to the crime and, after a lengthy trial, was found guilty by the jury, which recommended a sentence of death. *Id.* at 1085. The Eighth Circuit affirmed Montgomery's conviction in 2011, *see id.* at 1099, and the Supreme Court denied certiorari the following year, *Montgomery* v. *United States*, 565 U.S. 1263 (2012). Montgomery's ensuing motion for collateral relief was unsuccessful. *See Montgomery v. United States*, 140 S. Ct. 2820 (May 26, 2020).

On October 16, 2020, the Department of Justice announced that the Attorney General had directed the BOP to schedule Montgomery's execution for December 8, 2020. *See*

https://www.justice.gov/opa/pr/executions-scheduled-two-federal-inmates-convicted-heinous-murders. Following that announcement, Montgomery initiated a flurry of litigation. She filed a 264-page intervention motion in litigation challenging the federal execution protocol. *In re Fed. Bureau of Prisons' Execution Protocol Cases* ("*Protocol Cases*"), No. 1:19-MC-145-TSC, Dkt. 303–04 (D.D.C. Oct. 28, 2020). She filed a 65-page Petition with the Inter-American Commission on Human Rights. *See* https://www.deathpenaltyworldwide.org/wp-content/uploads/2020/10/IACHR-Petition.pdf (Human Rights Petition). That filing included approximately 55 exhibits. She filed a complaint challenging her conditions of confinement and impending transfer to Terre Haute, Indiana. *Montgomery* v. *Barr* ("*Confinement Case*"), No. 1:20-CV-3214-TNM, Dkt. 1 (D.D.C. Nov. 6, 2020). Her preliminary-injunction filing in that case is 1403 pages long and includes mitigation reports and other expert materials. *See, e.g.*, *Confinement Case* Dkt. 12-2 (K. Porterfield, PhD, Decl.); Dkt. 12-4 (J. Vogelsang, M.S.W., Decl.); Dkt. 12-5.

Montgomery also filed this suit seeking to enjoin her execution. She alleges that because the courts have rejected her post-conviction challenges, "[c]lemency represents the only viable means at this late hour to consider how her mental illness affects her moral culpability and weighs in favor of mercy." Dkt. 1 at 15 (Compl. ¶ 61). But she claims that "the ongoing pandemic has prevented her from preparing and submitting a clemency petition that adequately conveys her claim." Order, Dkt. 19 at 4. "Most significantly, Plaintiff contends that her ability to make a meaningful request for clemency is stymied by the illness of her two, capitally qualified lawyers," Harwell and Henry, *id.*, who "began to experience COVID-19 symptoms" "[o]n November 5 and November 7, respectively," Dkt. 1 at 11 (Compl. ¶¶ 41–42, 45). On November 10 and 11, they tested positive for the virus. *Id.* (Compl. ¶¶ 42, 45). Both are currently in quarantine. Dkt. 2-2 at 4 (Harwell Decl. ¶¶ 14, 17) (Ex. 1); Dkt. 2-3 at 7 (Henry Decl. ¶¶ 30–32) (Ex. 2).

Notably, Montgomery is also represented by at least 14 other attorneys in addition to Harwell and Henry. Nouri was appointed to represent Montgomery pursuant to Section 3599 in 2012. Dkt. 13-2 at 1 (Nouri Decl. ¶ 1). In addition to the 14 aforementioned attorneys, Martin, as well as FPD itself, were also appointed to represent Montgomery pursuant to Section 3599 in 2012. Dkt. 17-3. FPD includes a Capital Habeas Unit with other attorneys experienced in death-penalty litigation. Dkt. 17-1 (H. Martin Decl. ¶ 4). In the various lawsuits and filings recounted above, over a dozen different attorneys have appeared on Montgomery's behalf.

On November 9, two of Montgomery's attorneys submitted a letter to the Pardon Attorney seeking a reprieve of Montgomery's execution based on the illnesses of Harwell and Henry. *See* Dkt. 2-2, 2-3, 2-5. Although the Pardon Attorney is not authorized to grant a reprieve, she responded that the government would "accommodate the obvious difficulties" facing counsel. Dkt. 2-6, at 1. Specifically, the Pardon Attorney explained that she would construe the 30-day regulatory deadline to fall on Monday, November 16, and that Montgomery could satisfy the deadline simply by filing electronically a "placeholder petition," which could then be supplemented by December 1. *Id.* at 2; *see* 28 C.F.R. § 1.10(b); Dkt. 12-1 (Gillespie Decl.) ¶¶ 6-9. The Pardon Attorney also offered to hear an "oral presentation . . . conducted remotely over teleconferencing." Dkt. 2-6, at 2; *see* Dkt. 12-1 (Gillespie Decl.) ¶ 10. On November 16, Harwell, Henry, and Nouri submitted a placeholder petition for a reprieve and/or commutation of sentence on Montgomery's behalf. Dkt. 14-1 at 1 (Ex. 1).[1]

[1] The BOP has also gone to great lengths to accommodate Montgomery's legal efforts during the pandemic and stands ready and willing to continue doing so. Among other things, BOP has permitted Montgomery to have unmonitored telephone and videoconference communications with her attorneys and others (such as experts). *See* Dkt 12-2 (Carr Decl.) ¶¶ 3, 8-9. In-person legal visits are also permitted by BOP. *See id.* ¶ 6.

This Court subsequently entered a preliminary injunction barring the government from executing Montgomery prior to December 31, 2020. Dkt. 20 at 1. The Court also ordered Harwell and Henry to "finalize Plaintiff's clemency petition as promptly as possible in light of their illness" and, in the event Harwell and Henry "believe that they will be unable to do so without further assistance by December 24, 2020," to "immediately apply to the U.S. District Court for the District of Missouri to appoint qualified, additional counsel, or . . . enlist the assistance of other attorneys working in" FPD. *Id.* at 1-2.

In its opinion, the Court agreed with Montgomery that Section 3599 "creates an entitlement to meaningful representation by qualified counsel through the clemency process." Dkt. 19, at 11. The Court concluded that Harwell and Henry, because of their illnesses, had " 'effectively abandoned' " Montgomery at the "critical 'fail safe' stage in the death penalty system." *Id.* at 14 (citations omitted). And although the Court recognized that Montgomery continues to be represented by healthy, capable attorneys appointed pursuant to Section 3599, it concluded that Nouri had also " 'effectively abandoned' Plaintiff in her pursuit of clemency" and that FPD "cannot fill the shoes of Harwell and Henry at this late date," with only "11 or 12 days" remaining until the due date for the final clemency application. *Id.* at 17-20.

In light of the Court's injunction and Montgomery's pending request for clemency, the Director of BOP yesterday announced that Montgomery's execution had been rescheduled for January 12, 2021. *See* Dkt. 21. Moreover, the Pardon Attorney interprets the Court's order as setting a deadline of December 24 for the submission of Montgomery's primary application, and permitting supplementation of that application on a showing of good cause through the conclusion of the injunction on December 31. Gillespie Decl. ¶¶ 3-5 (Nov. 23, 2020).

## DISCUSSION

The government respectfully requests that this Court clarify its order to make clear that Martin, FPD, and Nouri remain legally and ethically obligated to begin work on Montgomery's contemplated clemency application immediately and make best efforts to complete that application while Harwell and Henry remain convalescent. Martin, FPD, and Nouri were each appointed to represent Montgomery pursuant to Section 3599. Indeed, they are the *only* attorneys or entities appointed pursuant to that provision. Although Harwell and Henry have assisted Martin and FPD in their representation of Montgomery, neither Harwell nor Henry were ever independently appointed. Martin, FPD, and Nouri are therefore duty-bound "to represent the defendant throughout every subsequent stage of available judicial proceedings," and to "represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available." 18 U.S.C. § 3599(e).

The Court should make clear that its order does not relieve Martin, FPD, and Nouri of their legal and ethical obligations. To the contrary, the Court's opinion emphasizes that "'*each* attorney so appointed [under Section 3599] shall represent the defendant throughout every subsequent stage of' the proceedings." Dkt. 19 at 18 (quoting 18 U.S.C. § 3599(e)). That includes Martin, FPD, and Nouri. Because they have not been replaced by "similarly qualified counsel," 18 U.S.C. § 3599(e), each "remain[s] the defendant's attorney. Dkt. 19 at 12 (citing Order at 7, *Ramirez* v. *Davis*, No. 2:12-CV-410 (S.D. Tex. Jan. 31, 2017)).

Although the Court concluded that FPD "cannot fill the shoes of Harwell and Henry at this late date," with only "11 or 12 days" remaining until the due date for the final clemency application, Dkt. 19 at 18, Montgomery now has over *four additional weeks* to prepare and submit a clemency application beyond the months that she has already had. FPD is fully capable of

drafting a clemency application in that amount of time. The Court similarly concluded that Nouri had "effectively abandoned" Montgomery, *id.* at 20, a conclusion predicated in large part on the fact that "as of November 15, 2020," Nouri had " 'taken no steps to prepare a clemency application for' " Montgomery. *Ibid.* But again, that was in the shadow of the "impending" December 1 deadline for supplementation, which has now been extended. *Ibid.* Nothing in the Court's Order permits Nouri to prospectively abandon her client.

At the very least, both FPD and Nouri are plainly capable of *starting* a clemency application, in order to provide Harwell and Henry with a working draft upon their recovery. FPD has a Capital Habeas Unit staffed with experts in death-penalty cases. And regardless of her experience at the time she was appointed to represent Montgomery, *see* Dkt. 19 at 20, Nouri is now a seasoned criminal attorney with at least eight years of capital experience. Both Nouri and FPD are also familiar with the aspects of Montgomery's case that would be relevant to a clemency application. Nouri represents Montgomery in both the Confinement Case and the Human Rights Petition, each of which features extensive materials relating to Montgomery's mental health and history. *See*, *e.g.*, *Confinement Case* Dkt. 12-2 (K. Porterfield, PhD, Decl.) at pp. 3-26, 33-34 (concluding that "Montgomery's life history is rife with sustained, chronic trauma that was catastrophic to her psychological and emotional development, creating severe, lifelong impairments"); Dkt. 12-4 (J. Vogelsang, M.S.W., Decl.) (containing "a detailed multigenerational psychosocial history of Lisa Montgomery"); *see generally* Human Rights Petition. And since this Court's order, Nouri has personally requested that BOP provide rolling, daily medical information to both her and two other staff members at FPD. *See* L. Nouri Post-Order Emails.

There is no reason for the clemency application to lie fallow while Harwell and Henry recover. Nouri, Martin, and FPD are all able and duty-bound to make meaningful progress on that

application, beginning today. Prompt attention to this task would ensure that Montgomery submits a finalized clemency application by the court-ordered deadline. It would also eliminate the need for further stays or extensions, thus protecting the public's interest in vindication of the criminal law and the Executive's constitutional discretion to structure the pardon process and schedule executions.

## CONCLUSION

For the foregoing reasons, this Court should clarify that its November 19, 2020 Order granting a preliminary injunction does not relieve the Office of the Federal Public Defender for the Middle District of Tennessee; Henry A. Martin, the Federal Public Defender for the Middle District of Tennessee; or Lisa Nouri of their legal and ethical obligations to represent Montgomery in her clemency proceeding. For additional clarity, the Court should order FPD, Martin, and Nouri to begin work on the clemency application immediately, to the extent they have not already done so, and to make best efforts to file a completed application by December 24, 2020.

Dated: November 24, 2020

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

JEFFREY RAY
Deputy United States Attorney
Western District of Missouri

BRIAN P. CASEY
Chief, Appellate Division
Western District of Missouri

*/s/ Alan T. Simpson*
ALAN T. SIMPSON, Missouri Bar #65183
Assistant United States Attorney
Western District of Missouri
Special Assistant United States Attorney
District of Columbia

– and –

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
District of Columbia

*/s/ Johnny Walker*
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record listed below via the Court's CM/ECF system.

/s/ *Johnny Walker*
Assistant United States Attorney