**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-03261-RDM** |
| | ) | |
| **WILLIAM P. BARR, *et. al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

# MOTION TO CLARIFY AND/OR MODIFY NOVEMBER 19, 2020 PRELIMINARY INJUNCTION ORDER AND MEMORANDUM IN SUPPORT

---

## Table of Authorities

**Cases** **Page(s)**

*Abbott Labs. v. Torpharm, Inc.*,
503 F.3d 1372 (Fed. Cir. 2007) ..... 9

*Am. Council of Blind v. Mnuchin*,
396 F. Supp. 3d 147 (D.D.C. 2019) ..... 10

*Auer v. Robbins*,
519 U.S. 452 (1997) ..... 8

*Bauer v. DeVos*
325 F. Supp. 3d 74 (D.D.C. 2018) ..... 5

*Brock v. Cathedral Bluffs Shale Oil Co.*,
796 F.2d 533 (D.C. Cir. 1986) ..... 7

*Dombrowski v. Pfister*,
380 U.S. 479 (1965) ..... 9

*Eisai, Inc. v. U.S. Food & Drug Admin.*,
134 F. Supp. 3d 384 (D.D.C. 2015) ..... 8

*Farrell v. Pompeo*,
424 F. Supp. 3d 1 (D.D.C. 2019) ..... 7

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
955 F.3d 106 (D.C. Cir. 2020) ..... 6

*Fisher v. Pension Benefit Guar. Corp.*,
151 F. Supp. 3d 159–66 (D.D.C. 2016) ..... 8

*Harbison v. Bell*,
556 U.S. 180 (2009) ..... 2

* *Hill v. McDonough*,
547 U.S. 573 (2006) ..... 4, 5

*John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*,
195 F. Supp. 3d 9 (D.D.C. 2016) ..... 9

*King-Seeley Thermos Co. v. Aladdin Indus., Inc.*,
418 F.2d 31 (2d Cir. 1969) ..... 9

* *Kisor v. Wilkie*,
139 S. Ct. 2400 (2019) ..... 8

*LeCroy v. United States*,
975 F.3d 1192 (11th Cir. 2020) ..... 4

*Movie Sys., Inc. v. MAD Minneapolis Audio Distrib.*,
717 F.2d 427 (8th Cir. 1983) ........................................ 9

*Nat'l Wildlife Fed'n v. Burford*,
835 F.2d 305 (D.C. Cir. 1987) ........................................ 9

* *Nken v Holder*,
556 U.S. 418 (2009) ........................................ 4, 5

*Regal Knitwear Co. v. N.L.R.B.*,
324 U.S. 9 (1945) ........................................ 10

*S.A. Storer & Sons Co. v. Sec'y of Labor*,
360 F.3d 1363 (D.C. Cir. 2004) ........................................ 8

*Scripps-Howard Radio v. F.C.C.*,
316 U.S. 4 (1942) ........................................ 5

*Sec'y of Labor, Mine Safety & Health Admin. v. W. Fuels-Utah, Inc.*,
900 F.2d 318 (D.C. Cir. 1990) ........................................ 7

*Sierra Club v. Jackson*,
833 F. Supp. 2d 11 (D.D.C. 2012) ........................................ 5

*Steenholdt v. Fed. Aviation Admin.*,
314 F.3d 633 (D.C. Cir. 2003) ........................................ 7

*United States v. Philip Morris USA Inc.*,
686 F.3d 839 (D.C. Cir. 2012) ........................................ 9, 10

* *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*,
985 F. Supp. 2d 23 (D.D.C. 2013) ........................................ 9, 10

**Statutes & Regulations**

18 U.S.C. § 3599 ........................................ 1, 2, 3, 7

28 C.F.R. § 26.3 ........................................ *passim*

28 C.F.R. § 26.4 ........................................ 6, 7, 8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-03261-RDM** |
| | ) | |
| **WILLIAM P. BARR, *et. al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO CLARIFY AND/OR MODIFY**
**NOVEMBER 19, 2020 PRELIMINARY INJUNCTION ORDER**

Plaintiff Lisa Marie Montgomery respectfully moves for this Court to clarify, modify, or otherwise order enforcement of its November 19, 2020 Memorandum and Order granting Mrs. Montgomery injunctive relief in the form of a stay of execution through December 31, 2020. Counsel hereby submits this memorandum of law in support thereof and requests that the Court grant the Motion and enter Plaintiff's proposed order.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The facts relevant to this motion are largely undisputed. On October 16, 2020, Defendants notified Mrs. Montgomery that her execution would be carried out on December 8, 2020. On November 12, 2020, Mrs. Montgomery filed a complaint alleging statutory and constitutional violations under 18 U.S.C. § 3599 and the Fifth Amendment's Due Process Clause. Dkt. 1. Specifically, she argued that her statutory and constitutional rights to access the clemency process were infringed because the capitally qualified attorneys appointed to represent her pursuant to Section 3599 had been infected with the Covid-19 virus and were unavailable to prepare and file a clemency application on her behalf. Dkt. 1.

On November 19, 2020, the Court stayed Mrs. Montgomery's execution. The Court found it necessary to "stay Plaintiff's execution—briefly—to permit Harwell and Henry to recover." Dkt. 19 at 21, 24 ("briefly staying Plaintiff's execution date to permit Harwell and Henry to finalize her clemency petition"). In so doing, the Court found that "Plaintiff's two experienced death penalty lawyers, Harwell and Henry, are both suffering from more severe symptoms of COVID-19, which they acquired while striving to represent their client." *Id*. at 14 (internal citations and quotation marks omitted). The Court credited the declarations submitted by Harwell and Henry, as well as the expert declaration of Mark J. Davis, M.D., and found Harwell and Henry were unable to assist Plaintiff because of their illness. *Id*. at 15–16. The Court further credited attorney Lisa Nouri's declaration explaining that she sought appointment of capitally qualified co-counsel because of her inexperience with capital litigation. *Id.* at 19. The court found that "Harwell and Henry have not dragged their feet and have not engaged in any gamesmanship" and that there is "no reason to believe that either Harwell or Henry was less than diligent in this matter." *Id*. Based on these facts, the Court found that Plaintiff's counsel—albeit through no fault of their own—had "effectively abandoned" her. *Id*. at 22.

The Court found that Mrs. Montgomery was likely to suffer irreparable harm in the absence of preliminary relief. Without an injunction, the Court found that there was insufficient time for Harwell and Henry to recover and prepare a clemency petition consistent with the dictates of 18 U.S.C. § 3599. *Id*. at 22. The Court found that without a stay of execution, Mrs. Montgomery's loss would be irremediable: "If the execution proceeds as scheduled on December 8, 2020, Plaintiff will lose her statutory right to meaningful representation by counsel in the clemency process and would be deprived of meaningful access to the 'fail safe' of the criminal justice system." *Id.* at 23 (citing *Harbison v. Bell,* 556 U.S. 180, 192 (2009)). The Court also found that the balance of the

equities and public interest favored Mrs. Montgomery, citing the public's interest in a "lawful process leading to possible execution," the "gravity of the circumstances," and "the extraordinary circumstances of the pandemic." *Id.*

Accordingly, the Court granted a stay of execution, ordering that the "Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiff Lisa Marie Montgomery before December 31, 2020." Dkt. 20. The Court further directed Mrs. Montgomery's lawyers to seek the appointment of additional counsel, or to recruit assistance from the Federal Public Defender's office, if they were unable to file a clemency petition by December 24, 2020. Dkt. 19 at 24.

On November 23, 2020, Defendants notified the Court that notwithstanding this Court's stay, Defendants had designated a new date for Mrs. Montgomery's execution, entering a new death warrant for January 12, 2021. Dkt. 21.

On November 24, Defendants filed an "Emergency Motion to Clarify Order Granting Preliminary Injunction." Dkt. 22. The filing made clear that the Defendants understood the Court's order as setting a "*de facto* deadline for filing the remainder of the clemency petition." Dkt. 22-2 at 1. Kara Gillespie, Senior Attorney Advisor in the Office of the Pardon Attorney, stated that her office would be willing to accept supplemental clemency filings until December 31, 2020. *Id.* at 2. In response, this Court issued a Minute Order specifying that "[i]n staying Plaintiff's execution date until December 31, 2020," the Court did not relieve Plaintiffs' counsel of their continuing obligations under federal law, specifically the obligation to represent Plaintiff in post-conviction and clemency proceedings under 18 U.S.C. § 3599. Minute Order Nov. 25, 2020.

## II. ARGUMENT

"[A] stay of execution is an equitable remedy." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Like any stay, a stay of execution "prevent[s] some action before the legality of that action has been conclusively determined . . . by temporarily suspending the source of authority to act." *Nken v Holder*, 556 U.S. 418, 428, 429 (2009). Accordingly, the Government's own regulations provide that the Government's authority to set a new execution date is suspended so long as the stay is in effect: under 28 C.F.R. § 26.3, when a stay of execution is in place, a new execution date may not be set until both "the date designated for execution passes," and (2) "the stay is lifted." 28 C.F.R. § 26.3(a)(1). These regulations "sensibly recognize—as they must—a court's authority to stay or enjoin a scheduled execution." *LeCroy v. United States*, 975 F.3d 1192, 1196 (11th Cir. 2020).

Here, this Court "stay[ed] Plaintiff's execution date until December 31, 2020." Minute Order Nov. 25, 2020. Nevertheless, while that stay was in effect, the Government "rescheduled the execution of Plaintiff Lisa Montgomery for January 12, 2021." Dkt. 21. The Government's action to designate a new execution date for Mrs. Montgomery during the pendency of this Court's stay violated both this Court's order entering a stay and the Government's own regulations. As a result, Plaintiff respectfully requests that this Court clarify and/or modify its order of November 19, 2020 to establish (1) that this Court's stay suspended Defendants' authority to designate a new execution date during the pendency of the stay; and (2) that nothing in the Court's order relieved Defendants of their independent obligation under federal law to wait until "the stay is lifted" to designate a "new date" of execution under 28 C.F.R. 26.3.

**A. Defendants Violated This Court's Stay Of Execution By Designating A New Execution Date While This Court's Stay Remains In Effect.**

As noted above, *Nken* made clear that a stay "prevent[s] some action before the legality of that action has been conclusively determined." *Nken*, 556 U.S. at 418. And it does that in a particular way: "by temporarily suspending the source of authority to act." *Id.* In the agency context, a stay of an order thus "set[s] aside … the source of the Government's authority" during the pendency of the stay, *id.* at 429, and thereby prevents "*administrative* alteration of the status quo," *id.* at 429 n.1. After all, "[i]f the administrative agency has committed errors of law for the correction of which the legislature has provided appropriate resort to the courts, such judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made." *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 10 (1942) (Frankfurter, J.).

A stay of execution is no different. It is "an equitable remedy" obtained if the applicant can "satisfy all of the requirements for a stay" that apply to "other stay applicants." *Hill*, 547 U.S. at 584. It operates in the same way, "by temporarily suspending" the Government's "authority to act" on a sentence during the pendency of the stay. *Nken*, 556 U.S. at 428–29. A stay, in other words, is strong—albeit short-term—medicine. Consequently, a stay of execution is not lightly granted. *See Hill*, 547 U.S. at 583–84 ("order staying an execution" is not granted "as a matter of course").

This Court found that a stay of execution was warranted, based on standard factors supporting stays and injunctions,[1] to protect Plaintiff's statutory right to counsel to assist in the clemency process. *See e.g.*, Dkt. 24 ("The Court will enter an order briefly staying Plaintiff's

---

[1] *See Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 30 (D.D.C. 2012) (courts evaluate motion to stay agency action using the same four-part factor test used to evaluate requests for preliminary injunctions); *accord Bauer v. DeVos* 325 F. Supp. 3d 74, 105 (D.D.C. 2018).

execution date"); Dkt. 21 (explaining that "it is sufficient for the Court to stay Plaintiff's execution"). The order staying Mrs. Montgomery's execution temporarily set aside the Government's authority to act with respect to Mrs. Montgomery's execution. Yet, by designating a new date of execution during the pendency of this Court's stay, the Government altered the very thing this Court had stayed: the scheduled date of Mrs. Montgomery's execution. That action contravened this Court's Order.

**B. Defendants Violated Federal Regulations By Designating A New Execution Date.**

Federal regulations promulgated by the Attorney General specify how the federal death penalty is to "be carried out," including "the time and place of execution [and] when the prisoner must be notified of the execution." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 109 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr, No.* (19A1050), 2020 WL 3492763 (U.S. June 29, 2020). As relevant here, those regulations unambiguously state that "[i]f the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons *when the stay is lifted*." 28 C.F.R. § 26.3(a)(1) (emphasis added). In other words, federal regulations reflect an understanding that the Director may not act with respect to a date of execution during the pendency of a court-ordered stay.

After a stay is lifted, federal regulations further specify that a prisoner should receive at least twenty days' notice of any new execution date, but for circumstances not present here:

> The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible.

28 C.F.R. § 26.4(a)

At the time this Court stayed Mrs. Montgomery's execution, it specified that the stay would expire on December 31, 2020. Dkt. 19 at 24. Under the unambiguous language of 28 C.F.R. § 26.3(a)(1), Defendants were constrained to wait until the original date of execution passed and until the stay expired before rescheduling Mrs. Montgomery's execution date. Defendants did neither.

Because this Court's stay is set to expire on December 31, 2020, the earliest date on which Defendants could designate a new execution date in accordance with federal regulations is January 1, 2021. And on that date, the Defendants must provide at least 20 days' notice to Mrs. Montgomery of the newly designated date—which would fall, at the earliest, on January 21, 2021.

"It is axiomatic that an agency must adhere to its own regulations." *Brock v. Cathedral Bluffs Shale Oil Co.*, 796 F.2d 533, 536 (D.C. Cir. 1986) (Scalia, J.); *see Sec'y of Labor, Mine Safety & Health Admin. v. W. Fuels-Utah, Inc.*, 900 F.2d 318, 325 (D.C. Cir. 1990) ("No one doubts or denies the veracity of the 'elementary' and 'axiomatic' proposition that an agency must follow its own regulations."). This basic principle applies even with respect to "procedural rules that limit otherwise discretionary actions"—there, as elsewhere, "'[f]ederal agencies must follow their own rules.'" *Farrell v. Pompeo*, 424 F. Supp. 3d 1, 22 (D.D.C. 2019) (quoting *Steenholdt v. Fed. Aviation Admin.*, 314 F.3d 633, 639 (D. C. Cir. 2003)).

Nothing in this Court's November 19 order permitted Defendants to disregard their obligations under federal regulations. Just as this Court has clarified that its Order did not "relieve[]" Plaintiffs' counsel "of their obligations, pursuant to 18 U.S.C. § 3599, to represent Plaintiff in post-conviction and clemency proceedings," this Court should clarify that its order did not relieve Defendants of their obligation to follow the binding instructions in 28 C.F.R. §§ 26.3 and 26.4.

Nor can Defendants escape the clear meaning of 28 C.F.R. §§ 26.3 and 26.4 by adopting an implausible interpretation of what those rules require. An agency's interpretation of federal regulations is not entitled to deference unless the regulation is "genuinely ambiguous, even after a court has restored to all the standard tools of interpretation." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019). As a result, if an agency's interpretation of a regulation is "incompatible with [a regulation's] plain language, [a court] cannot accept it." *S.A. Storer & Sons Co. v. Sec'y of Labor*, 360 F.3d 1363, 1369 (D.C. Cir. 2004); *see also Fisher v. Pension Benefit Guar. Corp.*, 151 F. Supp. 3d 159, 165–66 (D.D.C. 2016) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)) (where an agency's interpretation of its regulation is "plainly erroneous or inconsistent with the regulation," the court need not defer to its interpretation); *Eisai, Inc. v. U.S. Food & Drug Admin.*, 134 F. Supp. 3d 384, 391 (D.D.C. 2015) (The regulation's "plain language" or "other indications of the [agency's] intent at the time of the regulation's promulgation" supersede agency interpretation).

The language of 28 C.F.R. § 26.3 is clear and unambiguous. It provides that, when a stay of execution is in effect, two conditions precedent must occur before the Director of the Federal Bureau of Prisons may designate a new date of execution: (1) the original "date designated for execution" must "pass"; and (2) the stay must be "lifted." Then, and only then, may the Director lawfully designate a new date of execution.[2]

---

[2] Due to the time-sensitive nature of this matter and out of an abundance of caution, Plaintiff has filed a Motion for Leave to Supplement her Complaint simultaneous to the instant Motion, in order to assert new claims based upon this intervening action by Defendants. This supplementation will include, *inter alia*, claims that the Defendant's November 23, 2020 designation of a new execution date violated the Administrative Procedure Act (APA). If the Court clarifies or modifies its November 19, 2020 Order to make clear that Defendants may not lawfully designate a new execution date for Mrs. Montgomery pursuant to 28 C.F.R. §§ 26.3 and 26.4 until January 1, 2021, that may avoid the need for relief on some of the supplementary claims.

### C. This Court Has the Power to Clarify and/or Modify its Injunctive Decrees.

This Court retains jurisdiction and enforcement power over its continuing orders, including the authority to modify an injunction and "the lesser power to clarify the injunction to supervise compliance." *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013); *accord Abbott Labs. v. Torpharm, Inc.*, 503 F.3d 1372, 1379 (Fed. Cir. 2007) (noting that, unless provided otherwise by statute, "courts maintain their inherent authority to enforce their own injunctions under well-established principles of equity"). Because these powers sound in equity, they are "broad, and flexible[.]" *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 14 (D.D.C. 2016). Thus, the Court may make any clarifications or changes "that are equitable in light of subsequent changes in the facts or the law, or for any other good reason." *Movie Sys., Inc. v. MAD Minneapolis Audio Distrib.*, 717 F.2d 427, 430 (8th Cir. 1983); *see also, e.g.*, *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 325 (D.C. Cir. 1987) (noting the discretionary nature of the district court's powers over its injunctive orders); *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir. 1969) (noting that the source of the court's power stems from "the fact that an injunction often requires continuing supervision by the issuing court," and that the court should show "a continuing willingness to apply its power and processes on behalf of the party who obtained that equitable relief").

A court should distinguish between a clarification and a modification of an injunction based on the "actual effect" of its decision. *United States v. Philip Morris USA Inc.*, 686 F.3d 839, 844–45 (D.C. Cir. 2012). Modification of an injunction is generally appropriate in response to changed conditions and where the grant thereof "actually changes the legal relationship of the parties to the decree[.]" *Id.*; *c.f.*, *Dombrowski v. Pfister*, 380 U.S. 479, 492 (1965); *John Doe Co. No. 1*, 195 F. Supp. 3d at 14. In contrast, clarification of an injunctive order makes no change to the legal

relationship between the parties and instead simply "make[s] explicit what is already implicitly so." *Washington Metro.*, 985 F. Supp. 2d at 30; *Philip Morris*, 686 F.3d at 845; *see also Am. Council of Blind v. Mnuchin*, 396 F. Supp. 3d 147, 177 (D.D.C. 2019) (noting that a district court may "tighten a decree" in response to a plaintiff's motion to modify, in order to "enforce the terms" of the previously issued injunction), *aff'd* 977 F.3d 1 (D.C. Cir. 2020).

This Motion is based upon new and changed conditions; namely, Defendants' designation of a new execution date in a manner that violates this Court's order and the plain language of federal regulations. Nonetheless, the requested relief would not change the legal relationship between the parties, but would merely "make explicit what is already implicitly so," *Washington Metro*., 985 F. Supp. 2d at 30—namely, it would clarify that the Court's Order prevents Defendants from altering the very execution date that this Court stayed, and that nothing in the Order excused Defendants from their obligation to follow federal law.[3]

## III. CONCLUSION

Wherefore, the Court should **GRANT** Plaintiff's Motion, and enter the proposed order attached hereto.

---

[3] Clarification is especially warranted where withholding clarification might leave a party "in the dark as to their duty towards the court" and lead to further litigation concerning whether parties should be held in contempt for violating court orders. *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945) (noting that the parties and the courts have an interest in avoiding contempt proceedings for violations of courts orders). District courts possess many ways to ensure compliance with their orders and punish disobedience thereto, up to and including civil and criminal contempt against the parties and/or their attorneys. The instant Motion merely asks the Court to make explicit that which is implicit in the November 19, 2020 Memorandum and Order granting Mrs. Montgomery injunctive relief in the form of a stay of execution.

DATED: December 9, 2020

Respectfully Submitted,

*/s/ Sandra L. Babcock*
Sandra L. Babcock
Clinical Professor
International Human Rights Clinic
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690
za72@cornell.edu

Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289
Jm347@cornell.edu

Edward J. Ungvarsky
Ungvarsky Law, PLLC
D.C. Bar No. 459034
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084
ed@ungvarskylaw.com

Meaghan VerGow
O'Melveny & Myers LLP
D.C. Bar No. 977165
1625 Eye Street, N.W.
Washington, DC 20006
202.383.5504
mvergow@omm.com

Alec Schierenbeck
O'Melveny & Myers LLP
N.Y. Bar No. 5391008
7 Times Square
New York, NY 10036
212.728.5837
aschierenbeck@omm.com

**CERTIFICATE OF COMPLIANCE**

I, Sandra L. Babcock, hereby certify that, in compliance with Local Rule 7(m), I contacted opposing counsel, Johnny H. Walker, III, regarding this Motion in advance of this filing. Opposing counsel advised me that Defendants oppose this Motion.