UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LISA MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03261-RDM |
| | ) | |
| WILLIAM P. BARR, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EXPEDITED LEAVE OF COURT TO FILE SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule Civ. P. 15(d), Plaintiff Lisa Marie Montgomery respectfully moves for leave of Court to file a supplemental complaint based on events that occurred after the filing of the original complaint. Mrs. Montgomery's proposed supplemental complaint is attached hereto as Exhibit 1. In support of her motion, Mrs. Montgomery states the following:

**MEMORANDUM IN SUPPORT**

Federal Rule of Civil Procedure 15(d) empowers the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Arizona v. California*, 530 U.S. 392, 409 & n. 4 (2000). "An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1504 (3d. ed. Sept. 2018 update) (footnotes omitted); *see also Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000) (characterizing Rule 15 as "permissive for the parties and

discretionary for the court"). As the D.C. Circuit has explained, supplemental pleadings pursuant to Rule 15(d) are appropriate to "set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [or] to include new parties where subsequent events have made it necessary to do so." *United States v. Hicks*, 283 F.3d 380, 385–86 (D.C. Cir. 2002) (internal citation and quotation marks omitted).

Mrs. Montgomery's proposed supplemental complaint is appropriate under this standard.

The allegations and claims asserted in the supplemental complaint arise from developments postdating the original complaint, *viz.*, Defendants' improper designation of an execution date for Mrs. Montgomery contrary to the stay in place in this action. On November 19, this Court granted Mrs. Montgomery a limited stay of execution, until January 1, 2020. Dkt. 19, 20. Under 28 C.F.R. § 26.3(a)(1), "If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons *when the stay is lifted*." (emphasis added). On November 23, 2020, while the Court's stay remained pending, Defendants designated January 12, 2021 as the new date of execution for Mrs. Montgomery. That action contravenes 28 C.F.R. § 26.4(a) and the Federal Death Penalty Act, and the proposed supplemental complaint asserts claims that arise accordingly. *See* Exhibit 1, pp. 5-8.

Permitting the proposed supplementation of the complaint will avoid cost and delay. *See Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401-02 (E.D. Wis. 2008) (supplemental pleadings are an important tool that "serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted") (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)). The facts and claims in the supplemental complaint directly relate to this cause of action and implicate the enforcement of this Court's orders. For all of the reasons

stated above, Plaintiffs respectfully request that this Court grant Plaintiffs' Expedited Motion for Leave to File Supplemental Complaint.

DATED: December 9, 2020

Respectfully Submitted,

 /s/ *Sandra L. Babcock*
Sandra L. Babcock
Clinical Professor
International Human Rights Clinic
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu


Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690
za72@cornell.edu


Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289
Jm347@cornell.edu


Edward J. Ungvarsky
Ungvarsky Law, PLLC
D.C. Bar No. 459034
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084
ed@ungvarskylaw.com

3

Meaghan VerGow  
O'Melveny & Myers LLP  
D.C. Bar No. 977165  
1625 Eye Street, N.W.  
Washington, DC 20006  
202.383.5504  
mvergow@omm.com  

Alec Schierenbeck  
O'Melveny & Myers LLP  
N.Y. Bar No. 5391008  
7 Times Square  
New York, NY 10036  
212.728.5837  
aschierenbeck@omm.com  

## CERTIFICATE OF COMPLIANCE

I, Sandra L. Babcock, hereby certify that, in compliance with Local Rule 7(m), I contacted opposing counsel, Johnny H. Walker, III, regarding this Motion in advance of this filing. Opposing counsel advised me that Defendants oppose this Motion.