UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LISA MONTGOMERY | ) | |
| Federal Medical Center Carswell | ) | |
| 3000 I Street | ) | |
| Fort Worth, TX 76127, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-3261-RDM |
| | ) | |
| WILLIAM P. BARR | ) | |
| Attorney General of the United States | ) | |
| In his official capacity | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| JEFFREY A. ROSEN | ) | |
| Deputy Attorney General of the United States | ) | |
| In his official capacity | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| ROSALIND SARGENT-BURNS | ) | |
| Acting Pardon Attorney | ) | |
| In her official capacity | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| MICHAEL CARVAJAL | ) | |
| Director, Federal Bureau of Prisons | ) | |
| In his official capacity | ) | |
| 320 First St. NW | ) | |
| Washington, DC 20534 | ) | |
| | ) | |
| BARB von BLACKENSEE | ) | |
| Regional Director of the North Central | ) | |
| Region of the BOP | ) | |
| In her official capacity | ) | |
| 400 State Avenue, Suite 800 | ) | |
| Kansas City, KS 66101 | ) | |
| | ) | |
| MICHAEL CARR | ) | |
| Warden, Federal Medical Center Carswell | ) | |
| In his official capacity | ) | |

| | |
|---|---|
| **3000 I Street** | ) |
| **Fort Worth, TX 76127** | ) |
| | ) |
| **T.J. WATSON** | ) |
| **Warden, Federal Correctional Complex** | ) |
| **Terre Haute** | ) |
| **In his official capacity** | ) |
| **4700 Bureau Road South** | ) |
| **Terre Haute, IN 47802** | ) |
| | ) |
| **ALIX M. McLEAREN** | ) |
| **National Administrator of Women** | ) |
| **And Special Populations** | ) |
| **Federal Bureau of Prisons** | ) |
| **In her official capacity** | ) |
| **320 First Street, NW** | ) |
| **Washington, DC 20534** | ) |
| | ) |
| **DEPARTMENT OF JUSTICE** | ) |
| **950 Pennsylvania Avenue, NW** | ) |
| **Washington, DC 20530** | ) |
| | ) |
| **OFFICE OF THE PARDON ATTORNEY** | ) |
| **950 Pennsylvania Avenue, NW** | ) |
| **Washington, DC 20530** | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS** | ) |
| **320 First St., NW** | ) |
| **Washington, DC 20534,** | ) |
| | ) |
| **Defendants.** | ) |

## SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT

### I.
### Nature of Action

1.      Plaintiff Lisa Montgomery (Mrs. Montgomery) submits this supplemental complaint pursuant to Fed. R. Civ. P. 15(d) and seeks injunctive and declaratory relief pursuant to the

1

Administrative Procedure Act and asks the Court to "hold unlawful and set aside agency action . . . not in accordance with law." 5 U.S.C. § 706.

2. This supplemental complaint incorporates all facts and allegations contained in Mrs. Montgomery's November 12, 2020, complaint. Dkt. 1.

3. The purpose of this supplemental complaint is to allege new claims that arise based upon events that occurred after the filing of the original complaint. As such, a supplemental complaint pursuant to Rule 15(d) is appropriate. "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [or] to include new parties where subsequent events have made it necessary to do so." *United States v. Hicks*, 283 F.3d 380, 385–86 (D.C. Cir. 2002) (internal citation and quotation marks omitted).

## II.

## Parties

4. The parties to this supplemental complaint are the same as the original complaint filed on November 12, 2020. Dkt. 1.

## III.

## Jurisdiction and Venue

5. Jurisdiction and venue remain the same as was invoked in the original complaint. Dkt. 1.

## IV.

## Factual Background

1. **<u>Defendants Improperly Designated a New Execution Date for Mrs. Montgomery During the Pendency of This Court's Order Staying Mrs. Montgomery's Execution.</u>**

6. On November 19, 2020, the Court stayed Mrs. Montgomery's execution and enjoined the Defendants from executing Mrs. Montgomery until December 31, 2020. The Court's decision explained that it was "staying Plaintiff's execution date." Dkt. No. 19 at 24. The Court ordered "that Defendants (along with their respective successors in office, officers, agents, servants, employees, attorneys, and anyone acting in concert with them) are enjoined from executing Plaintiff Lisa Marie Montgomery before December 31, 2020." Dkt. 20.

7. The Court subsequently observed that its November 19 Order "stay[ed] Plaintiff's execution date until December 31, 2020." *See* Minute Order, Nov. 25, 2020.

8. On November 23, 2020, Defendants notified Mrs. Montgomery that they had designated a new execution date of January 12, 2021. Defendants provided an accompanying notice to the Court the same day. Dkt. 21.

9. Federal regulations govern the procedure for setting federal executions.

10. 28 C.F.R. § 26.3(a)(1) provides: "If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted."

11. 28 C.F.R. § 26.4(a) states: "The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible."

12. The Federal Death Penalty Act (FDPA), in relevant part, provides that: "When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a).

13. Mrs. Montgomery was convicted in the Western District of Missouri. *United States v. Montgomery*, 635 F.3d 1074, 1079 n.1 (8th Cir. 2011).

14. Missouri Supreme Court Rules provide that "[a]ny date of execution shall be at least 90 days but not more than 120 days after the date the order setting the date is entered." Mo. Sup. Ct. R. 30.30(f).

15. Under Missouri law, authorities "shall not be required to execute more than one warrant of execution per month" *Id.*

16. Defendants intend to execute Cory Johnson on January 14, 2021, and Dustin Higgs on January 15, 2021. Upcoming Executions, Death Penalty Information Center, https://deathpenaltyinfo.org/executions/upcoming-executions (last accessed Dec. 7, 2020).

V.

**CAUSES OF ACTION**

17. Plaintiff incorporates the preceding paragraphs by reference.

18. Plaintiff is '[a] person suffering legal wrong because of agency action [and] . . . is entitled to judicial review thereof." 5 U.S.C. § 702.

19. Specifically, Plaintiff alleges that Defendants have acted in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

**Supplemental Claim I**

**Failure to Act in Accordance with 28 C.F.R. §§ 26.3 and 26.4
and the Administrative Procedure Act**

20. Plaintiff realleges and incorporates herein by reference the allegations contained in all of the preceding paragraphs.

21. By scheduling Mrs. Montgomery's execution while the Court's November 19, 2020 stay was in place, Defendants violated the plain terms of 28 C.F.R. § 26.3. The plain language of this regulation mandates that Defendant Carvajal may only designate a new execution date upon the passage of the original execution date and after the Court's stay is lifted. 28 C.F.R. § 26.3.

22. The new execution date designated by Defendants—January 12, 2021—also violates 28 C.F.R. § 26.4, which requires that a prisoner receive notice "of the date designated for execution at least 20 days in advance." Because, under § 26.3, Defendants may not designate a new execution date until after Court's stay is lifted, *i.e.* until at least January 1, 2021, the earliest possible execution date that Defendants may lawfully designate is January 21, 2021—20 days after the stay is lifted.

23. Under the Administrative Procedure Act (APA), a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be" (as relevant): (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (b) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; or (c) "without observance of procedure required by law." 5 U.S.C. § 706(2).

24. Defendants' designation of a new execution date is an agency action within the meaning of the APA.

5

25. By acting in contravention of 28 C.F.R. §§ 26.3 and 26.4, Defendants have acted in an "arbitrary" and "capricious" manner, "abuse[d] their discretion," and acted "not in accordance with law." 5 U.S.C. § 706(2)(A).

26. By acting in contravention of 28 C.F.R. §§ 26.3 and 26.4, Defendants have acted in "in excess of statutory jurisdiction, authority or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

27. By acting in contravention of 28 C.F.R. §§ 26.3 and 26.4, Defendants have acted "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

## Supplemental Claim II

### Failure to Act in Accordance with 18 U.S.C. § 3596(a) and the Administrative Procedure Act

28. Plaintiff realleges and incorporates herein by reference the allegations contained in all of the preceding paragraphs.

29. The Federal Death Penalty Act (FDPA) specifies that "[w]hen the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a).

30. Controlling precedent of this Circuit "holds that the FDPA requires the government to carry out executions consistent with the level of detail provided for by state laws and regulations." *In re Federal Bureau of Prisons' Execution Protocol Cases*, Case No. 19-mc-145 (TSC), slip op. at 10 (D.D.C. Dec. 6, 2020) (citing *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 133 (D.C. Cir. 2020), *cert. denied sub nom. Bourgeois v. Barr*, No. (19A1050), 2020 WL 3492763 (U.S. June 29, 2020)).

31. Defendants' failure to schedule Mrs. Montgomery's execution 90 to 120 days after expiration of the stay violates Mo. Sup. Ct. R. 30.30(f), which is incorporated by the FDPA.

32. Defendants' decision to schedule three executions in January 2021 also violates Mo. Sup. Ct. R. 30.30(f) by exceeding the total number of executions permitted under Missouri law.

33. Under the Administrative Procedure Act (APA), a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be" (as relevant): (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (b) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; or (c) "without observance of procedure required by law." 5 U.S.C. § 706(2).

34. By failing to comply with the applicable Missouri procedures that are incorporated by the FDPA, Defendants have acted in an "arbitrary" and "capricious" manner, "abuse[d] their discretion," and acted "not in accordance with law." 5 U.S.C. § 706(2)(A).

35. By failing to comply with the applicable Missouri procedures that are incorporated by the FDPA, Defendants have acted "in excess of statutory jurisdiction, authority or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

36. By failing to comply with the applicable Missouri procedures that are incorporated by the FDPA, Defendants have acted "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

## V.

## Prayer for Relief

37. WHEREFORE, Plaintiff prays for relief as follows:

38. With respect to the claims arising under 28 C.F.R. §§ 26.3 and 26.4, an order holding unlawful and setting aside Defendants' November 23, 2020, notice and designation of the January 12, 2021 execution date.

39. With respect to the claims arising under FDPA and the statutory provisions incorporating Missouri law, an order holding unlawful and setting aside Defendants' November 23, 2020, notice and designation of the January 12, 2021 execution date.

40. With respect to claims arising under 28 C.F.R. §§ 26.3 and 26.4, a temporary restraining order and/or a preliminary injunction preventing defendants and all persons acting under their authority, direction, or control from issuing an execution notice until the expiration of the previously entered stay, set to expire on December 31, 2020.

41. With respect to claims arising under the FDPA and the incorporated state law provisions, a temporary restraining order and/or a preliminary injunction requiring defendants and all persons acting under their authority, direction, or control to reschedule Mrs. Montgomery's execution between 90 and 120 days after the expiration of the Court's stay, presently set to expire December 31, 2020.

42. With respect to claims arising under the FDPA and the incorporated state law provisions, for a temporary restraining order and/or a preliminary injunction preventing defendants and all persons acting under their authority, direction, or control, from executing more than one individual in January 2021.

DATED:       December 9, 2020

                                                            Respectfully submitted,

                                                            */s/ Sandra L. Babcock*

8

Sandra L. Babcock
Clinical Professor, International Human Rights Clinic
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690
za72@cornell.edu

Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289
Jm347@cornell.edu

Edward J. Ungvarsky
Ungvarsky Law, PLLC
D.C. Bar No. 459034
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084
ed@ungvarskylaw.com

Meaghan VerGow
O'Melveny & Myers LLP
D.C. Bar No. 977165
1625 Eye Street, N.W.
Washington, DC 20006
202.383.5504
mvergow@omm.com

Alec Schierenbeck
O'Melveny & Myers LLP
N.Y. Bar No. 5391008
7 Times Square
New York, NY 10036

212.728.5837
aschierenbeck@omm.com

10