

**U.S. Department of Justice**

**MICHAEL BAILEY**
United States Attorney
District of Arizona

Two Renaissance Square     Main: (602) 514-7500
40 N. Central Ave., Suite 1800     Main Fax: (602) 514-7693
Phoenix, AZ 85004-4408

July 29, 2020

**FILED VIA ECF**

Molly Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

**Re:** *Lezmond Charles Mitchell v. United States of America*, No. 18-17031
D. Ct. Nos. 3:09-cv-08089-DGC, 3:01-cr-01062-DGC
Opinion Issued April 30, 2020
Panel: Sandra S. Ikuta, Morgan B. Christen, and Andrew D. Hurwitz, JJ.
Letter Correspondence to the Court

Dear Ms. Dwyer,

Defendant Lezmond Charles Mitchell was convicted of multiple federal crimes and sentenced to death by the U.S. District Court for the District of Arizona in 2003. This Court affirmed his conviction and sentence in 2007 and affirmed the denial of a motion for collateral relief in 2015. Mitchell subsequently filed a Rule 60(b)(6) motion seeking to reopen his collateral-relief proceeding, which the district court denied in September 2018. Mitchell then filed this appeal. (Dkt. 2.)

In July 2019, the Federal Bureau of Prisons (BOP) scheduled Mitchell's execution for December 2019. In October 2019, this Court stayed the execution "pending resolution of the appeal" over a dissent from Judge Ikuta. (Dkt. 26 at 1.) In April 2020, a panel of this Court unanimously affirmed the district court's decision, with Judges Christen and Hurwitz issuing concurring opinions. (Dkt. 37.) Three weeks ago, the panel denied Mitchell's petition for rehearing, and his petition for rehearing en banc was denied without any judge calling for a vote. (Dkt. 39.) Mitchell then moved to stay the mandate pending disposition of a petition for certiorari. (Dkt. 40.) In opposing that motion, the government represented that it would not execute Mitchell until August 24, 2020, at the earliest, which gave

Ltr. to Clerk of Court re: *Lezmond Charles Mitchell v. United States of America*
July 29, 2020
Page 2

Mitchell more than a month to seek a stay from the Supreme Court. (Dkt. 41 at 12.) On July 15, 2020, a majority of the panel denied Mitchell's motion. (Dkt. 45.)

On July 20, 2020, Mitchell filed a second petition for rehearing en banc, this time seeking review of the denial of his motion to stay the mandate. (Dkt. 46.) In that filing, Mitchell stated that "[a]bsent further order, the mandate will issue on July 22, 2020" pursuant to Federal Rule of Appellate Procedure 41(b). (Dkt. 46 at 4.) The government agreed. The Court, however, did not issue the mandate on July 22, and a week has now passed since that date, suggesting that the Court may be withholding issuance of the mandate while it considers Mitchell's second petition.

I am writing to notify the Court that, after carefully considering the weighty issues presented by this case and other factors governing the selection of an execution date, the government has rescheduled Mitchell's execution for August 26, 2020. *See Attachment*. Rescheduling the execution for that date is consistent with the government's prior representation to this Court (Dkt. 41 at 12) and reflects the principle that implementation of a lawful sentence postponed by a stay should be rescheduled as promptly as possible.

To be clear, BOP will not conduct the execution if this Court's stay (Dkt. 26) remains in place. But given the amount of time that has already elapsed—the stay was entered nearly ten months ago, Mitchell's initially-scheduled execution date passed more than seven months ago, the panel affirmed the district court's decision nearly three months ago, and both an en banc petition and a motion to stay the mandate have since been denied—it would be appropriate for the Court to expeditiously issue a decision on Mitchell's second petition (and, if it denies the petition, immediately issue the mandate) within roughly 21 days of the filing of that petition—*i.e.*, by roughly August 10, 2020. *See* Ninth Circuit Advisory Committee Note to Rules 35-1 to 35-3. A decision on that timetable would leave either party with more than two weeks to seek relief from the Supreme Court before the scheduled execution, in addition to the three weeks that Mitchell has already had to seek Supreme Court review since his first en banc petition was denied. In these circumstances, Mitchell should not be permitted to further extend the stay of execution. *Cf. United States v. Purkey*, No. 20A4, 2020 WL 3988688 (U.S. July 15, 2020) (vacating Seventh Circuit decision to enter a stay of execution even though the court had concluded that the inmate was not entitled to collateral relief).

This notice is intended to provide the Court and Mitchell with as much advance notice as reasonably possible under the circumstances. As the government recently explained to the Supreme Court, a scheduled federal execution date cannot readily be moved in light of BOP contractor availability and other complex logistical considerations. *See, e.g.*, Application at 37-38, *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (U.S. July 14, 2020). The government appreciates this Court's willingness to act with the "dispatch" the Supreme Court has indicated is appropriate in a capital case. *Barr v. Roane*, 140 S. Ct. 353, 353 (2019). The government stands ready to promptly file an opposition to Mitchell's second en banc petition or make any other submissions that would aid the Court's decisional process.

    Very truly yours,

    MICHAEL BAILEY

    *s/ Michael Bailey*
    United States Attorney
    District of Arizona

Filed By Counsel of Record:

    MICHAEL BAILEY
    United States Attorney
    District of Arizona

    Krissa M. Lanham
    Appellate Division Chief

    *s/ William G. Voit*
    William G. Voit
    Assistant United States Attorney

cc via ECF: Jonathan C. Aminoff & Celeste Bacchi, Assistant Federal Public Defenders, Counsel for Petitioner-Appellant

Ltr. to Clerk of Court re: *Lezmond Charles Mitchell v. United States of America*
July 29, 2020
Page 4

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ William G. Voit*
William G. Voit
U.S. Attorney's Office



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

---

July 29, 2020

Mr. Lezmond Charles Mitchell
Reg. No. 48685-008
Special Confinement Unit
United States Penitentiary
Terre Haute, Indiana 47802

Dear Mr. Mitchell:

The purpose of this letter is to inform you that a date has been set for the implementation of your death sentence, pursuant to the Judgment and Order issued on January 8, 2004, by Judge Mary H. Murguia of the United States District Court for the District of Arizona. This letter will serve as official notification that pursuant to Title 28, Code of Federal Regulations, Section 26.3(a)(1), the Director of the Federal Bureau of Prisons has set August 26, 2020, as the date for your execution by lethal injection.

Soon, I will come to your housing unit to personally discuss with you many of the details surrounding the execution. At that time, I will be available to answer any questions you may have regarding the execution process.

Sincerely,

T.J. Watson
Complex Warden

cc: The Honorable David G. Campbell, Senior Judge, U.S. District Court (D. Arizona)
    Ms. Debra D. Lucas, Acting Clerk of the Court (D. Arizona)
    Mr. Michael G. Bailey, United States Attorney (D. Arizona)
    Ms. Sharon Sexton, Assistant United States Attorney (D. Arizona)
    Mr. William Voit, Assistant United States Attorney (D. Arizona)
    Mr. Jonathan Aminoff, Assistant Federal Defender (California)
    Ms. Celeste Bacchi, Assistant Federal Defender (California)
    Mr. Josh Minkler, United States Attorney (S.D. Indiana)
    Mr. Joseph "Dan" McClain, U.S. Marshal (S.D. Indiana)
    Mr. Ethan P. Davis, Acting Assistant Attorney General, Civil Division
    Mr. Paul Perkins, Office of the Assistant Attorney General, Civil Division