UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEZMOND C. MITCHELL,
AKA Lezmond Charles Mitchell,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

C.A. No. 18-17031

D. Ct. No. 3:09-cv-08089-DGC
Criminal Case No. 3:01-cr-01062-DGC

**RESPONSE TO MOTION TO ENFORCE STAY OF EXECUTION AND TO STRIKE THE AUGUST 26, 2020 EXECUTION DATE**

**(Capital Case)**

**Ruling Requested by August 10, 2020**

Over the course of the past ten months, while his lawful sentence has been judicially stayed pending review in this Court, Mitchell has received full and fair consideration. More than three months ago, the Court unanimously ruled against him on the merits and affirmed the district court's order. The Court has since denied a petition for rehearing, denied rehearing en banc (with no judge calling for review), and denied a motion to stay the mandate. This Court's review of the merits has been thorough and is now fully exhausted upon ample deliberation. The only reason this case, and the stay of execution, remains pending in this Court is that Mitchell has filed a second petition for rehearing en banc challenging the denial of his motion to stay the mandate, and the mandate has not yet issued, apparently pending resolution of that second petition.

In these circumstances, the Department of Justice scheduled Mitchell's execution to facilitate carrying out his sentence promptly once the stay dissolves. Accordingly, on July 28, 2020, the Director of the Bureau of Prisons notified Mitchell that his execution was scheduled to take place on August 26, 2020. (*See* Dkt. 47.) However, rather than seeking Supreme Court review of his failed Rule 60(b) argument, which he could have done months ago and can do right now, Mitchell instead moves to enjoin the rescheduling of his execution.

Mitchell's motion effectively seeks new relief. To the extent he contends that the existing stay precludes simply scheduling his execution, his argument misconstrues the clear language of the Court's prior order. That order stayed "the execution"; it did not stay the scheduling of a new execution date at a time after the Court's stay should no longer be in place. (Dkt. 26 at 1.) And his argument overall disregards equitable principles that strongly militate against excessive judicial delay in promptly carrying out lawful death sentences. Indeed, the Supreme Court recently vacated a stay of execution entered by a Seventh Circuit panel after it had rejected the inmate's claims on the merits. *United States v. Purkey*, No. 20A4, 2020 WL 3988688 (U.S. July 15, 2020). This Court should not bar the government merely from setting an execution date while awaiting the denial of Mitchell's second rehearing petition and the issuance of the mandate.

The United States was clear that "BOP will not conduct the execution if this Court's stay (Dkt. 26) remains in place" on the newly-scheduled date. (Dkt. 47 at 2.) But the United States, the public, the victims, and victims' family members all have a powerful and legitimate interest in expeditious execution of this lawful sentence for the gruesome and depraved crimes Mitchell committed almost two decades ago. Nothing in the Court's prior stay order, in the law, or in the equities justifies Mitchell's efforts at delay, which would interfere with the government's steps simply to prepare for his execution.

It is in the strong interest of all parties for proceedings in this Court to conclude expeditiously. Notably, this includes Mitchell, who complains that his ability to seek further judicial review or executive clemency is hindered by the scheduling of his execution while this appeal technically remains pending in this Court. While that objection is meritless, it can and should be resolved by promptly denying his second petition for rehearing. The United States therefore respectfully requests that the motion be denied.

## BACKGROUND

Almost nineteen years ago, in October 2001, Mitchell carjacked, tortured, murdered, and dismembered a grandmother and a nine-year-old girl. In the ensuing years, he has been afforded all of the protections of the Constitution and laws of the United States. His conviction and sentence, first imposed in 2003, were fully affirmed in 2007. *United States v. Mitchell*, 502 F.3d 931 (9th Cir. 2007) ("*Mitchell I*"), *cert denied sub nom. Mitchell v. United States*, 553 U.S. 1094 (2008). As this Court held thirteen years ago, "the evidence was overwhelming," and "[b]y any reasonable measure, the mitigating factors proffered by Mitchell were weak when compared to the gruesome nature of the crimes and the impact they had on the victims' family." *Mitchell I*, 502 F.3d at 996.

In collateral proceedings filed in 2009, and spanning more than six additional years, neither the district court, nor this Court, nor the Supreme Court, found any reason to disturb that lawful conviction and sentence. *See Mitchell v. United States*, No. CV-09-8089-PCT-MHM, 2010 WL 3895691, at *1 (D. Ariz. Sept. 30, 2010) (denying habeas relief), *and Mitchell v. United States*, No. CV-09-8089-PCT-MHM, 2010 WL 5342960, at *1 (D. Ariz. Dec. 21, 2010) (denying Rule 59 motion to alter or amend judgment), *aff'd, Mitchell v. United States*, 790 F.3d 881 (9th Cir. 2015) ("*Mitchell II*") (affirming denial of habeas relief), *cert denied* 137 S.Ct. 38 (2016).

Most recently, for over two more years now, Mitchell has been litigating a Rule 60(b)(6) motion to reopen that long-final judgment, advancing the claim that *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017), implicitly created a new constitutional right to interrogate jurors after trial without any showing of good cause. His argument is contrary to the settled consensus of all federal Courts of Appeals to interpret *Peña-Rodriguez*. Thus, both the district court and this Court unanimously rejected his claim. *Mitchell v. United States*, No. CV-09-08089-PCT-DGC, 2018 WL 4467897, at *1 (D. Ariz. Sept. 18, 2018) (denying Rule 60(b)(6) relief), *aff'd*, *Mitchell v. United States*, 958 F.3d 775 (9th Cir. 2020) ("*Mitchell III*") (affirming denial of Rule 60(b)(6) relief). When the full Ninth Circuit was presented with this argument in response to a (first) en banc petition, "no judge requested a vote for en banc consideration." (Dkt. 39.)

Mitchell subsequently filed a motion to stay the mandate pending the filing of a petition for a writ of certiorari, and that motion was also denied. (Dkt. 40, 45.) But Mitchell then filed a *second* Petition for Rehearing and Rehearing En Banc (the "Second Petition") challenging the denial of his motion to stay the mandate. (Dkt. 46.) Although Mitchell himself expressed the expectation that the mandate should not be automatically delayed by the mere filing of the Second Petition (*see* Dkt. 46 at 4 ("Absent further order, the mandate will issue on July 22, 2020. FRAP 41(b).")), nevertheless the mandate has not yet issued.

## DISCUSSION

Mitchell has been afforded a full and fair opportunity to litigate his unprecedented Rule 60(b) motion prior to his lawful execution being carried out. Some ten months ago, on October 4, 2019, a majority of the panel entered an Order that "hereby stays *the execution* pending resolution of the appeal." (Dkt. 26 at 1 (emphasis added).) The stay contains no mention of prohibiting preparations for or setting a new execution date for when the appeal is expected to be resolved.

Thus, approximately three months after this Court ruled against him on the merits, three weeks after the full Court denied en banc review, and two full weeks after the panel denied his motion to stay the mandate, the BOP scheduled his execution to take place on August 26, 2020. (*See* Dkt. 47.) BOP did so to facilitate promptly carrying out the execution once the stay dissolves. And setting the date prior to the formal lifting of the stay also provided Mitchell more time to seek the further review that his motion claims to desire. The motion to vacate the rescheduled execution date should be denied.

### A. The Court Stayed "the Execution," Not the Setting of a New Execution Date for a Time After Proceedings are Expected to Conclude.

In Section A of his Motion, Mitchell claims that "the Court's order was clear: no execution would be set until the appeal concluded." (Mot. at 6.) But Mitchell does not actually quote the language of the Court's stay order, which includes no

such reference to when a new execution date may be set. The Court enjoined "the execution" (Dkt. 26 at 1), not the acts of scheduling or preparing for an execution at a date in the future on which the stay is expected to be lifted.

Injunctions are interpreted according to their plain language. *See LaDuke v. Nelson*, 762 F.2d 1318, 1331 (9th Cir. 1985), *amended*, 796 F.2d 309 (9th Cir. 1986) (interpreting injunction according to "the plain language of the injunction's" terms). As such, injunctions do not prohibit acts beyond those plain terms. *See generally* 11A FEDERAL PRACTICE & PROCEDURE CIV. § 2955 (3d ed.) (surveying law regarding Rule 65 injunctions and recognizing that "only those acts specified by the order will be treated as within its scope and that no conduct or action will be prohibited by implication"). *See, e.g.*, *Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1383 (Fed. Cir. 2007) (reversing contempt citation where party complied with the plain language of the injunction; "Apotex is foreclosed only from the conduct specifically prohibited," and although courts have power to enforce their own decrees, "we cannot and do not purport to rewrite the original injunction").

Here, the language of the stay order is unambiguous: the Court "stay[ed] *the execution* pending resolution of the appeal." (Dkt. 26 at 1 (emphasis added).) The stay contains no reference to, or prohibition on, the ability to prepare for an execution or to set a new execution date for a time after the appeal is resolved. And even if there were some ambiguity in the Court's stay of "the execution," it would be

construed in favor of the United States. *See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 859 F.2d 681, 685 (9th Cir. 1988) ("ambiguities in an injunction are construed in favor of the enjoined party"); *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir. 1985) ("To the extent that there is any doubt [courts] will construe the injunction narrowly.").

Indeed, the stay order couldn't have applied beyond the execution itself. To begin, Mitchell's motion asked for nothing more. (*See* Dkt. 18-1 at 21 ("For the foregoing reasons, the Court should stay Mitchell's execution until such time as the Court can hear Mitchell's appeal and issue its Mandate.").) And he has not, either now or then, identified any valid basis for a court to go beyond staying execution of the capital sentence that it is reviewing by additionally interfering with the government's mere preparatory steps for carrying out the lawful sentence if and when it is upheld. Thus, in ruling on the motion, this Court properly noted that "Mitchell has moved to stay *the execution* pending the disposition of the appeal" and cabined its Order to that request, "stay[ing] *the execution* pending resolution of the appeal." (Dkt. 26 at 1 (emphases added).)

The United States was clear when the execution was rescheduled that the Bureau of Prisons "will not conduct the execution if this Court's stay (Dkt. 26) remains in place" on the selected date. (Dkt. 47 at 2.) But if the stay of execution has dissolved by that date—and it is reasonable to expect it will have been, given

Supreme Court precedent and the conclusion of this Court's review of his merits argument—nothing in the stay order prevents the United States from taking actions in the interim to facilitate promptly carrying out the sentence thereafter. Mitchell's argument to the contrary ignores the plain language of the Court's prior order and should be rejected.

**B. The Court Should Not Now Issue an Expanded Injunction.**

Implicitly conceding that the stay order does not prohibit scheduling a new execution date, Mitchell's motion next asks the Court to "*alter* the injunction such that it clearly enjoins setting Mitchell's execution date until this appeal fully is resolved." (Mot. at 8 (emphasis added).) This argument also lacks merit.

1. Mitchell asserts that courts generally have power to modify injunctions and claims he is "prejudiced" by the scheduling of an execution date in late August. (Mot. at 7-11.) But Mitchell cannot obtain new and broader injunctive relief, now barring even the mere setting of an execution date, without meeting the injunctive standard. "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quotation omitted). If the party seeking relief can make this showing, the Court should then address whether the change justifies the modification or dissolution requested, and this "inquiry should be guided by the same criteria that

govern the issuance of a preliminary injunction," including the likelihood of success on the merits, the balance of harms, and the public interest. *Id.* & n.14.

Mitchell fails to justify an expanded injunction against "setting [his] execution date" (Mot. at 8) for a time after the stay of execution is expected to have been lifted. Indeed, the only "significant change in facts or law" in this case, *Karnoski*, 926 F.3d at 1198, is that the United States has prevailed on the merits at every stage of this Court's review (Dkt. 37, 39, 45), and all mechanics for merits review in this Court have ended. Mitchell fails to establish any of the requirements for obtaining the broadened injunction his motion seeks.

2. Expansion of the stay is particularly unwarranted because Mitchell is no longer even advancing a merits argument in this Court. Rather, he has filed a *second* Petition for Rehearing and Rehearing En Banc—a highly unusual maneuver for which the federal rules make no clear provision—that disclaims any requirement of having to show probable success on the merits in the Supreme Court and instead seeks additional delay to litigate the procedural mechanics of stays of the mandate. (Dkt. 46.)[1]

---

[1] This Second Petition is even more legally tenuous than the first, asking the Court to ignore the well-established standard for staying the mandate set forth in Supreme Court cases and the Advisory Committee Notes to Rule 41, a test expressly adopted by every other Circuit to address the issue. (*See* Dkt. 41 (collecting cases).) Mitchell relies on unpublished orders in "first-in-time section 2254 petitions" (Dkt. 46 at 1-2, 4-5), which no court has ever equated to a *second* appeal of a failed Rule 60(b)

Mitchell's new assertion that his Second Petition entitles him to further delay rings hollow in light of his own express acknowledgment that the mandate should have issued already. (Dkt. 46 at 4 ("Absent further order, the mandate will issue on July 22, 2020. FRAP 41(b).").) The United States held the same expectation, because Rule 41(b) tolls the issuance of the mandate pending "a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate," not pending a *second* rehearing petition challenging the denial of a motion for stay of mandate long after the time contemplated by the rules. Thus, denying Mitchell's motion, ruling on his pending petition, and issuing the mandate forthwith will further the expectation under which both parties have been operating.

3. Mitchell also errs in claiming that enjoining the setting of an execution date is "necessary to achieve the purposes of the original injunction." (Mot. at 7 (internal quotation omitted).) This Court enjoined the execution to consider the *merits* of the district court's denial of his Rule 60(b) motion. As expressed in its Order, the purpose of the original stay was to permit briefing and oral argument on the issue on which the Court granted a certificate of appealability. (Dkt. 26 at 1 ("Briefing is not yet complete on the appeal, and the Court believes that oral argument would be appropriate. The Court therefore hereby stays the execution

---

motion, filed almost a decade after the district court entered judgment in his initial 2255 case.

pending resolution of the appeal.”).) Briefing concluded in October 2019, and oral argument took place in December 2019. (Dkt. 13, 21, 28, 34-35.) The merits issue has been fully litigated and decided against Mitchell in this Court, wholly satisfying the purposes of the stay.

Supreme Court precedent makes clear that the Court should not countenance additional delay of the lawful execution, let alone issue a new order precluding even the scheduling of an execution date, based on this Second Petition when this Court’s merits review has ended. In his motion to stay the mandate, Mitchell himself pointed this Court to the example of *Purkey v. United States*, in which the Seventh Circuit ruled against a capital inmate on the merits of his appeal but nevertheless entered a stay of execution pending en banc review. (Dkt. 42 at 2-3.) Two days after Mitchell offered that citation to this Court, the Supreme Court summarily vacated that stay as reversible error, notwithstanding that en banc review would have been of the merits issue there. *United States v. Purkey*, No. 20A4, 2020 WL 3988688 (U.S. July 15, 2020). Here, the Court has already evaluated whether to consider the merits en banc, and no judge asked to do so.

Mitchell’s request to continue to delay his execution despite the Court’s rejection of his merits argument contravenes the Supreme Court’s express directives. Federal courts are obligated to ensure that challenges “to lawfully issued sentences are resolved fairly and expeditiously” and must avoid “interpos[ing] unjustified

delay." *Bucklew v. Precythe*, 139 S.Ct. 1112, 1134 (2019). That is especially true when a court has issued a judicial injunction against execution of a lawful sentence. "In a capital case the grant of a stay of execution" imposes upon the court "the concomitant duty to take all steps necessary to ensure a prompt resolution of the matter, consistent with its duty to give full and fair consideration to all of the issues presented in the case." *In re Blodgett*, 502 U.S. 236, 240 (1992).

For example, in recent separate litigation over the federal government's death penalty protocol in which inmates were granted a stay of execution, the Supreme Court made clear that it "expect[s] that the Court of Appeals will render its decision with appropriate dispatch." *Barr v. Roane*, 140 S.Ct. 353, 353 (2019). As a consequence, even the dissenting Judge in that case voted to deny rehearing en banc so that appellate proceedings would end. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020), *reh'g en banc denied*, May 15, 2020. The Supreme Court then expeditiously denied certiorari, *Alfred Bourgeois et al. v. Barr et al.*, No. 19-1348, 2020 WL 3492763 (U.S. June 29, 2020), and repeatedly vacated any further stays of execution in that case, *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (U.S. July 14, 2020); *Barr v. Purkey*, No. 20A10, 2020 WL 4006821 (U.S. July 16, 2020).

Here, Mitchell has been afforded much more time to litigate his appeal than was found appropriate in that case, and his argument is substantially less complex.

Indeed, Mitchell has enjoyed a lengthy review far exceeding the time this Court has previously taken to consider denials of Rule 60(b) relief in capital cases when execution dates have been scheduled. *See, e.g.*, *Cook v. Ryan*, 688 F.3d 598, 613 (9th Cir. 2012) (affirming the district court's denial of Rule 60(b)(6) relief and holding that "[b]ecause Cook therefore fails to show 'a significant possibility of success on the merits,' we must deny his request for a stay"); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (affirming denial of Rule 60 and Rule 59 motions on the merits and denying stay of execution); *Clark v. Lewis*, 1 F.3d 814, 826 (9th Cir. 1993) (holding Rule 60(b) motion was properly denied by district court, as were other filings, and denying stay of execution). He has no cause to complain that appellate review in this case has been unduly rushed, and no basis to preclude the government from scheduling his execution at a time when it anticipates that the stay of execution will no longer be in place.

Mitchell can lay claim to no possibility of success on the merits, and his request for new injunctive relief is inconsistent with the strong finality interests of the United States, the public, the victims, and their families. This includes family who have long supported a capital sentence and who intend to travel to Terre Haute to observe the execution, thereby seeking a measure of peace and closure for a horrific crime perpetrated against loved ones almost two decades ago. "Finality is essential to both the retributive and the deterrent functions of criminal law," and in

Case: 20-70213, 08/03/2020, ID: 11775653, DktEntry: 4-2, Page 15 of 20

a case like this, there is an overwhelmingly "'powerful and legitimate interest in punishing the guilty.'" *Calderon v. Thompson*, 523 U.S. 538, 555-56 (1998) (quoting *Herrera v. Collins*, 506 U.S. 390, 421 (1993) (O'Connor, J., concurring)).

4. In support of his extraordinary request, Mitchell offers only nonspecific claims about his own "prejudice." (Mot. at 8-11.) Even if these arguments rose to the level of irreparable injury, that still would not justify an expanded injunction against resetting his execution. *See Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result."). In any event, Mitchell fails to establish that he will suffer irreparable injury absent the injunctive relief he seeks.

As a threshold matter, Mitchell has had more than three months since this Court decided the merits to prepare a cert petition, and even now he still has time to seek a stay in that Court. If Mitchell files a stay application in the Supreme Court, the government stands ready to respond promptly so that the Court can consider the application before the scheduled execution and decide if a further stay is warranted.

To the extent that Mitchell advances any specific arguments to support his claim of prejudice from the scheduling of his execution, those arguments are unsound. First, he asserts that granting the modified injunction he requests would avoid "disorder." (Mot. at 8.) But now that the merits have been resolved against him in this Court, Mitchell's argument only reinforces that it is in both parties' strong

interest for the Court to proceed with the "dispatch" the Supreme Court expects, *Roane*, 140 S.Ct. at 353, and to resolve these proceedings as soon as possible so as to maximize the time available for Supreme Court review. Nothing precludes Mitchell from seeking a stay of execution from that Court. But as the Supreme Court's recent actions reflect, *see Purkey*, No. 20A4, 2020 WL 3988688, it would be improper for this Court to itself enter a further injunction now that Mitchell has lost on the merits and all avenues for review of that merits decision have been exhausted in this Court.

Second, Mitchell claims his clemency proceedings will be harmed because "a request for a commutation should not be filed until a person's challenges to his convictions and sentences are resolved." (Mot. at 9-10.) He is incorrect. As the record shows, he was informed that he could file a clemency application back in July 2019, when his execution was first scheduled (*see* Dkt. 18-3), and as his present motion concedes, he already applied for clemency (*see* Mot. at 2). Nothing prevents Mitchell from now submitting any additional materials he wishes, and rescheduling his execution does not impede the Office of the Pardon Attorney from processing the matter or preparing a recommendation. Indeed, this Office has been informed that the Office of the Pardon Attorney is doing so.

Third, Mitchell claims that the rescheduling of his execution "prohibit[s] [him] from seeking further relief in conjunction with his section 2255 proceedings."

(Mot. at 10-11.) Mitchell does not identify any further claims that he might bring, and none could properly be brought at this point. No claims remain outstanding in his Section 2255 case; all were resolved against him almost a decade ago, with this Court affirming on appeal. *See Mitchell*, 2010 WL 3895691, *aff'd*, *Mitchell II*, 790 F.3d 881. Mitchell also does not even attempt to explain how these unidentified claims could satisfy Section 2255's stringent statute of limitations and restriction on successive Section 2255 motions. *See* 28 U.S.C. § 2255(f), (h). And to the extent Mitchell is trying to suggest that the Court's appellate jurisdiction in *this* case jurisdictionally precludes him from filing *other* lawsuits, it obviously does not.

In sum, setting Mitchell's execution date at this point in no way thwarts his ability to seek further judicial review or executive clemency. But insofar as Mitchell objects, the proper remedy would be to promptly deny his second rehearing petition and immediately issue the mandate. There is no longer any basis to maintain the "extraordinary and drastic remedy" of a judicial injunction against the execution by extending the proceedings in this Court. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). This Court has given more than full and fair consideration to the merits of Mitchell's argument, unanimously rejecting it on the merits, declining to consider it en banc, and refusing to stay the mandate pending Supreme Court review. The law now requires that the Court "ensure a prompt resolution of the matter." *Blodgett*, 502 U.S. at 240.

## CONCLUSION AND REQUEST FOR RULING

For the foregoing reasons, Mitchell's motion should be denied. The United States respectfully requests disposition of the pending matters in this Court and issuance of the mandate as expeditiously as possible, by or soon after August 10, 2020, so that either party will have at least two weeks to seek further review in the United States Supreme Court.

MICHAEL BAILEY
United States Attorney
District of Arizona

KRISSA M. LANHAM
Appellate Division Chief

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Circuit Rule 27-1(1)(d), I certify that the foregoing response does not exceed 20 pages.

August 3, 2020
Date

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ William G. Voit*
WILLIAM G. VOIT
Assistant U.S. Attorney