IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA MARIE MONTGOMERY,

Plaintiff,

vs.

WILLIAM P. BARR, et al.,

Defendants.

______________________________/

Civil Action No. 1:20-cv-3261

Washington, DC
December 11, 2020

3:31 p.m.

TRANSCRIPT OF TELEPHONIC SCHEDULING CONFERENCE
BEFORE THE HONORABLE RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: **SANDRA L. BABCOCK**
**ZOHRA AHMED**
Cornell University Law School
157 Hughes Hall
Ithaca, NY 14853

**ALEC SCHIERENBECK**
O'Melveny & Myers
7 Times Square Tower
New York, NY 10036

**EDWARD UNGVARSKY**
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314

For the Defendants: **ALAN SIMPSON**
U.S. Attorney's Office for the
Western District of Missouri
400 E. 9th Street, Suite 5510
Kansas City, MO 64106

Court Reporter: **JEFF M. HOOK**
Official Court Reporter
U.S. District & Bankruptcy Courts
333 Constitution Avenue, NW
Washington, DC 20001

**P R O C E E D I N G S**

**DEPUTY CLERK:** This is civil action 20-3261, Lisa Marie Montgomery versus William P. Barr, et al. Appearing for plaintiff, Sandra Babcock, Zohra Ahmed, Edward Ungvarsky and Alec Schierenbeck. Appearing for defendants, Alan Simpson.

**THE COURT:** Greetings everyone. Thanks for getting on the phone on short order. I'll remind everyone yet again that it's not permitted to record or to rebroadcast today's proceedings, and I'll order that nobody do so. In addition, I'll remind everyone to mute your microphones when you're not speaking, speak into the handset when you are speaking so we can hear you clearly, and to introduce yourself by name each time you speak.

I hope the parties have had a chance to confer with respect to the schedule and how we ought to proceed at this point, but why don't I start off with Professor Babcock and her suggestions on scheduling.

**PROFESSOR BABCOCK:** Good afternoon, your Honor. Sandra Babcock here. We have had a chance to confer and have agreed on a briefing schedule, which is as follows: The plaintiff will submit her summary judgment motion by Tuesday. The defendants will submit their response to both the summary judgment motion and the motion to clarify by Friday, a week from today, at 6:00 p.m. And the plaintiff

will submit her replies to both responses by that following Monday. And I apologize, I don't have that calendar date handy right now. That would be the 21st.

**THE COURT:** All right. That is acceptable to the Court, so I will order then that plaintiff file her motion for summary judgment on or before Tuesday the 15th of December; that defendant file -- or defendants file their opposition to the motion for summary judgment and opposition to the motion to clarify on or before Friday, December 18th at 6:00 p.m.; and that plaintiffs -- or plaintiff file her replies to both -- with respect to both of those motions on or before Monday, December 21st.

I'll also vacate the status conference that we currently have scheduled for next Tuesday in light of this briefing schedule. And would the parties like to be heard on oral arguments on the pending motions?

**PROFESSOR BABCOCK:** Yes, we would, your Honor.

**THE COURT:** All right. What date would you suggest for that? Do you want to do that on the 23rd?

**PROFESSOR BABCOCK:** I think that will work. I've not had a chance to consult with my co-counsel on that, we hadn't discussed it. But I believe that should be fine.

**THE COURT:** Let me ask Mr. Simpson, would the 23rd work, perhaps at 11:00 a.m. on December 23rd?

**MR. SIMPSON:** I'm going to check my calendar.

Yes, your Honor.

**THE COURT:** Okay. So I'll put it down for oral argument then on December 23rd at 11:00 a.m. It would be helpful, Professor Babcock, in your briefing on this -- or along with the briefing, if you can submit to me or provide me with some additional details with respect to the timelines that have applied in each of the cases that have proceeded to execution under the federal system under the regulations that you're relying upon.

I think you mentioned when we spoke last that this is the first time in which an execution date had ever been set while the existing execution date was subject to a stay. And if you could provide me with the information with respect to each of the cases -- and what I'm really interested in is when the conviction or sentence was imposed; when the final collateral review reached completion; when the original execution date was set, how many days out; whether there was a stay; whether there was a new date that was imposed, how many days out that was; and then when the execution took place or is scheduled to take place.

**PROFESSOR BABCOCK:** We can do that, your Honor.

**THE COURT:** Okay, thank you. And Mr. Simpson, you're welcome to -- obviously once you look at what the plaintiff submits, to either clarify, amend or add to that

in any way you think is appropriate.

**PROFESSOR BABCOCK:** Your Honor, I did have one question. You had asked in our hearing the other day for us to submit the judgment of the Missouri court.

**THE COURT:** Yes.

**PROFESSOR BABCOCK:** Would you like us to submit that -- I mean, we can do that today, but would you like us --

**THE COURT:** Sure. We might as well just get that on the docket in the case.

**PROFESSOR BABCOCK:** And you're asking -- this is for the sentencing -- the original sentencing judgment in Mrs. Montgomery's case?

**THE COURT:** Correct. My recollection is that the regulations specify what is supposed to be in the -- at least what the Government is supposed to request be included in the judgment. So I'm curious and would like to take a look at what was in the actual judgment imposing the sentence of death, and how that compares with the relevant regulations.

**PROFESSOR BABCOCK:** We'll do that today.

**THE COURT:** Okay, thank you.

**PROFESSOR BABCOCK:** And your Honor --

**THE COURT:** Yes, Professor Babcock, go ahead.

**PROFESSOR BABCOCK:** Your Honor, two other matters.

I would like to ask my colleague, Mr. Schierenbeck, if that oral argument date works for him since he will be the one handling the bulk of that argument. And in addition, we have a matter to address regarding the administrative record in the case.

**THE COURT:** Well, let's start with Mr. Schierenbeck.

**MR. SCHIERENBECK:** Thank you, your Honor. Alec Schierenbeck. That time and date is just fine.

**THE COURT:** Okay.

**MR. SCHIERENBECK:** As to the record, you know, as we discussed at our last conference, this case really does present clean legal issues that turn substantially on the interpretation of various regulations and the statutory provision. And so the record should be quite limited. We think a record could consist of the initial judgment, the notices of execution and agency regulations, protocols, guidance or other materials that were considered in designating the January 12th date. Most of these materials are likely already in the public record or have been shared by the Government. Today the Government, for example, just a few minutes before our call shared two summary memoranda from the director informing the warden in Terre Haute about the initial and the subsequent execution dates.

We -- opposing counsel indicated he needed to

confer with colleagues about what else would be contained in such a record. I want to put out there we -- you know, if they relied upon guidance interpreting 28 C.F.R. 26.3 for example, we would simply like to know that. If they didn't rely on such guidance or there is no such guidance, then that's fine, it won't be in the administrative record. But those are the discrete materials that we think could be a part of the administrative record in this case.

**THE COURT:** Mr. Simpson.

**MR. SIMPSON:** Thank you, your Honor. We believe that the claims as pled simply allege that the notices violate various provisions of law, so we don't see any need for a certified administrative record at this point. We've already produced documents that include both the inmate notices as well as the summary memoranda. We'll have the judgment. We all know what those say. And there's no challenge to BOP's decision making process or any other defendant's decision making process in arriving at the notices. So we don't believe it's appropriate to have a certified administrative record in this case.

**THE COURT:** I don't think it's necessary to have a certified administrative record. I will say that -- and you can correct me if I'm wrong, but I believe that Brady and its progeny would apply here in that the Government would be under a due process obligation to provide the plaintiff with

any materials that defendants may have that could aid in any way in their presentation with respect to these matters, and that that would be both an ethical obligation and a constitutional obligation to do so. But if you disagree, please let me know.

**MR. SIMPSON:** I'm not prepared to opine on the -- on what Brady obligations attach to this particular proceeding. But I can say that it's not that -- I'm not aware of anything that I think would be considered Brady. I think the narrow question here is based off of the claims pled, what is relevant and likely to get us to an expeditious resolution. And I don't -- we oppose a certified administrative record on those grounds.

**THE COURT:** Is the reason you're opposing the certified administrative record just a question of timing and making sure we can resolve this case promptly?

**MR. SIMPSON:** It's both that, your Honor, as well as sheer relevance. There are no additional documents that are implicated by any of the claims pled in the supplemental complaint. The claims say that the notices themselves violate law. I think that there are pure legal questions raised by the supplemental complaint.

**THE COURT:** I guess what I would just say is given the stakes of what we're talking about here, as well as I think due process and ethical obligations, if there's

something that would bear on the issues that are present, I do think it's important that the defense -- I mean, yeah, the defense turn those over to plaintiff and make them known to the Court if necessary. But if there are materials, for example, that are contrary to the position that the defense is taking in this case, unless there is an applicable privilege that would apply that would preclude -- or provide a basis for not turning the materials over, I do think they need to be disclosed.

**MR. SIMPSON:** Understood, your Honor. Thank you.

**THE COURT:** All right. Mr. Schierenbeck, does that address your concerns with respect to the administrative record?

**MR. SCHIERENBECK:** Yes, your Honor. I just have one point further to stress, which is given that some of this case may turn on Auer deference issues and the question of the agency's interpretation of its own regulations, if the agency does have guidance interpreting those regulations, that will be very probative of the issues here in this case. So that's the sort of material we would expect to be in a record in our case.

**THE COURT:** Mr. Simpson.

**MR. SIMPSON:** Thank you, your Honor. I think that if we argued Auer deference or any sort of deference based -- any sort of deference-based doctrine, that we would

logically be very willing to share in some basis the factual underpinnings of that assertion. I don't think that -- I'm not a purely administrative lawyer, but I think that we would have to provide that to the Court and the opposing parties, because the existence of such document is a predicate to any deference.

**THE COURT:** Right. But I think that Mr. Schierenbeck's point, for example, is that if you're doing that, for example, and the agency's position changed or the guidance changed, that they would be entitled to know that because it may bear on the weight to be provided to that guidance and whether there was a considered basis, for example, for the change in the agency's position with respect to the interpretation.

**MR. SIMPSON:** Understood, your Honor. And if in fact there were such a change, I think that we would be willing to share that.

**THE COURT:** Okay. So what I'm going to do, I'm going to direct that the defense provide to plaintiff any guidance documents, either current or former guidance documents, that do exist with respect to the interpretation or application of the portions of the regulations that are at issue here.

Mr. Schierenbeck, anything further?

**MR. SCHIERENBECK:** No, your Honor. Thank you.

**THE COURT:** Okay. Mr. Simpson, anything further?

**MR. SIMPSON:** No, your Honor. Thank you.

**THE COURT:** All right. Well, I look forward to reading your pleadings. If anything comes up that you think bears on this case and you need to talk to me, you can just jointly contact the Deputy Clerk and let her know and we can schedule something. I realize these are fast moving circumstances.

If there's any other litigation out there involving the plaintiff, I'd also appreciate knowing about that. I am aware of the case that was previously in front of Judge McFadden that is now pending in Texas. If there's a decision in that case, I'd appreciate it if either the plaintiff or the defendants could file that with the Court. I just want to be as up to date as possible about everything that's going on related to this case.

**PROFESSOR BABCOCK:** Your Honor, this is Sandra Babcock. We're happy to do that. Would you like us to file with the Court any of the briefing that was in those cases or just the notice of any decisions?

**THE COURT:** Unless -- it doesn't strike me that any of that briefing bears on this case. What I'm really more interested in is whether anything is going to happen that could affect the course of this case in any way. What I'm focusing on is any decision in that case or any other

case. But if there's anything in the briefing that you think bears on what's in front of me, you should let me know.

**PROFESSOR BABCOCK:** Will do. Thank you.

**THE COURT:** Okay. Well --

**MR. SCHIERENBECK:** Your Honor, this is Alec Schierenbeck. It occurs to me -- sorry to interject, that it would be useful to have a date for the Government to produce some of the documents we discussed being a part of the record in this case, because they may inform the summary judgment papers to be filed on Tuesday.

**THE COURT:** That's a good point. Mr. Simpson, when do you want to file whatever we're going to have in the form of perhaps an uncertified and abbreviated administrative record, but the record for purposes of this proceeding?

**MR. SIMPSON:** Your Honor, I think that depending on what I hear back regarding the existence of any of the types of documents discussed today, that could be as late as -- I would say noon on Monday. But I would anticipate that it would be much quicker than that. And I would -- as soon as I have an answer regarding any additional documents that we will be producing in the record, I will make that filing.

**THE COURT:** Okay. So I'll order that you do so on

or before Monday at -- Monday the 14th of December at noon. If you can do it sooner, I would appreciate it. And if it turns out, Mr. Schierenbeck, that there is some unexpected blockbuster that appears Tuesday -- I mean Monday at noon and that you feel like you can't get your brief done on the current schedule, then you'll just have to request a further status conference with me. I think that's unlikely that's going to happen, but if you're surprised by something and need more time, you can come back to me then.

**MR. SCHIERENBECK:** Yes, your Honor, that makes sense. Thank you.

**THE COURT:** I do think, Mr. Simpson, that it might make all of our lives a little easier if you can -- and maybe you can confer with Mr. Schierenbeck and Professor Babcock about this as well. But if you could take all the materials and put them in one paginated filing with the Court so that when plaintiff is citing to something, I'll know where to find it. And when you want to cite to the same document, I'll know where to find it. And I don't have to, and you don't have to, include the same document in multiple different filings, and I don't have to go look for it in multiple different filings. Having the equivalent of an administrative record that everyone can cite to may be helpful. I don't anticipate it being a very large record in this case, but it still might make things easier for

everybody.

**MR. SCHIERENBECK:** Thanks, your Honor, we will do that.

**THE COURT:** Professor Babcock, anything further?

**PROFESSOR BABCOCK:** Nothing from me, your Honor.

**THE COURT:** Mr. Schierenbeck?

**MR. SCHIERENBECK:** No, your Honor. Thank you.

**THE COURT:** Mr. Simpson?

**MR. SIMPSON:** No, your Honor. Thank you.

**THE COURT:** Well, thank you. I wish you all a good weekend, although I suspect everyone's probably going to be working on this or other matters during the weekend. But enjoy it to the extent you can. Thank you all.

(Proceedings adjourned at 3:50 p.m.)

**C E R T I F I C A T E**

I, **Jeff Hook, Official Court Reporter**, certify that the foregoing is a true and correct transcript of the remotely reported proceedings in the above-entitled matter.

**PLEASE NOTE:** This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of court reporting remotely.

**December 19, 2020**

**DATE**

**Jeff M. Hook**

## 1

10036 [1] 1/15
11 [1] 1/5
114 [1] 1/17
11:00 a.m [2] 3/24 4/3
12th [1] 6/19
14853 [1] 1/13
14th [1] 13/1
157 [1] 1/12
15th [1] 3/6
18th [1] 3/9
19 [1] 15/8
1:20-cv-3261 [1] 1/3

## 2

20-3261 [1] 2/2
20001 [1] 1/25
2020 [1] 1/5
21st [2] 3/3 3/12
22314 [1] 1/18
23rd [4] 3/19 3/23 3/24 4/3
26.3 [1] 7/3
28 [1] 7/3

## 3

3261 [2] 1/3 2/2
333 [1] 1/24
3:31 [1] 1/6
3:50 p.m [1] 14/14

## 4

400 [1] 1/21

## 5

5510 [1] 1/21

## 6

64106 [1] 1/21
6:00 p.m [2] 2/25 3/10

## 9

9th [1] 1/21

## A

a.m [2] 3/24 4/3
abbreviated [1] 12/14
above [1] 15/5
above-entitled [1] 15/5
acceptable [1] 3/4
action [2] 1/3 2/2
actual [1] 5/18
add [1] 4/25
addition [2] 2/11 6/3
additional [3] 4/6 8/18 12/22
address [2] 6/4 9/12
adjourned [1] 14/14
administrative [12] 6/4 7/6 7/8 7/13 7/20 7/22 8/13 8/15 9/13 10/3 12/15 13/23
affect [1] 11/24
afternoon [1] 2/19
again [1] 2/9
agency [2] 6/17 9/18
agency's [3] 9/17 10/9 10/13
agreed [1] 2/21
ahead [1] 5/24
AHMED [2] 1/11 2/4
aid [1] 8/1
al [2] 1/5 2/3
ALAN [2] 1/19 2/5
ALEC [4] 1/14 2/5 6/8 12/6
Alexandria [1] 1/18
Alfred [1] 1/17
allege [1] 7/11
along [1] 4/5
although [1] 14/11
amend [1] 4/25
anticipate [2] 12/20 13/24
apologize [1] 3/2
APPEARANCES [1] 1/10
Appearing [2] 2/3 2/5
appears [1] 13/4
applicable [1] 9/6
application [1] 10/22
applied [1] 4/7
apply [2] 7/24 9/7
appreciate [3] 11/10 11/13 13/2
appropriate [2] 5/1 7/19
argued [1] 9/24
argument [3] 4/3 6/2 6/3
arguments [1] 3/16
arriving [1] 7/18
assertion [1] 10/2
attach [1] 8/7
Attorney's [1] 1/20
Auer [2] 9/16 9/24
Avenue [1] 1/24
aware [2] 8/9 11/11

## B

BABCOCK [9] 1/11 2/4 2/17 2/20 4/4 5/24 11/18 13/15 14/4
back [2] 12/18 13/9
Bankruptcy [1] 1/24
BARR [2] 1/5 2/3
based [3] 8/10 9/25 9/25
basis [3] 9/8 10/1 10/12
bear [2] 9/1 10/11
bears [3] 11/5 11/22 12/2
blockbuster [1] 13/4
BOP's [1] 7/17
both [7] 2/23 3/1 3/11 3/11 7/14 8/3 8/17
Brady [3] 7/23 8/7 8/9
brief [1] 13/5
briefing [7] 2/21 3/15 4/4 4/5 11/19 11/22 12/1
bulk [1] 6/3

## C

C.F.R [1] 7/3
calendar [2] 3/2 3/25
call [1] 6/22
can [15] 2/13 4/5 4/22 5/7 7/23 8/8 8/16 11/5 11/6 13/2 13/9 13/13 13/14 13/23 14/13
case [21]
cases [3] 4/7 4/14 11/19
certified [5] 7/13 7/20 7/22 8/13 8/15
certify [1] 15/4
challenge [1] 7/17
chance [3] 2/15 2/20 3/21
change [2] 10/13 10/16
changed [2] 10/9 10/10
check [1] 3/25
circumstances [1] 11/8
cite [2] 13/18 13/23
citing [1] 13/17
City [1] 1/21
civil [2] 1/3 2/2
claims [4] 7/11 8/10 8/19 8/20
clarify [3] 2/24 3/9 4/25
clean [1] 6/13
clearly [1] 2/13
Clerk [1] 11/6
co [1] 3/21
co-counsel [1] 3/21
collateral [1] 4/16
colleague [1] 6/1
colleagues [1] 7/1
COLUMBIA [1] 1/1
compares [1] 5/19
complaint [2] 8/20 8/22
completion [1] 4/17
concerns [1] 9/12
confer [4] 2/15 2/20 7/1 13/14
conference [4] 1/8 3/13 6/12 13/7
considered [3] 6/18 8/9 10/12
consist [1] 6/16
Constitution [1] 1/24
constitutional [1] 8/4
consult [1] 3/21
contact [1] 11/6
contained [1] 7/1
contrary [1] 9/5
conviction [1] 4/15
Cornell [1] 1/12
counsel [2] 3/21 6/25
course [1] 11/24
court [12] 1/1 1/23 1/23 3/5 5/4 9/4 10/4 11/14 11/19 13/17 15/3 15/9
Courts [1] 1/24
COVID [1] 15/8
COVID-19 [1] 15/8
curious [1] 5/17
current [2] 10/20 13/6
currently [1] 3/14
cv [1] 1/3

## D

date [12] 3/2 3/18 4/11 4/12 4/17 4/19 6/2 6/9 6/19 11/15 12/8 15/14
dates [1] 6/24
day [1] 5/3
days [2] 4/18 4/19
DC [2] 1/4 1/25
death [1] 5/19
December [7] 1/5 3/7 3/9 3/12 3/24 4/3 13/1
December 18th [1] 3/9
December 21st [1] 3/12
December 23rd [2] 3/24 4/3
decision [4] 7/17 7/18 11/13 11/25
decisions [1] 11/20
defendant [1] 3/7
defendant's [1] 7/18
defendants [7] 1/6 1/19 2/5 2/23 3/7 8/1 11/14
defense [4] 9/2 9/3 9/5 10/19
deference [5] 9/16 9/24 9/24 9/25 10/6
deference-based [1] 9/25
depending [1] 12/17
Deputy [1] 11/6
designating [1] 6/19
details [1] 4/6
different [2] 13/21 13/22
direct [1] 10/19
director [1] 6/23
disagree [1] 8/4
disclosed [1] 9/9
discrete [1] 7/7
discussed [4] 3/22 6/12 12/9 12/19

## D

DISTRICT [5] 1/1 1/1 1/9 1/20 1/24
docket [1] 5/10
doctrine [1] 9/25
document [3] 10/5 13/19 13/20
documents [7] 7/14 8/18 10/20 10/21 12/9 12/19 12/22
done [1] 13/5
down [1] 4/2
due [2] 7/25 8/25
during [2] 14/12 15/7

## E

easier [2] 13/13 13/25
EDWARD [2] 1/16 2/4
either [3] 4/25 10/20 11/13
else [1] 7/1
enjoy [1] 14/13
entitled [2] 10/10 15/5
equivalent [1] 13/22
et [2] 1/5 2/3
ethical [2] 8/3 8/25
everybody [1] 14/1
everyone [4] 2/7 2/8 2/11 13/23
everyone's [1] 14/11
example [6] 6/21 7/4 9/5 10/8 10/9 10/13
execution [7] 4/8 4/11 4/12 4/17 4/20 6/17 6/24
exist [1] 10/21
existence [2] 10/5 12/18
existing [1] 4/12
expect [1] 9/21
expeditious [1] 8/12
extent [1] 14/13

## F

fact [1] 10/16
factual [1] 10/1
fast [1] 11/7
federal [1] 4/8
feel [1] 13/5
few [1] 6/22
file [7] 3/5 3/7 3/7 3/10 11/14 11/18 12/13
filed [1] 12/11
filing [2] 12/24 13/16
filings [2] 13/21 13/22
final [1] 4/16
find [2] 13/18 13/19
fine [3] 3/22 6/9 7/6
first [1] 4/11
focusing [1] 11/25
following [1] 3/1
follows [1] 2/21
For the Defendants [1] 1/19
foregoing [1] 15/4
form [1] 12/14
former [1] 10/20
forward [1] 11/3
Friday [2] 2/25 3/9
front [2] 11/11 12/2
further [5] 9/15 10/24 11/1 13/6 14/4

## G

given [2] 8/23 9/15
good [3] 2/19 12/12 14/11
Government [5] 5/16 6/21 6/21 7/24 12/8
Greetings [1] 2/7
grounds [1] 8/13
guess [1] 8/23
guidance [9] 6/18 7/3 7/5 7/5 9/18 10/10 10/12 10/20 10/20

## H

Hall [1] 1/12
handling [1] 6/3
handset [1] 2/12
handy [1] 3/3
happen [2] 11/23 13/8
happy [1] 11/18
Haute [1] 6/23
hear [2] 2/13 12/18
heard [1] 3/15
hearing [2] 5/3 15/7
helpful [2] 4/4 13/24
Honor [24]
HONORABLE [1] 1/9
HOOK [3] 1/23 15/3 15/14
hope [1] 2/15
Hughes [1] 1/12

## I

implicated [1] 8/19
important [1] 9/2
imposed [2] 4/16 4/19
imposing [1] 5/18
include [2] 7/14 13/20
included [1] 5/16
indicated [1] 6/25
inform [1] 12/10
information [1] 4/13
informing [1] 6/23
initial [2] 6/16 6/24
inmate [1] 7/14
interested [2] 4/15 11/23
interject [1] 12/7
interpretation [4] 6/14 9/17 10/14 10/21
interpreting [2] 7/3 9/18
into [1] 2/12
introduce [1] 2/14
involving [1] 11/10
issue [1] 10/23
issues [4] 6/13 9/1 9/16 9/19
Ithaca [1] 1/13

## J

January [1] 6/19
January 12th [1] 6/19
JEFF [3] 1/23 15/3 15/14
jointly [1] 11/6
JUDGE [2] 1/9 11/12
judgment [11] 2/22 2/24 3/6 3/8 5/4 5/12 5/17 5/18 6/16 7/16 12/11

## K

Kansas [1] 1/21
knowing [1] 11/10
known [1] 9/3

## L

large [1] 13/24
last [2] 4/10 6/12
late [1] 12/19
law [4] 1/12 1/17 7/12 8/21
lawyer [1] 10/3
least [1] 5/16
legal [2] 6/13 8/21
light [1] 3/14
likely [2] 6/20 8/11
limitations [1] 15/9
limited [1] 6/15
LISA [2] 1/2 2/2
litigation [1] 11/9
little [1] 13/13
lives [1] 13/13
logically [1] 10/1
look [4] 4/24 5/18 11/3 13/21

## M

makes [1] 13/10
making [3] 7/17 7/18 8/16
many [2] 4/18 4/19
MARIE [2] 1/2 2/3
material [1] 9/20
materials [7] 6/18 6/19 7/7 8/1 9/4 9/8 13/16
matter [2] 6/4 15/6
matters [3] 5/25 8/2 14/12
may [5] 8/1 9/16 10/11 12/10 13/23
maybe [1] 13/14
McFadden [1] 11/12
mean [3] 5/7 9/2 13/4
memoranda [2] 6/22 7/15
mentioned [1] 4/10
microphones [1] 2/12
might [3] 5/9 13/12 13/25
minutes [1] 6/22
Missouri [2] 1/20 5/4
MO [1] 1/21
Monday [6] 3/2 3/12 12/20 13/1 13/1 13/4
MONTGOMERY [2] 1/2 2/3
Montgomery's [1] 5/13
more [2] 11/23 13/9
MOSS [1] 1/9
Most [1] 6/19
motion [6] 2/22 2/24 2/24 3/5 3/8 3/9
motions [2] 3/11 3/16
moving [1] 11/7
Mr. [16]
Mr. Schierenbeck [7] 6/1 6/7 9/11 10/24 13/3 13/14 14/6
Mr. Schierenbeck's [1] 10/8
Mr. Simpson [8] 3/23 4/23 7/9 9/22 11/1 12/12 13/12 14/8
Mrs. [1] 5/13
Mrs. Montgomery's [1] 5/13
much [1] 12/21
multiple [2] 13/21 13/22
mute [1] 2/11
Myers [1] 1/14

## N

name [1] 2/14
narrow [1] 8/10
necessary [2] 7/21 9/4
need [4] 7/12 9/9 11/5 13/9
needed [1] 6/25
new [2] 1/15 4/19
next [1] 3/14
nobody [1] 2/10
noon [3] 12/20 13/1 13/4
North [1] 1/17
NOTE [1] 15/7
notice [1] 11/20

**N**

notices [5] 6/17 7/11 7/15 7/19 8/20
NW [1] 1/24
NY [2] 1/13 1/15

**O**

O'Melveny [1] 1/14
obligation [3] 7/25 8/3 8/4
obligations [2] 8/7 8/25
obviously [1] 4/24
occurred [1] 15/7
occurs [1] 12/7
off [2] 2/17 8/10
Office [1] 1/20
Official [2] 1/23 15/3
once [1] 4/24
one [4] 5/2 6/2 9/15 13/16
opine [1] 8/6
oppose [1] 8/12
opposing [3] 6/25 8/14 10/4
opposition [2] 3/8 3/8
oral [3] 3/16 4/2 6/2
order [4] 2/8 2/10 3/5 12/25
original [2] 4/17 5/12
ought [1] 2/16
out [5] 4/18 4/19 7/2 11/9 13/3
over [2] 9/3 9/8
own [1] 9/17

**P**

p.m [4] 1/6 2/25 3/10 14/14
paginated [1] 13/16
pandemic [1] 15/8
papers [1] 12/11
part [2] 7/8 12/9
particular [1] 8/7
parties [3] 2/15 3/15 10/5
pending [2] 3/16 11/12
perhaps [2] 3/24 12/14
permitted [1] 2/9
phone [1] 2/8
place [2] 4/20 4/21
plaintiff [14] 1/3 1/11 2/4 2/22 2/25 3/5 3/10 4/25 7/25 9/3 10/19 11/10 11/14 13/17
plaintiffs [1] 3/10
pleadings [1] 11/4
please [2] 8/5 15/7
pled [3] 7/11 8/11 8/19
PLLC [1] 1/17
point [5] 2/17 7/13 9/15 10/8 12/12
portions [1] 10/22
position [3] 9/5 10/9 10/13
possible [1] 11/15
preclude [1] 9/7
predicate [1] 10/6
prepared [1] 8/6
present [2] 6/13 9/1
presentation [1] 8/2
previously [1] 11/11
privilege [1] 9/7
probably [1] 14/11
probative [1] 9/19
proceed [1] 2/16
proceeded [1] 4/8
proceeding [2] 8/8 12/16
proceedings [3] 2/10 14/14 15/5
process [4] 7/17 7/18 7/25 8/25
produce [1] 12/9
produced [1] 7/14
producing [1] 12/23
Professor [5] 2/17 4/4 5/24 13/14 14/4
progeny [1] 7/24
promptly [1] 8/16
protocols [1] 6/17
provide [6] 4/5 4/13 7/25 9/7 10/4 10/19
provided [1] 10/11
provision [1] 6/15
provisions [1] 7/12
public [1] 6/20
pure [1] 8/21
purely [1] 10/3
purposes [1] 12/15
put [3] 4/2 7/2 13/16

**Q**

quicker [1] 12/21
quite [1] 6/15

**R**

raised [1] 8/22
RANDOLPH [1] 1/9
reached [1] 4/16
reading [1] 11/4
realize [1] 11/7
really [3] 4/14 6/12 11/22
reason [1] 8/14
rebroadcast [1] 2/10
recollection [1] 5/14
record [22]
regarding [3] 6/4 12/18 12/22
regulations [8] 4/9 5/15 5/20 6/14 6/17 9/17 9/19 10/22
related [1] 11/16
relevance [1] 8/18
relevant [2] 5/19 8/11
relied [1] 7/3
rely [1] 7/5
relying [1] 4/9
remind [2] 2/8 2/11
remotely [2] 15/5 15/9
replies [2] 3/1 3/11
reported [1] 15/5
Reporter [3] 1/23 1/23 15/3
reporting [1] 15/9
request [2] 5/16 13/6
resolution [1] 8/12
resolve [1] 8/16
respect [8] 2/16 3/11 4/6 4/14 8/2 9/12 10/14 10/21
response [1] 2/23
responses [1] 3/1
review [1] 4/16
right [6] 3/3 3/4 3/18 9/11 10/7 11/3

**S**

same [2] 13/19 13/20
SANDRA [4] 1/11 2/4 2/20 11/17
schedule [5] 2/16 2/21 3/15 11/7 13/6
scheduled [2] 3/14 4/20
scheduling [2] 1/8 2/18
SCHIERENBECK [11] 1/14 2/5 6/1 6/7 6/9 9/11 10/24 12/7 13/3 13/14 14/6
Schierenbeck's [1] 10/8
School [1] 1/12
sense [1] 13/11
sentence [2] 4/15 5/19
sentencing [2] 5/12 5/12
set [2] 4/12 4/17
share [2] 10/1 10/17
shared [2] 6/20 6/22
sheer [1] 8/18
short [1] 2/8
simply [2] 7/4 7/11
SIMPSON [10] 1/19 2/6 3/23 4/23 7/9 9/22 11/1 12/12 13/12 14/8
soon [1] 12/22
sooner [1] 13/2
sorry [1] 12/7
sort [3] 9/20 9/24 9/25
speak [2] 2/12 2/14
speaking [2] 2/12 2/13
specify [1] 5/15
spoke [1] 4/10
Square [1] 1/15
stakes [1] 8/24
start [2] 2/17 6/6
STATES [2] 1/1 1/9
status [2] 3/13 13/7
statutory [1] 6/14
stay [2] 4/12 4/18
still [1] 13/25
Street [2] 1/17 1/21
stress [1] 9/15
strike [1] 11/21
subject [2] 4/12 15/8
submit [6] 2/22 2/23 3/1 4/5 5/4 5/6
submits [1] 4/25
subsequent [1] 6/24
substantially [1] 6/13
suggest [1] 3/19
suggestions [1] 2/18
Suite [1] 1/21
summary [7] 2/22 2/24 3/6 3/8 6/22 7/15 12/10
supplemental [2] 8/19 8/22
supposed [2] 5/15 5/16
sure [2] 5/9 8/16
surprised [1] 13/8
suspect [1] 14/11
system [1] 4/8

**T**

talk [1] 11/5
talking [1] 8/24
technological [1] 15/9
TELEPHONIC [1] 1/8
Terre [1] 6/23
Texas [1] 11/12
Thanks [2] 2/7 14/2
therefore [1] 15/8
timelines [1] 4/7
Times [1] 1/15
timing [1] 8/15
today [5] 2/25 5/7 5/21 6/21 12/19
today's [1] 2/10
took [1] 4/20
Tower [1] 1/15
transcript [2] 1/8 15/4
true [1] 15/4
Tuesday [5] 2/23 3/6 3/14 12/11 13/4
turn [3] 6/13 9/3 9/16
turning [1] 9/8
turns [1] 13/3
two [2] 5/25 6/22
types [1] 12/19

## U

U.S [2] 1/20 1/24
uncertified [1] 12/14
under [3] 4/8 4/8 7/25
underpinnings [1] 10/2
Understood [2] 9/10 10/15
unexpected [1] 13/3
UNGVARSKY [3] 1/16 1/17 2/4
UNITED [2] 1/1 1/9
University [1] 1/12
unless [2] 9/6 11/21
unlikely [1] 13/7
up [2] 11/4 11/15
upon [2] 4/9 7/3
useful [1] 12/8

## V

VA [1] 1/18
vacate [1] 3/13
various [2] 6/14 7/12
versus [1] 2/3
violate [2] 7/12 8/21

## W

warden [1] 6/23
Washington [2] 1/4 1/25
way [3] 5/1 8/2 11/24
week [1] 2/25
weekend [2] 14/11 14/12
weight [1] 10/11
welcome [1] 4/24
Western [1] 1/20
what's [1] 12/2
WILLIAM [2] 1/5 2/3
willing [2] 10/1 10/17
wish [1] 14/10
work [2] 3/20 3/24
working [1] 14/12
works [1] 6/2
wrong [1] 7/23

## Y

York [1] 1/15

## Z

ZOHRA [2] 1/11 2/4