IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA MARIE MONTGOMERY,
Plaintiff,
vs.
WILLIAM P. BARR, et al.,
Defendants.
______________________________/

Civil Action
No. 1:20-cv-3261
Washington, DC
December 10, 2020
2:02 p.m.

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:

SANDRA L. BABCOCK
ZOHRA AHMED
Cornell University Law School
157 Hughes Hall
Ithaca, NY 14853

ALEC SCHIERENBECK
O'Melveny & Myers
7 Times Square Tower
New York, NY 10036

MEAGHAN VERGOW
O'Melveny & Myers
1625 Eye Street, NW
Washington, DC 20006

EDWARD UNGVARSKY
Ungvarsky Law, PLLC
114 North Alfred Street
Alexandria, VA 22314

For the Defendants:

ALAN SIMPSON
U.S. Attorney's Office for the
Western District of Missouri
400 E. 9th Street, Suite 5510
Kansas City, MO 64106

Court Reporter: JEFF M. HOOK

**P R O C E E D I N G S**

**DEPUTY CLERK:** This is civil action 20-3261, Lisa Marie Montgomery versus William P. Barr, et al. Appearing for plaintiff, Sandra Babcock, Zohra Ahmed, Edward Ungvarsky, Alec Schierenbeck and Meaghan VerGow. Appearing for defendants, Alan Simpson.

**THE COURT:** Thank you all, I appreciate your assembling on such short notice. Before I get going, I want to remind you, as I always do, that it's not permitted under the Court's rules to either record or to rebroadcast today's proceedings, and I'm going to direct that nobody do so. In addition, I'll ask that everyone mute your microphone when you're not speaking to avoid feedback, speak into the handset when it is your turn so I can hear you clearly, and please introduce yourself by name each time you speak so we have a clear record.

Yesterday, plaintiff filed two motions with the Court. One was a motion for clarification of the Court's order, and the second was a motion for leave to file a supplemental complaint. And the purpose of today's status conference is principally just to set a schedule for addressing those motions as expeditiously as we can, consistent with giving everyone a fair opportunity to be heard.

So why don't I start with Ms. Babcock and ask what

her suggestion is with respect to scheduling, and then I can hear from Mr. Simpson.

**PROFESSOR BABCOCK:** Thank you, your Honor. Sandra Babcock here. We are here on, as you mentioned, two motions. I am going to address issues related to scheduling of the motion to clarify, and my colleague, Mr. Schierenbeck, is going to address scheduling with respect to the motion for leave to file the supplemental complaint as well as the underlying complaint. Of course, these matters are related because they both rest on quite an unprecedented situation involving the Government's designation of a new execution date for Mrs. Montgomery while a stay of execution is in effect. This is the first time that the Government in any federal death penalty case has designated a new date while a stay is pending.

With respect to scheduling on the motion to clarify, your Honor, we would suggest an expedited briefing schedule. We are prepared to work throughout the weekend. We are sensitive to the Court's schedule, of course. But we believe that expedited briefing in the motion to clarify may help to narrow some of the issues that need to be resolved in the supplemental complaint. So we would suggest that the Court set as expedited a schedule as is possible, given the Court's schedule and any other circumstances the Court deems relevant.

**THE COURT:** So I'm not sure whether it makes sense quite frankly to do these seriatim, if that's what you're addressing. I think given the time constraints, we may need to proceed on both sets of motions at the same time. And I'll tell you that with respect to the motion to clarify, to the extent that motion is premised on the view that I was focused on the regulatory requirement that you assert precludes the Government from setting a new execution date while a stay is in place; or even to the extent that the motion is premised on the notion that I considered this factor and thought to myself whether there's a regulation or not, that what I was attempting to do with my order was to preclude the Government from setting a new execution date, I can tell you that this is just something that was not on my radar. It's not something I focused on. I'm not saying whether you're right or you're wrong about the merits of the issue.

And it may be that a motion to clarify or to modify is still appropriate, but I did want to just -- to the extent it helps expedite things, I wanted to make clear on the record that this is not something that I thought about where I, when I saw that an execution date had been set, said to myself oh my goodness, the Government has violated my order. Because in all candor, it's not something that was on my radar or something that I was

thinking about when I issued my decision.

**PROFESSOR BABCOCK:** Thank you, your Honor, I appreciate that. It was not our intention to impute any intent one way or the other, it was simply to point out that the Government is bound to follow federal law in any event in respecting the procedures that are in place under federal law for the scheduling of execution dates. And the Government has conceded multiple times that it's bound by the CFRs, most recently in a pleading filed just today in the D.C. Circuit. So we still believe that a motion to clarify is appropriate.

But in terms of scheduling, we are open to your suggestions of course. My co-counsel, Mr. Schierenbeck, will address some of the issues and how we had proposed proceeding on the motion for leave to supplement the complaint, which might be useful to you as you think about how we're going to be resolving both of these issues in tandem.

**THE COURT:** Okay, great. So I'm happy to hear from Mr. Schierenbeck.

**MR. SCHIERENBECK:** Thank you, your Honor. Alec Schierenbeck. Of course, how the Court were to dispose of a potential motion for clarification would influence how the Court could act in the course of acting on a supplemental complaint. We have filed a motion for leave to file a

supplemental complaint. We do not believe that extensive briefing is required on the motion for leave. And to the extent your Honor wishes to receive briefing on this motion, we would respectfully ask that your Honor set a schedule for briefing this week and over the weekend.

Our intention, if leave is granted, is to file promptly a motion for summary judgment. We believe the issues presented in the supplemental complaint can be expeditiously briefed so that the Court could render a ruling by the end of this year. There are particulars of this Court's practice and the local rules that would need to be modified in order to permit summary judgment briefing to be accomplished on that schedule. In particular, your Honor's pre-motion conference letter practice and local rules related to designation of an administrative record, which ordinarily the Government is permitted 30 days.

Here, of course, the supplemental complaint presents issues that are clean legal issues. There should not be a significant record to assemble. In fact, we would be happy to dispose of a record altogether, but summary judgment on an APA claim is typically limited to the agency record. So out of an abundance of caution, some record designation by the Government is likely appropriate. But we are of course open to the Government's waiver of a record requirement or your Honor's guidance.

**THE COURT:** All right. Anything further?

**MR. SCHIERENBECK:** No.

**THE COURT:** Okay, thank you. Mr. Simpson, what are your views about how we should proceed?

**MR. SIMPSON:** Thank you, your Honor. We believe that we should proceed far more expeditiously with one caveat. We anticipate in related litigation in the Northern District of Texas that at about 6:00 p.m. Eastern Time today, we're going to receive a preliminary injunction motion. We actually have a 19-hour turnaround on our response in that litigation, and so I don't anticipate that we would be able to spend a lot of time in the next 24 hours looking at -- preparing a response to the motion to clarify or the motion for leave.

We believe, as your Honor stated, that the motion to clarify is not the appropriate procedural vehicle, and that we ought to expeditiously move to the merits of the supplemental claims if leave is in fact granted. I would propose that we file something with respect to the motion for clarification on Monday or Tuesday, if that accords with your Honor's wishes. And with respect to the motion for leave, I don't think that there is a lot of lengthy briefing that is likely to occur on the motion for leave itself. And so I think that shortly thereafter, we could get something on file with regard to the motion for leave.

But I think that as counsel said, the real question will be, assuming leave is granted, what is the appropriate way to expeditiously get the claims before your Honor. The Government cannot force plaintiff to expeditiously bring the claims, but we think that they ought to have been filed -- you know, given the nature of the claims, perhaps weeks ago whenever the original re-noticing was done.

**THE COURT:** The litigation in Texas, does that relate to Mrs. Montgomery or is that just a different case?

**MR. SIMPSON:** That is the conditions lawsuit that relates to Ms. Montgomery that was previously pending in front of Judge McFadden and then most recently transferred.

**THE COURT:** Oh, I see. Yes, okay. Have you had time to form a view as to what your position is with respect not to the merits but just to the motion for leave to file a supplemental complaint?

**MR. SIMPSON:** Your Honor, I have. I have two principal points. First, we believe that leave would be futile, because we don't believe that the underlying legal claims have any merit. And second, we also believe that these claims -- that your Honor would not be abusing his discretion under previous standards that have been done in this case if your Honor decided to sever these claims as well, because they don't relate to the same kind of clemency

related transaction that the original claims in this lawsuit; that they are supplemental in the sense that the stay -- the injunction that was issued in this case did lead to a new execution date.

But I believe that under the standards that your Honor has previously recited in the Harrison vs. Federal Bureau of Prisons case, that severance sua sponte would in fact be appropriate and could be ordered, and the claims could be expeditiously resolved in a separate case.

**THE COURT:** And is your notion that if it was severed, that the case would then just go into the wheel and be assigned at random either to me or to whatever other judge who may come up in the random assignment process?

**MR. SIMPSON:** Yes, your Honor. I believe that the test that your Honor identified is very similar, if not the same, to the related case designation question. So if your Honor would be inclined to find them related, then I don't think that severance would serve any significant purpose. But if your Honor would not be inclined, I think that --

**THE COURT:** Right.

**MR. SIMPSON:** And your Honor, this is Alan Simpson again. I only add that given the fact that there is no motion for preliminary injunction, there's no motion for summary judgment, that I don't think that that would involve much additional delay.

**THE COURT:** So what I'm thinking through here really at this point is just process and the correct order to take these issues up in, and how to do so expeditiously. And to the extent that you want to raise futility arguments, it strikes me that that probably is more efficiently handled if we just merge that into the merits. To the extent that you want to raise the severance argument, if that goes to the question of which judge this case should be in front of -- or put more succinctly, whether it is really properly before me, that is something that we need to deal with up front and quickly.

So one thing I would propose, and would be interested in getting the parties' views on, is perhaps one way to handle this would be to have just expeditious briefing on the two questions of -- first, I guess whether the cases are related, and second, whether they are -- whether severance would be appropriate. If I conclude that the cases are related, then we don't really have to reach the severance issue or think hard about that. On the other hand, if I don't think that they would be -- if I don't think they would be related and filed separately, then I guess I do have to think about the severance issue.

But I just want to make sure that it's properly in front of me. And if it's not, I want to get the case to one of my colleagues as soon as possible as a courtesy to my

colleague, whoever that might be, to have as much time as possible, and a courtesy to the parties so they have a full opportunity to present their positions.

So one possibility here, it strikes me, would be to address those issues early on; to allow the Government to oppose the motion for leave to file on that fairly limited ground, that really the claim ought to be severed out -- or put differently, it's not properly brought as a supplemental complaint, and that instead it should have just been brought as a complaint. And to address that early on and quickly.

And then assuming that the case stays with me -- or perhaps set a preliminary schedule, and then if the case goes to another judge, that judge can modify the schedule as he or she thinks is appropriate. But then maybe the thing to do is to set an expedited schedule for summary judgment briefing in which case you can fold the futility arguments into the summary judgment briefing and do it all at once.

So let me ask Ms. Babcock what she thinks of the suggestion of proceeding that way?

**PROFESSOR BABCOCK:** Your Honor, I agree that severance should be addressed immediately. Of course, it is our position that these claims are intimately and inextricably related to the stay that is currently in effect. In fact, that's what gave rise to the claims. So -- but I understand that briefing is appropriate, and we

are prepared to submit a brief as soon as your Honor designates.

As for the question of an expedited schedule for summary judgment, we're in agreement with that. We still believe that -- you know, out of deference we will do whatever the Court suggests, that disposition of the motion to clarify to help to narrow some of the issues in the summary judgment motion. So we would still request that there be expedited briefing, and that that could be handled more quickly than perhaps briefing on the merits under the summary judgment.

But we will of course defer to whatever the Court decides is most appropriate.

**THE COURT:** Well, I may not be entirely understanding this, but it sounds to me like there's substantial overlap on those questions. And I didn't mean to foreclose your briefing on the motion to clarify, but just thought that could be done in parallel with the briefing on the motion for summary judgment.

But given what I've indicated today, that this is not an issue that I contemplated in issuing my order, it does seem to me that at least -- there may be some nuance difference between the motion to clarify and the motion for summary judgment, but there's going to be substantial overlap. Because just from reading the papers that have

been filed thus far, it sounds to me like there will be at least two arguments that you'll make; that simply by virtue of my issuing a stay, that that stay had the legal effect or consequence of depriving the director of the Bureau of Prisons of the legal authority to set a new execution date regardless of the regulation, argument one. And then argument two is and the regulation drives that point home, because under the regulation the director of the Bureau of Prisons lacked that authority. And point two is clearly in the camp of the supplemental complaint that I take it you probably would want to raise that argument in both contexts.

So I do see some overlap, but you may want to clarify if I'm wrong about that.

**PROFESSOR BABCOCK:** You're right in your recitation of the two different bases that are raised in the motion to clarify. There are arguments raised in the supplemental complaint that are not raised in the motion to clarify under the Death Penalty Act. And the relief that we are asking for in the motion to clarify would moot out to a certain extent the relief that we would be requesting on the same claims in the supplemental complaint.

So in that sense, that's why I was suggesting that resolving the motion to clarify -- which I think is not dependent on -- our argument is not dependent on your intent. The argument is one that rests on established

principles of federal law that govern how parties should behave when they are subject to a preliminary order of this sort in the stay of execution context.

**THE COURT:** Fair enough. And I do see the -- I see your point, and I saw in the supplemental complaint that there were some arguments that went beyond this. I have to say, if the arguments -- if this case were -- if the supplemental -- if count two of the supplemental complaint was filed as a separate lawsuit, it might be hard to see the connection to what's in front of me or the relatedness to what's been in front of me.

Count one, I see your argument. And maybe if count one is related to what's in front of me and count two is related to count one, that's enough to get you there. I suppose another possibility would be to sever out count two, let that go into the wheel and just get assigned quickly to one of the judges in the Court who can address those issues, and then I can address count one and the motion to clarify together.

**PROFESSOR BABCOCK:** I'm not going to suggest that. I think that it is appropriate for both to stay before you, but we'll -- I will consult with my co-counsel about this and we will do whatever you ask.

**THE COURT:** Well, a lot of what I'm doing -- and I don't mean to be suggesting any conclusions here, because I

don't have any conclusions at this point in time. I'm really just concerned about the timing, time for me to decide these issues, and if necessary, time for the Court of Appeals, and if necessary, time for the Supreme Court to be able to address these issues.

**PROFESSOR BABCOCK:** Right.

**THE COURT:** And I'm concerned that if we end up with three rounds of briefing, that the clock may run out or that you all may find that you don't have as much time as you'd might like to brief some of the issues. I'm just looking for ways to try and streamline things.

It may be that the right thing to do to start with would be for me to set an expedited schedule for briefing on the motion for leave to file a supplemental complaint, putting aside the question of futility, which I do think should be merged with the merits just to expedite things. But anything anyone wants to raise about the related case rules, whether this is all the proper subject matter of a supplemental complaint or whether it should be -- should have been filed as a separate complaint. Let's resolve all that quickly and up front, and then from there either I or whoever the case gets assigned to will decide everything else on an expedited basis with expedited briefing.

Mr. Simpson, does that make sense to you to proceed in that way?

**MR. SIMPSON:** It does, your Honor. And I appreciate your Honor's accommodation. I don't think that we've taken any firm views regarding severance, and I don't want to insinuate that we have. But that's my -- I think that your Honor's expedited and merged briefing makes all the sense in the world to resolve these issues.

**THE COURT:** When would you propose then filing your opposition to the motion for leave to file a supplemental complaint, putting aside futility?

**MR. SIMPSON:** Putting aside futility, your Honor, I think that we could just get that done either -- I hate to commit myself to a schedule over the weekend, but certainly on Monday. And if your Honor wanted it over the weekend, if there were no corresponding briefing on the motion to clarify, I think that we could easily get that before your Honor.

**THE COURT:** So what if I give you until Monday at noon to file your response to the motion for leave to file the supplemental complaint?

**MR. SIMPSON:** Yes, your Honor.

**THE COURT:** All right. And then Mr. Schierenbeck, when would you want to respond to that?

**MR. SCHIERENBECK:** Your Honor, we could respond as early as Tuesday. We want to move this as expeditiously as possible.

**THE COURT:** I appreciate that. Could you do it by Tuesday at noon do you think, would that work?

**MR. SCHIERENBECK:** Yes, your Honor.

**THE COURT:** Okay. So why don't I do this: I'm going to provide then that the Government's opposition to the motion for leave to file a supplemental complaint is due by noon on Monday; plaintiff's reply is due by noon on Tuesday. I am going to direct that the Government put aside the question of futility for now and just merge that with the merits given the need to move expeditiously with this litigation.

And then I suppose we could do one of two things. We could just if you want convene Tuesday afternoon, and I can just give you my -- give you an oral decision with respect to those questions. And we can then set a schedule if appropriate for further proceedings at that point. And then maybe in the meantime, the parties can confer amongst themselves with respect to a briefing schedule on everything that would remain at that point in the case. I assume as well that the parties will start working now on their substantive briefs so that everyone's ready to move forward as quickly as possible.

Professor Babcock, does that make sense to you? I'm happy to set a further schedule today, but it may make sense to see where we are Tuesday afternoon. I can give you

the oral decision to keep things moving, and then we can set the schedule at that point in time. It gives you some chance to confer with Mr. Simpson about a potential agreed upon schedule.

**PROFESSOR BABCOCK:** That makes sense, your Honor. I did want to -- you know, one of the things that I didn't mention in response to your query about severing out the FDPA claim is that that too is -- it's our position that that also arises in part at least from the stay, because the notice requirements there are 90 days from -- within 90 days from the expiration of the stay.

So that having been said --

**THE COURT:** I did see that.

**PROFESSOR BABCOCK:** Yes, sure. So that having been said --

**THE COURT:** It may be, by the way -- and I'm sorry to interrupt you. But it may be that when the Government looks at this, that the Government essentially agrees with you on this and we can expedite things further. And the Government may decide not to oppose the motion for leave to file a supplemental complaint, putting aside futility for the moment, which would allow us to jump more quickly to the merits briefing.

But I understand Mr. Simpson probably is not in a position in which he can make that determination today. But

he may before Monday at noon have further thoughts on that question. And if the parties are in agreement, we can get on the phone and set the schedule even sooner.

**PROFESSOR BABCOCK:** That's completely acceptable to us, your Honor. The one thing that I would also respectfully suggest is that we begin to give some thought to the potential of waiving certain requirements for summary judgment in the interest of resolving the merits as expeditiously as possible. And that Mr. Simpson and I and Mr. Schierenbeck can speak about that and maybe come to some agreements on whether the defendants would oppose or agree to some of those -- a waiver of some of those rules subject to the Court's agreement.

**THE COURT:** That makes sense to me. Mr. Simpson?

**MR. SIMPSON:** Yes, your Honor. Again, I think your Honor's correctly determined that I need to take things and discuss them and get a little bit more clarity about the Government's position. But it does strike me that the two new claims involve essentially no disputed facts. It's really just about the timing of when dates were scheduled and notices provided. So I don't think that there would be much difficulty in teeing up that type of a question for summary judgment.

**THE COURT:** That makes sense to me. So I'll leave that up to the parties to confer between now and Tuesday

about that. If there's any remaining disputes, I can resolve those on Tuesday or enter an order.

I'll say that in addition to wanting to see the various scheduling documents and those types of materials, I'd also like to see a copy of the actual judgment that was entered in the district court in Missouri. I think that would be helpful for me to have as well.

So let me look at the calendar here. I'll have to move quickly with this, but I think I can probably do so. Are the parties available at 3:00 o'clock on Tuesday for a further status in which I can let you know what my thoughts are with respect to any disputed issues that might exist as to the filing of the supplemental complaint, and then we can set a further schedule at that time?

**PROFESSOR BABCOCK:** Yes, your Honor.

**THE COURT:** Professor Babcock, does that work for you?

**PROFESSOR BABCOCK:** Yes, your Honor.

**THE COURT:** And Mr. Schierenbeck, does that work for you?

**MR. SCHIERENBECK:** Yes, your Honor.

**THE COURT:** And Mr. Simpson?

**MR. SIMPSON:** Yes, your Honor.

**THE COURT:** Okay. So I'll put the matter down for a further hearing for a status at 3:00 o'clock on Tuesday

the 15th of December. And I'll order that the Government file its opposition to the motion for leave to file a supplemental complaint on or before Monday the 14th at noon, and that plaintiff file her reply on or before noon on Tuesday the 15th. That will give me at least a couple of hours to look at it before the hearing.

Professor Babcock, anything else you wanted to raise today?

**PROFESSOR BABCOCK:** No, your Honor. I would like to give my colleague, Mr. Schierenbeck, an opportunity since we're not in the same room, if he would like to say anything as well.

**THE COURT:** Mr. Schierenbeck?

**MR. SCHIERENBECK:** No, your Honor. Thank you very much.

**THE COURT:** And Mr. Simpson?

**MR. SIMPSON:** Nothing from the Government. Thank you, your Honor.

**THE COURT:** All right. Well, thank you all, and we will talk on Tuesday.

(Proceedings adjourned at 2:31 p.m.)

# C E R T I F I C A T E

I, **Jeff Hook, Official Court Reporter**, certify that the foregoing is a true and correct transcript of the remotely reported proceedings in the above-entitled matter.

**PLEASE NOTE:** This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of court reporting remotely.

**December 20, 2020**

**DATE**

**Jeff M. Hook**

**1**

10 [1] 1/5
10036 [1] 1/15
114 [1] 1/20
14853 [1] 1/13
14th [1] 21/3
157 [1] 1/12
15th [2] 21/1 21/5
1625 [1] 1/17
19 [1] 22/8
19-hour [1] 7/10
1:20-cv-3261 [1] 1/3

**2**

20-3261 [1] 2/2
20006 [1] 1/18
2020 [1] 1/5
22314 [1] 1/20
24 [1] 7/12
2:02 [1] 1/6
2:31 p.m [1] 21/21

**3**

30 [1] 6/16
3261 [2] 1/3 2/2
3:00 [2] 20/10 20/25

**4**

400 [1] 1/23

**5**

5510 [1] 1/23

**6**

64106 [1] 1/23
6:00 p.m [1] 7/8

**9**

90 [2] 18/10 18/10
9th [1] 1/23

**A**

able [2] 7/12 15/5
above [1] 22/5
above-entitled [1] 22/5
abundance [1] 6/22
abusing [1] 8/22
acceptable [1] 19/4
accommodation [1] 16/2
accomplished [1] 6/13
accords [1] 7/20
act [2] 5/24 13/18
acting [1] 5/24
action [2] 1/3 2/2
actual [1] 20/5
actually [1] 7/10
add [1] 9/22
addition [2] 2/12 20/3
additional [1] 9/25
address [8] 3/5 3/7 5/14 11/5 11/10 14/17 14/18 15/5
addressed [1] 11/21
addressing [2] 2/22 4/3
adjourned [1] 21/21
administrative [1] 6/15
afternoon [2] 17/13 17/25
again [2] 9/22 19/15
agency [1] 6/21
ago [1] 8/7
agree [2] 11/20 19/11
agreed [1] 18/3
agreement [3] 12/4 19/2 19/13
agreements [1] 19/11
agrees [1] 18/18
AHMED [2] 1/11 2/4
al [2] 1/5 2/3
ALAN [3] 1/21 2/6 9/21
ALEC [3] 1/14 2/5 5/21
Alexandria [1] 1/20
Alfred [1] 1/20
allow [2] 11/5 18/22
altogether [1] 6/20
always [1] 2/9
amongst [1] 17/17
anticipate [2] 7/7 7/11
APA [1] 6/21
Appeals [1] 15/4
APPEARANCES [1] 1/10
Appearing [2] 2/3 2/5
appreciate [4] 2/7 5/3 16/2 17/1
appropriate [12] 4/19 5/11 6/23 7/16 8/3 9/8 10/17 11/14 11/25 12/13 14/21 17/16
argument [7] 10/7 13/6 13/7 13/11 13/24 13/25 14/12
arguments [6] 10/4 11/16 13/2 13/16 14/6 14/7
arises [1] 18/9
aside [5] 15/15 16/9 16/10 17/8 18/21
assemble [1] 6/19
assembling [1] 2/8
assert [1] 4/7
assigned [3] 9/12 14/16 15/22
assignment [1] 9/13
assume [1] 17/19
assuming [2] 8/2 11/11
attempting [1] 4/12
Attorney's [1] 1/22
authority [2] 13/5 13/9
available [1] 20/10
avoid [1] 2/13

**B**

BABCOCK [8] 1/11 2/4 2/25 3/4 11/18 17/23 20/16 21/7
BARR [2] 1/5 2/3
bases [1] 13/15
basis [1] 15/23
begin [1] 19/6
behave [1] 14/2
beyond [1] 14/6
bit [1] 19/17
both [5] 3/10 4/4 5/17 13/11 14/21
bound [2] 5/5 5/8
brief [2] 12/1 15/10
briefed [1] 6/9
briefing [22] 3/17 3/20 6/2 6/3 6/5 6/12 7/22 10/15 11/16 11/17 11/25 12/9 12/10 12/17 12/19 15/8 15/13 15/23 16/5 16/14 17/18 18/23
briefs [1] 17/21
bring [1] 8/5
brought [2] 11/8 11/9
Bureau [3] 9/7 13/4 13/8

**C**

calendar [1] 20/8
camp [1] 13/10
can [22] 2/14 2/22 3/1 4/14 6/8 11/13 11/16 14/17 14/18 17/14 17/15 17/17 17/25 18/1 18/19 18/25 19/2 19/10 20/1 20/9 20/11 20/13
candor [1] 4/24
case [17] 3/14 8/10 8/24 9/3 9/7 9/9 9/11 9/16 10/8 10/24 11/11 11/12 11/16 14/7 15/17 15/22 17/19
cases [2] 10/16 10/18
caution [1] 6/22
caveat [1] 7/7
certain [2] 13/20 19/7
certainly [1] 16/12
certify [1] 22/4
CFRs [1] 5/9
chance [1] 18/3
Circuit [1] 5/10
circumstances [1] 3/24
City [1] 1/23
civil [2] 1/3 2/2
claim [3] 6/21 11/7 18/8
claims [13] 7/18 8/3 8/5 8/7 8/21 8/22 8/24 9/1 9/8 11/22 11/24 13/21 19/19
clarification [3] 2/18 5/23 7/20
clarify [18] 3/6 3/17 3/20 4/5 4/18 5/11 7/13 7/16 12/7 12/17 12/23 13/13 13/16 13/18 13/19 13/23 14/18 16/15
clarity [1] 19/17
clean [1] 6/18
clear [2] 2/16 4/20
clearly [2] 2/14 13/9
clemency [1] 8/25
clock [1] 15/8
co [2] 5/13 14/22
co-counsel [2] 5/13 14/22
colleague [3] 3/6 11/1 21/10
colleagues [1] 10/25
COLUMBIA [1] 1/1
commit [1] 16/12
complaint [26]
completely [1] 19/4
conceded [1] 5/8
concerned [2] 15/2 15/7
conclude [1] 10/17
conclusions [2] 14/25 15/1
conditions [1] 8/11
confer [3] 17/17 18/3 19/25
conference [3] 1/8 2/21 6/14
connection [1] 14/10
consequence [1] 13/4
considered [1] 4/10
consistent [1] 2/23
constraints [1] 4/3
consult [1] 14/22
contemplated [1] 12/21
context [1] 14/3
contexts [1] 13/11
convene [1] 17/13
copy [1] 20/5
Cornell [1] 1/12
correctly [1] 19/16
corresponding [1] 16/14
counsel [3] 5/13 8/1 14/22
count [7] 14/8 14/12 14/13 14/13 14/14 14/15 14/18
couple [1] 21/5
course [9] 3/9 3/19 5/13 5/22 5/24 6/17 6/24 11/21 12/12
court [16] 1/1 1/25

C

court... [14] 2/18 3/23 3/24 5/22 5/24 6/9 12/6 12/12 14/17 15/3 15/4 20/6 22/3 22/9
Court's [6] 2/10 2/18 3/19 3/24 6/11 19/13
courtesy [2] 10/25 11/2
COVID [1] 22/8
COVID-19 [1] 22/8
currently [1] 11/23
cv [1] 1/3

D

D.C [1] 5/10
date [8] 3/12 3/15 4/8 4/13 4/22 9/4 13/5 22/14
dates [2] 5/7 19/20
days [3] 6/16 18/10 18/10
DC [2] 1/4 1/18
deal [1] 10/10
death [2] 3/14 13/18
December [2] 1/5 21/1
decide [3] 15/3 15/22 18/20
decided [1] 8/24
decides [1] 12/13
decision [3] 5/1 17/14 18/1
deems [1] 3/24
defendants [4] 1/6 1/21 2/6 19/11
defer [1] 12/12
deference [1] 12/5
delay [1] 9/25
dependent [2] 13/24 13/24
dependent on [1] 13/24
depriving [1] 13/4
designated [1] 3/15
designates [1] 12/2
designation [4] 3/12 6/15 6/23 9/16
determination [1] 18/25
determined [1] 19/16
difference [1] 12/23
different [2] 8/10 13/15
differently [1] 11/8
difficulty [1] 19/22
direct [2] 2/11 17/8
director [2] 13/4 13/8
discretion [1] 8/23
discuss [1] 19/17
dispose [2] 5/22 6/20
disposition [1] 12/6
disputed [2] 19/19 20/12
disputes [1] 20/1
district [6] 1/1 1/1 1/9 1/22 7/8 20/6
documents [1] 20/4
done [4] 8/8 8/23 12/18 16/11
down [1] 20/24
drives [1] 13/7
due [2] 17/6 17/7
during [1] 22/7

E

early [3] 11/5 11/10 16/24
easily [1] 16/15
Eastern [1] 7/8
EDWARD [2] 1/19 2/4
effect [3] 3/13 11/24 13/3
efficiently [1] 10/5
either [4] 2/10 9/12 15/21 16/11
else [2] 15/23 21/7
end [2] 6/10 15/7
enough [2] 14/4 14/14
enter [1] 20/2
entered [1] 20/6
entirely [1] 12/14
entitled [1] 22/5
essentially [2] 18/18 19/19
established [1] 13/25
et [2] 1/5 2/3
even [2] 4/9 19/3
event [1] 5/5
everyone [2] 2/12 2/23
everyone's [1] 17/21
execution [9] 3/12 3/13 4/8 4/13 4/22 5/7 9/4 13/5 14/3
exist [1] 20/12
expedite [3] 4/20 15/16 18/19
expedited [10] 3/17 3/20 3/23 11/15 12/3 12/9 15/13 15/23 15/23 16/5
expeditious [1] 10/14
expeditiously [11] 2/22 6/9 7/6 7/17 8/3 8/5 9/9 10/3 16/24 17/10 19/9
expiration [1] 18/11
extensive [1] 6/1
extent [7] 4/6 4/9 4/20 6/3 10/4 10/6 13/20
Eye [1] 1/17

F

fact [5] 6/19 7/18 9/8 9/22 11/24
factor [1] 4/11
facts [1] 19/19
fair [2] 2/23 14/4
fairly [1] 11/6
far [2] 7/6 13/1
FDPA [1] 18/8
federal [5] 3/14 5/5 5/6 9/6 14/1
feedback [1] 2/13
file [17] 2/19 3/8 5/25 6/6 7/19 7/25 8/16 11/6 15/14 16/8 16/18 16/18 17/6 18/21 21/2 21/2 21/4
filed [8] 2/17 5/9 5/25 8/6 10/21 13/1 14/9 15/20
filing [2] 16/7 20/13
find [2] 9/17 15/9
firm [1] 16/3
first [3] 3/13 8/19 10/15
focused [2] 4/7 4/15
fold [1] 11/16
follow [1] 5/5
For the Defendants [1] 1/21
force [1] 8/4
foreclose [1] 12/17
foregoing [1] 22/4
form [1] 8/15
forward [1] 17/21
frankly [1] 4/2
front [8] 8/13 10/8 10/11 10/24 14/10 14/11 14/13 15/21
full [1] 11/2
further [8] 7/1 17/16 17/24 18/19 19/1 20/11 20/14 20/25
futile [1] 8/20
futility [7] 10/4 11/16 15/15 16/9 16/10 17/9 18/21

G

gave [1] 11/24
gets [1] 15/22
given [6] 3/23 4/3 8/6 9/22 12/20 17/10
gives [1] 18/2
giving [1] 2/23
goes [2] 10/7 11/13
goodness [1] 4/23
govern [1] 14/1
Government [16] 3/14 4/8 4/13 4/23 5/5 5/8 6/16 6/23 8/4 11/5 17/8 18/17 18/18 18/20 21/1 21/17
Government's [4] 3/11 6/24 17/5 19/18
granted [3] 6/6 7/18 8/2
great [1] 5/19
ground [1] 11/7
guess [2] 10/15 10/22
guidance [1] 6/25

H

Hall [1] 1/12
hand [1] 10/20
handle [1] 10/14
handled [2] 10/5 12/9
handset [1] 2/14
happy [3] 5/19 6/20 17/24
hard [2] 10/19 14/9
Harrison [1] 9/6
hate [1] 16/11
hear [3] 2/14 3/2 5/19
heard [1] 2/24
hearing [3] 20/25 21/6 22/7
help [2] 3/21 12/7
helpful [1] 20/7
helps [1] 4/20
home [1] 13/7
Honor [37]
Honor's [6] 6/14 6/25 7/21 16/2 16/5 19/16
HONORABLE [1] 1/9
HOOK [3] 1/25 22/3 22/14
hour [1] 7/10
hours [2] 7/12 21/6
Hughes [1] 1/12

I

identified [1] 9/15
immediately [1] 11/21
impute [1] 5/3
inclined [2] 9/17 9/19
indicated [1] 12/20
inextricably [1] 11/23
influence [1] 5/23
injunction [3] 7/9 9/3 9/23
insinuate [1] 16/4
instead [1] 11/9
intent [2] 5/4 13/25
intention [2] 5/3 6/6
interest [1] 19/8
interested [1] 10/13
interrupt [1] 18/17
intimately [1] 11/22

**I**

into [5] 2/13 9/11 10/6 11/17 14/16
introduce [1] 2/15
involve [2] 9/24 19/19
involving [1] 3/11
issue [4] 4/17 10/19 10/22 12/21
issued [2] 5/1 9/3
issues [16] 3/5 3/21 5/14 5/17 6/8 6/18 6/18 10/3 11/5 12/7 14/17 15/3 15/5 15/10 16/6 20/12
issuing [2] 12/21 13/3
Ithaca [1] 1/13

**J**

JEFF [3] 1/25 22/3 22/14
judge [6] 1/9 8/13 9/13 10/8 11/13 11/13
judges [1] 14/17
judgment [14] 6/7 6/12 6/21 9/24 11/15 11/17 12/4 12/8 12/11 12/19 12/24 19/8 19/23 20/5
jump [1] 18/22

**K**

Kansas [1] 1/23
keep [1] 18/1
kind [1] 8/25

**L**

lacked [1] 13/9
law [5] 1/12 1/19 5/5 5/7 14/1
lawsuit [3] 8/11 9/2 14/9
lead [1] 9/3
least [4] 12/22 13/2 18/9 21/5
leave [22] 2/19 3/8 5/15 5/25 6/2 6/6 7/14 7/18 7/22 7/23 7/25 8/2 8/16 8/19 11/6 15/14 16/8 16/18 17/6 18/20 19/24 21/2
legal [4] 6/18 8/20 13/3 13/5
lengthy [1] 7/22
letter [1] 6/14
likely [2] 6/23 7/23
limitations [1] 22/9
limited [2] 6/21 11/6
LISA [2] 1/2 2/2
litigation [4] 7/7 7/11 8/9 17/11
little [1] 19/17
local [2] 6/11 6/14
look [2] 20/8 21/6
looking [2] 7/13 15/11
looks [1] 18/18
lot [3] 7/12 7/22 14/24

**M**

makes [5] 4/1 16/5 18/5 19/14 19/24
MARIE [2] 1/2 2/3
materials [1] 20/4
matter [3] 15/18 20/24 22/6
matters [1] 3/10
may [15] 3/20 4/3 4/18 9/13 12/14 12/22 13/12 15/8 15/9 15/12 17/24 18/16 18/17 18/20 19/1
maybe [4] 11/14 14/12 17/17 19/10
McFadden [1] 8/13
MEAGHAN [2] 1/16 2/5
mean [2] 12/16 14/25
meantime [1] 17/17
mention [1] 18/7
mentioned [1] 3/4
merge [2] 10/6 17/9
merged [2] 15/16 16/5
merit [1] 8/21
merits [9] 4/16 7/17 8/16 10/6 12/10 15/16 17/10 18/23 19/8
microphone [1] 2/12
might [5] 5/16 11/1 14/9 15/10 20/12
Missouri [2] 1/22 20/6
MO [1] 1/23
modified [1] 6/12
modify [2] 4/19 11/13
moment [1] 18/22
Monday [6] 7/20 16/13 16/17 17/7 19/1 21/3
MONTGOMERY [5] 1/2 2/3 3/12 8/10 8/12
moot [1] 13/19
more [6] 7/6 10/5 10/9 12/10 18/22 19/17
MOSS [1] 1/9
most [3] 5/9 8/13 12/13
motion [48]
motions [4] 2/17 2/22 3/5 4/4
move [5] 7/17 16/24 17/10 17/21 20/9
moving [1] 18/1
Mr. [17] 3/2 3/7 5/13 5/20 7/3 15/24 16/21 18/3 18/24 19/9 19/10 19/14 20/19 20/22 21/10 21/13 21/16
Mr. Schierenbeck [8] 3/7 5/13 5/20 16/21 19/10 20/19 21/10 21/13
Mr. Simpson [9] 3/2 7/3 15/24 18/3 18/24 19/9 19/14 20/22 21/16
Mrs. [2] 3/12 8/10
Mrs. Montgomery [2] 3/12 8/10
Ms. [3] 2/25 8/12 11/18
Ms. Babcock [2] 2/25 11/18
Ms. Montgomery [1] 8/12
much [5] 9/25 11/1 15/9 19/22 21/15
multiple [1] 5/8
mute [1] 2/12
Myers [2] 1/14 1/17
myself [3] 4/11 4/23 16/12

**N**

name [1] 2/15
narrow [2] 3/21 12/7
nature [1] 8/6
necessary [2] 15/3 15/4
need [6] 3/21 4/3 6/11 10/10 17/10 19/16
new [8] 1/15 3/12 3/15 4/8 4/13 9/4 13/5 19/19
next [1] 7/12
nobody [1] 2/11
noon [7] 16/18 17/2 17/7 17/7 19/1 21/3 21/4
North [1] 1/20
Northern [1] 7/7
NOTE [1] 22/7
notice [2] 2/8 18/10
notices [1] 19/21
noticing [1] 8/7
notion [2] 4/10 9/10
nuance [1] 12/22
NW [1] 1/17
NY [2] 1/13 1/15

**O**

o'clock [2] 20/10 20/25
O'Melveny [2] 1/14 1/17
occur [1] 7/23
occurred [1] 22/7
office [1] 1/22
official [1] 22/3
once [1] 11/17
one [17] 2/18 5/4 7/6 10/12 10/13 10/24 11/4 13/6 13/25 14/12 14/13 14/14 14/17 14/18 17/12 18/6 19/5
only [1] 9/22
open [2] 5/12 6/24
opportunity [3] 2/23 11/3 21/10
oppose [3] 11/6 18/20 19/11
opposition [3] 16/8 17/5 21/2
oral [2] 17/14 18/1
order [9] 2/19 4/12 4/24 6/12 10/2 12/21 14/2 20/2 21/1
ordered [1] 9/8
ordinarily [1] 6/16
original [2] 8/7 9/1
ought [3] 7/17 8/5 11/7
out [8] 5/4 6/22 11/7 12/5 13/19 14/15 15/8 18/7
over [3] 6/5 16/12 16/13
overlap [3] 12/16 12/25 13/12

**P**

p.m [3] 1/6 7/8 21/21
pandemic [1] 22/8
papers [1] 12/25
parallel [1] 12/18
part [1] 18/9
particular [1] 6/13
particulars [1] 6/10
parties [7] 11/2 14/1 17/17 17/20 19/2 19/25 20/10
parties' [1] 10/13
penalty [2] 3/14 13/18
pending [2] 3/15 8/12
perhaps [4] 8/7 10/13 11/12 12/10
permit [1] 6/12
permitted [2] 2/9 6/16
phone [1] 19/3
place [2] 4/9 5/6
plaintiff [6] 1/3 1/11 2/4 2/17 8/4 21/4
plaintiff's [1] 17/7
pleading [1] 5/9
please [2] 2/15 22/7
PLLC [1] 1/19
point [9] 5/4 10/2 13/7 13/9 14/5 15/1

P

point... [3] 17/16 17/19 18/2
points [1] 8/19
position [5] 8/15 11/22 18/8 18/25 19/18
positions [1] 11/3
possibility [2] 11/4 14/15
possible [6] 3/23 10/25 11/2 16/25 17/22 19/9
potential [3] 5/23 18/3 19/7
practice [2] 6/11 6/14
pre [1] 6/14
pre-motion [1] 6/14
preclude [1] 4/13
precludes [1] 4/8
preliminary [4] 7/9 9/23 11/12 14/2
premised [2] 4/6 4/10
prepared [2] 3/18 12/1
preparing [1] 7/13
present [1] 11/3
presented [1] 6/8
presents [1] 6/18
previous [1] 8/23
previously [2] 8/12 9/6
principal [1] 8/19
principally [1] 2/21
principles [1] 14/1
Prisons [3] 9/7 13/5 13/9
probably [4] 10/5 13/11 18/24 20/9
procedural [1] 7/16
procedures [1] 5/6
proceed [4] 4/4 7/4 7/6 15/25
proceeding [2] 5/15 11/19
proceedings [4] 2/11 17/16 21/21 22/5
process [2] 9/13 10/2
Professor [3] 17/23 20/16 21/7
promptly [1] 6/7
proper [1] 15/18
properly [3] 10/9 10/23 11/8
propose [3] 7/19 10/12 16/7
proposed [1] 5/14
provide [1] 17/5
provided [1] 19/21
purpose [2] 2/20 9/18
put [4] 10/9 11/8 17/8 20/24
putting [4] 15/15 16/9 16/10 18/21

Q

query [1] 18/7
quickly [8] 10/11 11/10 12/10 14/16 15/21 17/22 18/22 20/9
quite [2] 3/10 4/2

R

radar [2] 4/15 4/25
raise [5] 10/4 10/7 13/11 15/17 21/8
raised [3] 13/15 13/16 13/17
RANDOLPH [1] 1/9
random [2] 9/12 9/13
re [1] 8/7
re-noticing [1] 8/7
reach [1] 10/18
reading [1] 12/25
ready [1] 17/21
real [1] 8/1
really [6] 10/2 10/9 10/18 11/7 15/2 19/20
rebroadcast [1] 2/10
receive [2] 6/3 7/9
recently [2] 5/9 8/13
recitation [1] 13/15
recited [1] 9/6
record [9] 2/10 2/16 4/21 6/15 6/19 6/20 6/22 6/22 6/24
regard [1] 7/25
regarding [1] 16/3
regardless [1] 13/6
regulation [4] 4/11 13/6 13/7 13/8
regulatory [1] 4/7
relate [2] 8/10 8/25
related [14] 3/5 3/10 6/15 7/7 9/1 9/16 9/17 10/16 10/18 10/21 11/23 14/13 14/14 15/17
relatedness [1] 14/10
relates [1] 8/12
relevant [1] 3/25
relief [2] 13/18 13/20
remain [1] 17/19
remaining [1] 20/1
remind [1] 2/9
remotely [2] 22/5 22/9
render [1] 6/9
reply [2] 17/7 21/4
reported [1] 22/5
Reporter [2] 1/25 22/3
reporting [1] 22/9
request [1] 12/8
requesting [1] 13/20
required [1] 6/2
requirement [2] 4/7 6/25
requirements [2] 18/10 19/7
resolve [3] 15/20 16/6 20/2
resolved [2] 3/21 9/9
resolving [3] 5/17 13/23 19/8
respect [10] 3/1 3/8 3/16 4/5 7/19 7/21 8/15 17/15 17/18 20/12
respectfully [2] 6/4 19/6
respecting [1] 5/6
respond [2] 16/22 16/23
response [4] 7/11 7/13 16/18 18/7
rest [1] 3/10
rests [1] 13/25
right [8] 4/16 7/1 9/20 13/14 15/6 15/12 16/21 21/19
rise [1] 11/24
room [1] 21/11
rounds [1] 15/8
rules [5] 2/10 6/11 6/15 15/18 19/12
ruling [1] 6/10
run [1] 15/8

S

same [5] 4/4 8/25 9/16 13/21 21/11
SANDRA [3] 1/11 2/4 3/3
saw [2] 4/22 14/5
saying [1] 4/15
schedule [20] 2/21 3/18 3/19 3/23 3/24 6/4 6/13 11/12 11/13 11/15 12/3 15/13 16/12 17/15 17/18 17/24 18/2 18/4 19/3 20/14
scheduled [1] 19/20
scheduling [7] 3/1 3/5 3/7 3/16 5/7 5/12 20/4
SCHIERENBECK [11] 1/14 2/5 3/7 5/13 5/20 5/22 16/21 19/10 20/19 21/10 21/13
School [1] 1/12
second [3] 2/19 8/21 10/16
seem [1] 12/22
sense [10] 4/1 9/2 13/22 15/24 16/6 17/23 17/25 18/5 19/14 19/24
sensitive [1] 3/19
separate [3] 9/9 14/9 15/20
separately [1] 10/21
seriatim [1] 4/2
serve [1] 9/18
set [13] 2/21 3/23 4/23 6/4 11/12 11/15 13/5 15/13 17/15 17/24 18/1 19/3 20/14
sets [1] 4/4
setting [2] 4/8 4/13
sever [2] 8/24 14/15
severance [8] 9/7 9/18 10/7 10/17 10/19 10/22 11/21 16/3
severed [2] 9/11 11/7
severing [1] 18/7
short [1] 2/8
shortly [1] 7/24
significant [2] 6/19 9/18
similar [1] 9/15
simply [2] 5/4 13/2
SIMPSON [12] 1/21 2/6 3/2 7/3 9/21 15/24 18/3 18/24 19/9 19/14 20/22 21/16
situation [1] 3/11
soon [2] 10/25 12/1
sooner [1] 19/3
sorry [1] 18/16
sort [1] 14/3
sounds [2] 12/15 13/1
speak [3] 2/13 2/15 19/10
speaking [1] 2/13
spend [1] 7/12
sponte [1] 9/7
Square [1] 1/15
standards [2] 8/23 9/5
start [3] 2/25 15/12 17/20
stated [1] 7/15
STATES [2] 1/1 1/9
status [4] 1/8 2/20 20/11 20/25
stay [11] 3/13 3/15 4/9 9/3 11/23 13/3 13/3 14/3 14/21 18/9 18/11
stays [1] 11/11
still [4] 4/19 5/10 12/4 12/8
streamline [1] 15/11
Street [3] 1/17 1/20 1/23
strike [1] 19/18
strikes [2] 10/5 11/4
sua [1] 9/7
subject [4] 14/2

S

subject... [3] 15/18 19/12 22/8
submit [1] 12/1
substantial [2] 12/16 12/24
substantive [1] 17/21
succinctly [1] 10/9
suggest [4] 3/17 3/22 14/20 19/6
suggesting [2] 13/22 14/25
suggestion [2] 3/1 11/19
suggestions [1] 5/13
suggests [1] 12/6
Suite [1] 1/23
summary [13] 6/7 6/12 6/20 9/24 11/15 11/17 12/4 12/8 12/11 12/19 12/24 19/7 19/23
supplement [1] 5/15
supplemental [25]
suppose [2] 14/15 17/12
Supreme [1] 15/4
sure [3] 4/1 10/23 18/14

T

talk [1] 21/20
tandem [1] 5/18
technological [1] 22/9
teeing [1] 19/22
TELEPHONIC [1] 1/8
terms [1] 5/12
test [1] 9/15
Texas [2] 7/8 8/9
thereafter [1] 7/24
therefore [1] 22/8
thinking [2] 5/1 10/1
thought [4] 4/11 4/21 12/18 19/6
thoughts [2] 19/1 20/11
three [1] 15/8
throughout [1] 3/18
thus [1] 13/1
times [2] 1/15 5/8
timing [2] 15/2 19/20
today [6] 5/9 7/9 12/20 17/24 18/25 21/8
today's [2] 2/10 2/20
together [1] 14/19
too is [1] 18/8
Tower [1] 1/15
transaction [1] 9/1
transcript [2] 1/8 22/4
transferred [1] 8/13
true [1] 22/4
try [1] 15/11
Tuesday [12] 7/20 16/24 17/2 17/8 17/13 17/25 19/25 20/2 20/10 20/25 21/5 21/20
turn [1] 2/14
turnaround [1] 7/10
two [13] 2/17 3/4 8/18 10/15 13/2 13/7 13/9 13/15 14/8 14/13 14/15 17/12 19/18
type [1] 19/22
types [1] 20/4
typically [1] 6/21

U

U.S [1] 1/22
under [7] 2/9 5/6 8/23 9/5 12/10 13/8 13/18
underlying [2] 3/9 8/20
UNGVARSKY [3] 1/19 1/19 2/5
UNITED [2] 1/1 1/9
University [1] 1/12
unprecedented [1] 3/11
up [7] 9/13 10/3 10/10 15/7 15/21 19/22 19/25
upon [1] 18/4
useful [1] 5/16

V

VA [1] 1/20
various [1] 20/4
vehicle [1] 7/16
VERGOW [2] 1/16 2/5
versus [1] 2/3
view [2] 4/6 8/15
views [3] 7/4 10/13 16/3
violated [1] 4/24
virtue [1] 13/2

W

waiver [2] 6/24 19/12
waiving [1] 19/7
wants [1] 15/17
Washington [2] 1/4 1/18
way [6] 5/4 8/3 10/14 11/19 15/25 18/16
ways [1] 15/11
week [1] 6/5
weekend [4] 3/18 6/5 16/12 16/13
weeks [1] 8/7
Western [1] 1/22
what's [3] 14/10 14/11 14/13
wheel [2] 9/11 14/16
whenever [1] 8/7
WILLIAM [2] 1/5 2/3
wishes [2] 6/3 7/21
within [1] 18/10
work [4] 3/18 17/2 20/16 20/19
working [1] 17/20
world [1] 16/6
wrong [2] 4/16 13/13

Y

year [1] 6/10
Yesterday [1] 2/17
York [1] 1/15

Z

ZOHRA [2] 1/11 2/4