UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA M. MONTGOMERY,<br>    *Plaintiff*,<br>v.<br>JEFFREY A. ROSEN, *et al.*,<br>    *Defendants*. | Civil Action No. 20-3261 (RDM) |

**DEFENDANTS' MOTION TO STAY
<u>ORDER AND VACATUR PENDING APPEAL</u>**

  Pursuant to Federal Rule of Civil Procedure 62(d) and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants respectfully move for a stay pending appeal of this Court's December 24, 2020, Order, Dkt. 47, granting partial summary judgment on Montgomery's claim that Defendants violated 28 C.F.R. §§ 26.3 and 26.4 and vacating the Director of the Bureau of Prisons' decision setting January 12, 2021, as Montgomery's execution date, as well as this Court's December 26, 2020, Order, Dkt. 48, granting partial final judgment on that claim. Because the date designated for execution is just over two weeks away, Defendants intend to move the Court of Appeals for a stay no later than the morning of Tuesday, December 29.

  Defendants recognize that the Court has considered and rejected arguments they present in this motion. But Federal Rule of Appellate Procedure 8(a)(1) requires Defendants to first move in this Court for a stay of the orders pending appeal before seeking a stay in the Court of Appeals. Accordingly, for the reasons stated below and in more detail in Defendants' opposition to Montgomery's motion for partial summary judgment, Dkt. 37, Defendants respectfully request that the Court stay the orders pending appeal.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 62(d) authorizes a district court to stay vacatur of an agency action pending appeal. *N.A.A.C.P. v. Trump*, 321 F.Supp.3d 143, 149 (D.D.C. 2018). The Court considers the same four factors it considers in deciding a motion for preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### I. DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS

Defendants are likely to succeed in their appeal. Defendants fully complied with § 26.3 in setting Montgomery's execution date. Section 26.3 imposes a duty on the Director to "promptly" designate a new execution date upon expiration of a stay "[i]f the date designated for execution passes by reason of a stay of execution," but does not prohibit the Director from designating a new date before a stay expires. And the condition precedent that triggers this duty—that "the date designated for execution passes by reason of a stay of execution"—never occurred here, as the Director designated a new date for execution before the prior date passed. At the very least, Defendants' interpretation of § 26.3 is reasonable and warrants deference. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2416 (2019). Moreover, because Montgomery seeks to bar her execution, she must satisfy the requirements for injunctive relief, which she fails to do.

### II. THE BALANCE OF HARMS WEIGHS IN FAVOR OF ENTRY OF A STAY OF THE ORDERS

The balance of harms favors a stay of this Court's order. Montgomery received ample notice of her execution date and will not suffer irreparable harm from the bare procedural violation she alleges. On the other side of the ledger, the Supreme Court has repeatedly recognized the

Government and the victims' compelling interest in the timely enforcement of a death sentence. *See Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Ct. for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992); *see also Bucklew v. Precythe*, 139 S.Ct. 1112, 134 (2019) ("The people of Missouri, the surviving victims of [the condemned inmate's] crimes, and others like them deserve better. Even the principal dissent acknowledges that the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive." (citation omitted)). Montgomery does not challenge her conviction or sentence and has no equitable interest in enjoying a windfall from Defendants' rescheduling of her execution to a date permitted by this Court's prior injunction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay its Orders of December 24 and 26, 2020, pending Defendants' appeal of those Orders.

Dated:   December 28, 2020

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

JEFFREY RAY
Deputy United States Attorney
Western District of Missouri

BRIAN P. CASEY
Chief, Appellate Division
Western District of Missouri

*/s/ Alan T. Simpson*
ALAN T. SIMPSON, Missouri Bar #65183
J. BENTON HURST, D.D.C. Bar #MO009
DAVID WAGNER
Assistant United States Attorney
Western District of Missouri
Special Assistant United States Attorney
District of Columbia

– and –

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL F. VAN HORN
Chief, Civil Division
District of Columbia

*/s/ Johnny Walker*
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2020, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ *Alan T. Simpson*
Assistant United States Attorney