UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03261-RDM |
| | ) |
| JEFFREY A. ROSEN, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STAY ORDER AND VACATUR PENDING APPEAL**

Following briefing and oral argument, this Court properly determined that Defendants unlawfully set an execution date while a stay was in effect in violation of 28 C.F.R. § 26.3(a), and that, accordingly, Defendants' designation of a January 12, 2021 execution date must be set aside as "not in accordance with law," 5 U.S.C. § 706(2)(A), and "without observance of procedure required by law," *id.* § 706(2)(D).  *See* Order, Dkt. 47.  Defendants now move for a stay of this Court's Order pending appeal.  Dkt. 51.  Because Defendants are not entitled to a stay pending appeal, their motion should be denied.  Indeed, given that January 12, 2021 is fast approaching, granting Defendants' requested stay pending appeal would raise a substantial and unacceptable risk that Plaintiff will be executed in violation of federal law before appellate review of this Court's order has concluded.

**ARGUMENT**

Defendants plainly fail to meet the "stringent requirements for a stay pending appeal." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Commission*, 904 F.3d 1014, 1016 (D.C. Cir. 2018) (denying motion for a stay pending appeal of a district court's order vacating agency action).  Courts consider four factors in determining whether a stay pending appeal is

appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  This same standard generally governs both a district court's power to stay an order pending appeal under Federal Rule of Civil Procedure 62(c), and an appellate court's power to do the same under Federal Rule of Appellate Procedure 8(a).  *See Hilton*, 481 U.S. at 776.  The party requesting a stay has the burden of showing that a stay is warranted.  *Nken*, 556 U.S. at 433-34.

I.   **DEFENDANTS ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THEIR APPEAL.**

For the reasons explained in its Memorandum Opinion, this Court correctly held that Plaintiff is entitled to partial summary judgment on Count I of her supplemental complaint because Defendants failed to comply with 28 C.F.R. § 26.3(a) in designating a January 12, 2021 execution date.  *See* Dkt. 47.  The Court also correctly held that because Defendants' order was "not in accordance with law," 5 U.S.C. § 706(2)(A), and "without observance of procedure required by law," *id.* § 706(2)(D), vacatur—the "normal remedy" for a violation of the Administrative Procedure Act—is appropriate, *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014); *see* Dkt. 47 at 10-12.

Because Plaintiff is entitled to final judgment on the merits of her APA claim, Defendants cannot demonstrate that they are likely to succeed on the merits of their appeal. Defendants' action was contrary to the plain text of 28 C.F.R. § 26.3(a), as well as at odds with the logic, context, and purpose of that provision.  And for the reasons explained in this Court's

decision, Defendants' implausible reading of the regulation is not saved by resort to *Auer* deference.  Dkt. 47 at 22-25.

## II.     THE BALANCE OF FACTORS DO NOT FAVOR A STAY.

Nor do the remaining factors favor staying this Court's Order.  Defendants do not—and cannot—contend they will suffer irreparable injury absent a stay of this Court's decision.  *See* Dkt. 51 at 2-3.  This Court's decision does not prevent Defendants from promptly designating an execution date for Mrs. Montgomery; rather, it requires only that Defendants wait until the expiration of this Court's stay of execution to designate a new date—just as federal regulations require.  Following federal regulations does not undermine the Government's interest in timely enforcement of a death sentence.  By requiring the Director of the Bureau of Prisons to "promptly" designate a new date when it passes by a reason of a stay, but specifying that the Director may only designate that new date "when the stay is lifted," 28 C.F.R. §26.3(a)(1), federal regulations strike the appropriate balance between the Government's interest in timely enforcement and the need for "orderly implementation of death sentences," 57 Fed. Reg. 56, 536, 56,536 (Nov. 30, 1992).  And there is plainly "no public interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

By contrast, Plaintiff would suffer substantial injury if this Court's order is stayed pending appeal.  As this Court has explained, Plaintiff will suffer "obvious" prejudice if Defendants are permitted to go forward with the unlawful January 12, 2021 execution date. Dkt. 47 at 26.  Absent vacatur, the Director's order "diminishe[s] the time that [Montgomery] has 'to seek legal relief from her death sentence,' including through the clemency process," *id.* (quoting Dkt. 35 at 19), and deprives Montgomery of time to "prepare, mentally and spiritually, for [her] death," *Ford v. Wainwright*, 477 U.S. 399, 421 (1986) (Powell, J. concurring)).

## CONCLUSION

Defendants' motion for a stay pending appeal should be denied.

DATED:      December 28, 2020

Respectfully Submitted,


 /s/ Sandra L. Babcock


Sandra L. Babcock
Clinical Professor,
International Human Rights Clinic
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690

Edward J. Ungvarsky
Ungvarsky Law, PLLC
D.C. Bar No. 459034
114 North Alfred Street
Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084
ed@ungvarskylaw.com

Meaghan VerGow
O'Melveny & Myers LLP
D.C. Bar No. 977165
1625 Eye Street, N.W.
Washington, DC 20006
mvergow@omm.com
202.383.5504

Alec Schierenbeck
O'Melveny & Myers LLP
N.Y. Bar No. 5391008
7 Times Square
New York, NY 10036
aschierenbeck@omm.com
212.728.5837