UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA MARIE MONTGOMERY,

    *Plaintiff*,

v.

JEFFREY A. ROSEN *et al.*,

    *Defendants*.

Civil Action No. 20-3261 (RDM)

## ORDER

Defendants seek a stay of the Court's December 24, 2020 order granting partial summary judgment in favor of Plaintiff on Count I of her supplemental complaint and vacating her January 12, 2021 execution date, Dkt. 47, and of the Court's December 26, 2020 order entering partial final judgment in Plaintiff's favor, Dkt. 48.  As Defendants correctly observe, that request for preliminary relief is governed by the four-factor test set forth in *Hilton v Braunskill*, 481 U.S. 770, 776 (1987).  Under the *Hilton* test, the Court must consider: "(1) whether the stay applicant[s] ha[ve] made a strong showing that [they are] likely to succeed on the merits; (2) whether the applicant[s] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.*

With respect to the first factor, the Court has already concluded that Plaintiff's claim to relief under Count I of her supplemental complaint is meritorious.  It follows that Defendants have not made a showing that they are likely to succeed on the merits, much less the required "strong showing" of a likelihood of success.  *Id.*

With respect to the second factor, Defendants contend that Plaintiff "will not suffer irreparable harm from the bare procedural violation she alleges." Dkt. 51 at 2. That, however, misunderstands the governing test, which does not turn on whether Plaintiff will suffer an irreparable harm but on whether Defendants, as the parties seeking to stay the Court's judgment, will suffer such a harm absent extraordinary relief. *Hilton*, 481 U.S. at 776 (considering whether the *applicant* for a stay will be irreparably harmed); *see also Doe 1 v. Trump*, No. 17-5267, 2017 WL 6553389, at *2 (D.C. Cir. Dec. 22, 2017) (per curiam) (discussing the stay applicants' failure to demonstrate irreparable harm). Beyond arguing that Plaintiff will suffer no irreparable harm, Defendants say nothing about the irreparable injury factor and thus fail to carry their burden on this prong of the test.

With respect to the third and fourth factors, Defendants contend that the failure to grant a stay will cause substantial harm to the public and to the interests of justice. In support of that contention, Defendants point to decisions from the Supreme Court recognizing that "the long delays that now typically occur between the time an offender is sentenced to death and his execution are excessive" and unjustified. Dkt. 51 at 3 (citing *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998); *Gomez v. U.S. Dist. Ct. for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992)). Here, however, the difference between proceeding with the execution on January 12, 2021 and complying with the Court's decision would require only a short delay—a little over a week, if Defendants were to issue a notice on December 31, 2020 resetting the execution for twenty days hence, as permitted by the Court's order.[1] Nor is this a case in which Plaintiff has engaged in endless rounds of litigation; her first

---

[1] Although the presidential transition will take place partway through the first day when Defendants would be able to reschedule Plaintiff's execution, Defendants do not rely on this

round of collateral review became final only earlier this year. Dkt. 12 at 10. Finally, the public has a substantial interest in ensuring that the death penalty is carried out in accordance with the law—the government must turn square corners even when, as here, the rule at issue is a procedural one.

For the foregoing reasons, the Court concludes that Defendants have failed to carry their burden under *Hilton* and, accordingly, **DENIES** their motion for a stay of the Court's order and judgment.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 28, 2020

---

fact—and rightfully so, as possible changes that might come with a presidential transition are not a matter for the courts.