**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LISA MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-03261-RDM** |
| | ) | |
| **JEFFREY ROSEN, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR STAY OF EXECUTION PENDING APPEAL

Plaintiff Lisa Montgomery respectfully moves for a stay of execution pending appeal of this Court's January 8, 2021 Order and Memorandum Opinion (Dkts. 61 and 62), denying Mrs. Montgomery's motion for partial summary judgment on her claim that Defendants violated the Administrative Procedure Act ("APA") by failing to comply with Missouri's scheduling requirements, as incorporated by the Federal Death Penalty Act ("FDPA"), treating Defendants' opposition as a cross-motion for partial summary judgment, and entering partial final judgment on that claim in favor of Defendants under Federal Rule of Civil Procedure 54(b).

Because Mrs. Montgomery's execution date is designated for January 12, 2021, just four days from now, Mrs. Montgomery intends to move the Court of Appeals for a stay of execution pending appeal no later than Saturday, January 9. Mrs. Montgomery acknowledges that the Court has considered and rejected the arguments she presents in this motion, so she only briefly recites them here and would welcome the Court's summary disposition of this motion.

## ARGUMENT AND AUTHORITIES

In determining whether to grant a stay of execution, courts consider four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation omitted).

Each factor favors granting a stay of execution here. Mrs. Montgomery is likely to succeed in her appeal because Defendants concededly did not follow Missouri law's scheduling requirements in designating the January 12, 2021 execution date, and those requirements are "positive law" that is binding on Defendants under the FDPA. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 130 (D.C. Cir. 2020) (Rao, J., concurring); *see also* 18 U.S.C. § 3596. Mrs. Montgomery will also suffer irreparable harm absent a stay. She will be denied critical time in which she is entitled to seek legal relief from her death sentence, including through the clemency process, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5361, slip op. at 4 (Dec. 10, 2020) (Wilkins, J., dissenting), as well as "valu[able]" time afforded to her by law to "prepare, mentally and spiritually, for [her] death," *Ford v. Wainwright*, 477 U.S. 399, 421 (1986) (Powell, J., concurring). Finally, the balance of equities and public interest favor a stay: "[T]here is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations," *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (quotation omitted), and Defendants can simply reschedule the execution for a later date that complies with federal law.

## CONCLUSION

For the foregoing reasons, Mrs. Montgomery respectfully requests that this Court enter a stay of execution pending appeal.

DATED: January 8, 2021

Respectfully Submitted,

/s/ Alec Schierenbeck
Alec Schierenbeck
O'Melveny & Myers LLP
N.Y. Bar No. 5391008
7 Times Square
New York, NY 10036
212.728.5837
aschierenbeck@omm.com

Meaghan VerGow
O'Melveny & Myers LLP
D.C. Bar No. 977165
1625 Eye Street, N.W.
Washington, DC 20006
202.383.5504
mvergow@omm.com

Sandra L. Babcock
Clinical Professor, International Human Rights Clinic
157 Hughes Hall
Cornell Law School
Ithaca, NY 14853-4901
312.823.2330
Slb348@cornell.edu

Joseph Margulies
Professor of the Practice of Law and Government
Cornell University
Ithaca, NY 14853
607.216.2289

Zohra Ahmed
Clinical Teaching Fellow
Cornell Law School
Ithaca, NY 14853
415.260.9690

Edward J. Ungvarsky
Ungvarsky Law, PLLC
D.C. Bar No. 459034
114 North Alfred Street

Alexandria, VA 22314
Office: 571.207.9710
Cellular: 202.409.2084
ed@ungvarskylaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Alec Schierenbeck